

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.    CR. No. 05-10078-NMG

DARRYL DOWDELL

## MOTION TO DISMISS

Now comes the Defendant, Darryl Dowdell, and moves for dismissal of the above-captioned Indictment returned against him on March 23, 2005.

AND FOR REASON THEREFORE, the Defendant says that said Indictment and the charges pending against him in this Court in every way violate the spirit of the Speedy Trial Act and consequently should be dismissed.

AND FOR FURTHER REASON THEREFORE, the Defendant says that he has been held in State custody from on or about April, 2002 and transferred to Federal custody on or about December 3, 2004 where he remains held, all in connection with the subject matter which is the basis for this Indictment and that the transfer of this matter from State to Federal jurisdiction was accomplished in order to punish Defendant unfairly for his refusal to testify against himself, in violation of the Constitution of the

United States, all as is more fully set out in Defendant's sworn and personally handwritten, but unsigned, Affidavit, received by counsel for Defendant on July 7, 2005, attached hereto as Exhibit "A".

Respectfully submitted,
DARRYL DOWDELL

By his attorney,

_____
Robert Y. Murray
RAMSEY & MURRAY
225 Friend Street
Boston, MA  02114
(617)723-8100

Dated:  July 7, 2005

## CERTIFICATE OF SERVICE

I, Robert Y. Murray, hereby certify that I have served a copy of Defendant's Motion to Dismiss and attached Affidavit of Darryl Dowdell, upon the Government by mailing a copy thereof, postage prepaid, to Donald L. Cabell, Assistant U.S. Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Boston, MA  02210 this 7th day of July, 2005.

_____
Robert Y. Murray

Exhibit "A"

I, Darryl Dowdell, Defendant in the above-captioned matter, on oath do affirm and say:

1. I am the Defendant in the above-captioned matter.

2. The above-captioned indictment charges me with possession with intent to distribute and distribution of cocaine on or about July 16, 2001.

3. Said indictment charges the identical conduct which is the subject matter of an indictment returned to the Suffolk Superior Court on March 25, 2002, for which I was held in state custody from March 25, 2002 until I was transferred back to Federal Custody upon the nolle prosse of the state indictment and my subsequent indictment on these matters in this court.

4. On January 27, 2004, I spoke to my state attorney Bruce Carroll on the phone and Attorney Carroll informed me that the Suffolk County District Attorney's Office needs me to testify in two shooting cases and that if I cooperate with the DA's Office they will resolve my pending drug case in Superior Court.

5. On March 15, 2004, I appeared in Boston Municipal Court to answer to my drug case. ADA Terrance Reidy and Boston Police Detectives Jay Green and Dan Downing came to see me. ADA Reidy told me that if I do not cooperate with the officers and tell that Alligrow "Pee-Wee" Edmonds shot me in the face and stomach he will have the feds take my case.

6. On March 23, 2004, I was called to testify before the grand jury. I informed ADA Reidy that I was willing to testify on both shooting cases but I did not see the shooter's face when I got shot. ADA Reidy then stated to me "if you blow my case I am gonna get your drug case sent back to the feds."

8. My sixth amendment right to a speedy trial has been violated. The length of the delay in my case has been three years. I further state that I believe the reason for the delay is because the United States Attorney's Office did not want to prosecute my case. In or about January 2002 the United States Attorney's Office referred my case to the Suffolk County District Attorney's Office for prosecution the case remained in the state Court until December 17, 2004, when the case was nolle pros by the District Attorney's office. I believe the reason why the United States Attorney's Office is prosecuting my case is because I did not testify and cooperate with the Suffolk County District Attorney's Office. In Support see Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972). Also see Doggett v. United States, 505 U.S. 647, 652 n.1, 112 S.Ct. 2686, 120 L.Ed. 2d 520 (1992), and Dickey v. Florida, 398 U.S. 30, 38, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970).

9. On or about May 28, 2002, I informed my state attorney Bruce Carroll that I wanted a speedy trial on the case that is now before this Court. Attorney Carroll then stated to me "you will get a speedy trial".

10. On or about July 8, 2003, I asked Attorney Carroll when am I going to get a trial date for the drug case. Attorney Carroll stated to me "don't worry we'll get a date soon".

11. I have been ~~preseript~~ prejudice by the delay in my case.
  1. oppressive pretrial incarceration
  2. anxiety and concern about the case. The case has been pending for over 3yrs. and I do not know what's going on or when I am getting out.
  3. I have lost contact with two witnesses who could have testified that I wa with them at Stop and Shop picking up items for a cookout at the time the alleged transaction went down. I informed my state attorney of this. The names