UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10078-NMG |
| ) | |
| DARRYL DOWDELL ) | |
| Defendant ) | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

   The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby moves for leave to file its opposition to the defendant's motion to dismiss. The government completed the opposition timely but did not realize until reviewing the docket that the electronic filing was unsuccessful. Assuming the Court is inclined to grant leave, the government's opposition is attached to the motion for leave.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:

                                    /s/Donald L. Cabell
                                    DONALD L. CABELL
                                    Assistant U.S. Attorney

```
                     UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
           v.                  )    CRIMINAL NO. 05-10078-NMG
                               )
DARRYL DOWDELL                 )
           Defendant           )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Donald L. Cabell, hereby opposes the defendant's motion to dismiss the indictment. The defendant argues that, because he was originally indicted in the state court on charges arising from the same incident, the Speedy Trial Act (STA) clock should be deemed to start as of then, that is, March 25, 2002, rather than when he had his initial appearance in the federal case, on March 15, 2005. Further in support of the motion, the defendant argues that the federal prosecution is in essence nothing more than punishment for his failure to cooperate with the state in a separate investigation of an unrelated shooting. Th defendant's argument fails as a matter of law.

First, even assuming the defendant's factual allegations were true, which the Commonwealth and United States both vehemently dispute, it is settled law that the STA clock begins with the defendant's initial appearance in the federal case, regardless of whether the defendant previously was charged, tried

and/or convicted or acquitted of the same charges in state court. See United States v. Marler, 756 F.2d 206, 212-213 (1st Cir. 1985) (right to speedy trial not implicated until federal indictment returned over two years after defendant was convicted in state court on charges arising from the same incident); United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995) (defendant was arrested on state charges in November 1990 but "the Speedy Trial Act was not implicated until the issuance of the federal indictment in August 1993"); United States v. Shahryar, 719 F.2d 1522, 1525, (11th Cir. 1983)("if one is held by state officers on a state charge and subsequently is turned over to federal authorities for federal prosecution, the starting date for purposes of the Act is the date that the defendant is delivered into federal custody").

And to the extent the defendant is heard to allege more generally that the indictment should be dismissed because the federal prosecution is punishment for his failure to cooperate with the state, that claim fails fast as well.  See United States v. Stokes, 124 F.3d 39, 45 (1st Cir. 1997) (government's decision to refrain from initiating federal prosecution pending outcome of a parallel state prosecution falls under breadth of prosecutorial discretion); United States v. Bassford, 812 F.2d 16, 22 (fact that federal prosecution was pursued in part because federal law upgraded the crime to a felony is permissible); United States v.

2

Williams, 47 F.3d 658, 662 (4th Cir. 1995)(state prosecutor's threats of federal prosecution if defendant refused to plead guilty and cooperate with police was permissible in the pretrial setting because the defendant was free to refuse the government's demand); United States v. Long, 823 F.2d 1209, 1211 (7th Cir. 1987)(more severe charges filed against defendant did not have to be dismissed for prosecutorial vindictiveness because defendant had no "protected right" in refusing to cooperate with police); United States v. Oliver, 787 F.2d 124, (3rd Cir. 1986)(no prosecutorial vindictiveness when federal charges were brought against defendant who was aware of the consequence of his choice not to cooperate with local authorities).

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:

          /s/Donald L. Cabell
          DONALD L. CABELL
          Assistant U.S. Attorney