UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CR.No. 05-10078-NMG |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| DARRYL DOWDELL | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |


**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW DEFENDANT DARRYL DOWDELL by and through his attorney of record and moves this Honorable Court to dismiss the present action as a violation of due process under Articles V and VI of the United States Constitution and in violation of 18 U.S.C. §3161.

**FACTS**

A review of Agent Monteiro's DEA-6 of July 17, 2001, as well as the state and federal court files, demonstrate the following:

1.  On **July 17, 2001** Task Force Agent Monteiro, who at all times relevant hereto was assigned to the Drug Enforcement Agency, executed a controlled buy from Mr. Darryl Dowdell and Mr. Robert Sampson on **July 16, 2001** as part of his investigation of the Whittier Street Housing Development.  See Agent Monteiro's affidavit in support of federal complaint at ¶'s 4 & 7.

2.    Mr. Dowdell was not arrested at the time of the purported illegal activity.

3.    The purported illicit substance was sent to a DEA laboratory in New York for testing. <u>See</u> Agent Monteiro's affidavit at ¶ 8.

4.    **On March 25, 2002,** eight months after the purported controlled purchase, Mr. Dowdell was indicted in Suffolk Superior Court, docket number 02-10281 for the alleged controlled buy of July 16, 2001.

5.    On **April 3, 2002,** Mr. Dowdell was arraigned in Suffolk Superior Court on docket number 02-10281. <u>See</u> attached docket.

6.    On **October 21, 2003,** Mr. Dowdell's bail on docket number 02-10281 was revoked by the Boston Municipal Court and was he was held without bail. <u>See</u> the relevant portion of the  Boston Municipal Court docket attached hereto.

7.    On **November 17, 2004,** a federal complaint and an arrest warrant issued in the District of Massachusetts for Mr. Dowdell for the same purported offense of July 16, 2001.

8.    On **December 17, 2004** the state authorities *nolle prosequi* the state action.  The state docket refers to a federal prosecution. <u>See</u> state docket attached hereto.

9.   On **February 9, 2005** Mr. Dowdell filed a motion for a speedy trial with the Federal Court.

10.  On **March 14, 2005,** the government filed a motion for a writ of habeas corpus *ad prosequendum* as to Mr. Dowdell.

11.  On **March 22, 2005** Mr. Dowdell was brought into federal court and arraigned on the federal complaint.

12.  On **March 23, 2005,** some four and 1/2 years after the offense was allegedly committed and the **federal** investigation and some four months after the federal complaint issued against Mr. Dowdell, a federal indictment was returned.

## ARGUMENT

### I.   Fifth Amendment Due Process

A review of the documents on file and the evidence in this case indicates that this matter arose out of a federal investigation and not a state investigation as previously asserted by the United States government. Mr. Dowdell's case is not only a federal offense, but one that was investigated by federal agents and whose evidence was analyzed by federal drug laboratories outside of the Commonwealth of Massachusetts. Furthermore, the agent was wearing a wire. Under M.G.L. ch. 272 §99, the officer would be allowed to do so only upon a showing that the decision to intercept was based upon reasonable suspicion that the intercept

3

would disclose or lead to evidence of a "designated offense" in connection with organized crime[1].  The requisite organized crime nexus is non-existent in Mr. Dowdell's case.  The warrantless interception, the DEA-6 reports filed, the out of state facilities used to analyze the evidence and the agent holding himself out to be a DEA agent are supportive of a federal investigation.  The federal investigation was left to the state for prosecution and for an unknown reason and was chosen for federal prosecution some 40 months after the purported offense was committed. See affidavit of Michael C. Bourbeau attached hereto. The lengthy pre-indictment delay, due to the government's own actions and inactions, rises to the level of Mr. Dowdell's denial of due process.

Mr. Dowdell's matter meets the requirements of the established two prong test for determining that his due process rights were violated.  The delay has caused him actual prejudice and that delay, when balanced against the government's reasons for the delay, offends our "fundamental notions of justice which lie at the base of our civil and political institutions". See U.S. v. Valentine, 783 F.2d 1413, 1416 (9th Cir. 1986).

In previous filings with the Court, Mr. Dowdell, through an affidavit, represented that the federal prosecution was

---

[1]  Organized crime has been defined as "a continuing conspiracy among highly organized and disciplined groups to engage in supplying illegal goods and services." G. L. c. 272, § 99(A), as inserted by St. 1968, c. 738, § 1. See Commonwealth v. D'Amour, 428 Mass. 725, 735, 704 N.E.2d 1166 (1999).

threatened by the state government as an inducement to get him to testify against another individual. Whether or not this is true, it is subjectively felt by Mr. Dowdell, per his affidavit, to have occurred, and some eight months after Mr. Dowdell failed to testify at the grand jury, in the manner expected by the state, concerning an incident where he was a victim, a federal complaint issued against him. The federal complaint could certainly have issued when the purported offense allegedly occurred and this matter could and should have been charged at its inception in federal court. The matter, for unexplained reasons, was chosen not to be prosecuted federally but left to the state. That is not to say that all federal prosecutions must be prosecuted in state court, but once a particular path is chosen, a defendant's procedural due process rights come into play. A case must not be delayed for over three years following initial state charges thereon to allow for the federal government to pursue the same charges in federal court. Procedural due process requires more fundamental protection.

The Due Process Clause of the Fifth Amendment warrants, if not mandates, a dismissal in this case. As a result of the shuffling between federal, state and back to federal it appears that 2 DEA-6 reports have been misplaced or lost, i.e., Agent Hartley's 2 page report of 7/19/01 and Agent Monteiro's 5 page report of 7/9/01; state grand jury transcript dated 3/19/02, Boston police booking forms and two photographs. All of the named items purportedly existed on May 1, 2002. See attached letters and notice of

discovery on file in the state docket.  In addition to missing reports and evidence, Mr.  Dowdell's state records indicate that his bail was revoked on October 21, 2003 and he was detained on this and other matters.  See attached Boston Municipal Court docket # 0301CR4433.  During this incarceration period, Mr. Dowdell has lost contact with potential witnesses which hinders his ability to mount a defense.  The unexplained delay is inexcusable and offends all sense of fairness and justice.

## II.  Sixth Amendment Due Process Speedy Trial Right

The sixth amendment to the U.S. Constitution guarantees criminal defendants the right to a speedy trial.  The speedy trial guarantee is not an inflexible standard.  The  Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972) considered the sixth amendment speedy trial guarantee and mandated the use of an *ad hoc* balancing test in which the length of the delay, the reason for the delay, the accused's assertion of his right, and the prejudice to the accused resulting from the delay, along with other relevant circumstances were to be taken into account.  No single factor was to be regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial ... These factors have no talismanic qualities; courts must ... engage in a difficult and sensitive balancing process."  *Id*. at 553.

On November 17, 2004 a federal complaint and an arrest warrant issued against Mr. Dowdell.  As a result, on December 17, 2004 the state of Massachusetts *nolle prosequi* to the Federal complaint.

6

See attached copy of state docket # SUCR2002-10281.  The federal government took no further action after the complaint and warrant issued purportedly because, according to the government,  Mr. Dowdell was serving a state sentence.  However, there is still prejudice because the mere fact that Mr. Dowdell had a detainer lodged against him has affected his inmate classification status. The detainer affects the inmate as he does not receive the benefits of those who have all of their legal matters cleared.

Mr. Dowdell filed a motion for speedy trial on February 9, 2005.  He was not brought into federal court until March 22, 2005. As a matter of due process, Mr. Dowdell's speedy trial rights should run from the moment the state closed his file in deference to the federal prosecution.  The  dismissal by the state, in acknowledgment of the federal prosecution, acted as if a summons had been served upon Mr. Dowdell.  This notification of a federal action was a "summons" which caused Mr. Dowdell to request to be brought forth to federal court.  Thirty four additional days passed before the federal government requested a habeas for Mr. Dowdell's appearance in federal court.

Mr. Dowdell did everything he could have done to perfect his due process rights, but they were thwarted by the government.  Once he had notice of the federal prosecution, he acted by notifying the government of his desire to exercise his speedy trial rights and the government delayed in bringing him before the Federal court. Once again, the government's delay is inexplicable and inexcusable.

III. <u>Violation of 18 U.S.C. § 3161(b)</u>.

In that the notification of the federal complaint by way of the state *nolle prosequi* operated as a "summons," to wit a notice that he must appear in federal court because the federal government has acquired jurisdiction over him,  see F.R.Cr.P. Rule 4, under 18 U.S.C. § 3161(b) the government had only 30 days for filing an indictment from the "date on which such individual was arrested **or served with a summons** in connection with such charges," *emphasis added.*  The *nolle prosequi* occurred on December 17, 2004 and he was not indicted until March 23, 2005, over 3 months following notification of federal jurisdiction of the charges and 43 days following Mr. Dowdell's request for speedy trial.

The government may argue that any delay resulting from transfer or removal from another district may be excusable, see e.g. 18 U.S.C. § 3161(h)(G) and (H). However, as 18 U.S.C. § 3161(h)(H) makes clear, any period in excess of ten days caused by such delay is "presumed to be unreasonable."

Considerably more than 30 days expired between the notification to Mr. Dowdell of federal jurisdiction over the matter, inclusive of any reasonable period of excusable delay, and the filing of the indictment.  In fact, more than 30 days expired following Mr. Dowdell's request for speedy trial.  The indictment must, therefore, be dismissed as it is in violation of 18 U.S.C. § 3161(b).

**CONCLUSION**

Wherefore, for each of the foregoing reasons, Mr. Dowdell, through counsel respectfully moves this Honorable Court to dismiss the within indictment in the interest of justice.


Date: June 30, 2006                 Respectfully, Submitted:

                                    BOURBEAU & BONILLA


                                    *S/Victoria M. Bonilla*

                                    VICTORIA M. BONILLA, BBO # 558750
                                    77 Central Street, 2nd Floor
                                    Boston, MA 02109
                                    (617) 350-6868

                                    Attorney for Defendant

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.        *S/ Victoria M. Bonilla*

### AFFIDAVIT

I, Joao J. Monteiro, having been duly sworn, hereby depose and state:

1.  I am a police officer with the Boston Housing Authority, and have been so employed for approximately 9 years.  I am presently a Task Force Officer assigned to the Drug Enforcement Agency and have occupied this position for approximately 8 years. As a Task Force Officer, I am responsible for investigating violations of state and federal controlled substances laws in and around the city of Boston.  As a result of my experience, I have been involved in numerous investigations relating to narcotics.

2.  The statements contained in this affidavit are based on my own investigation and on information provided to me by other law enforcement authorities.

3.  I make this affidavit in support of a criminal complaint charging an individual named Darryl DOWDELL, born in 1978 ("DOWDELL"), with distribution of cocaine base, a/k/a crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

4.  As of July of 2001, I and other law enforcement officers were involved in an investigation into widespread drug dealing by various individuals at the Whittier Street Housing Development (the "Housing Development") in the Roxbury section of Boston.

5.  On July 16, 2001, I and other officers met to plan an

undercover purchase of crack cocaine at the Housing Development;
I was to make the purchase while other officers surveilled the
transaction.  I was fitted with a transmitting device to record
conversations.  In addition, an undercover vehicle was equipped
with a concealed video camera to capture the transaction and any
other activity.

6.    At some point during the afternoon on July 16, 2001, I
drove to the area of Ruggles, Whittier and Cabot Streets, which
are located near to the Housing Development.  I observed a group
of young male individuals gathered on the sidewalk in the
vicinity of Ruggles and Cabot Streets.  I recognized one of the
individuals from a previous drug transaction.  I was aware that
the man went by the street name "Smoke," and later learned that
his true name is Darryl DOWDELL.  I approached DOWDELL and asked
him for the whereabouts of an individual from whom I'd previously
purchased drugs in an undercover capacity.  DOWDELL directed me
to the vicinity of Dudley Square and I drove away.

7.    I returned shortly thereafter, though, and pulled up
again to DOWDELL, who was with three young men.  DOWDELL
approached the passenger side window of the vehicle and I
negotiated with him to purchase $200.00 worth of crack cocaine.
DOWDELL left the window and engaged in conversation with the
other men.  DOWDELL returned shortly thereafter and handed me six
(6) plastic bags of suspected crack cocaine.  I handed DOWDELL

2

$100.00 in cash and he instructed me to wait.  Moments later, one

of the men with DOWDELL, an individual later identified as Robert

Sampson, approached the vehicle with DOWDELL.  As Sampson leaned

into the vehicle through the passenger side window, DOWDELL

placed a plastic bag in Sampson's hand and Sampson in turn handed

me a total of six (6) plastic bags of suspected crack cocaine.  I

then handed Sampson $100.00 in cash.

    8.  After DOWDELL and Sampson walked away from the vehicle,

I returned to a prearranged location and subsequently secured the

suspected narcotics.  The drugs were sent to a DEA laboratory in

New York for testing.  On or about October 19, 2001, the

laboratory confirmed that the substance purchased from DOWDELL on

July 16, 2001 consisted in the aggregate of 2.1 grams of cocaine

base.

9.    Based on the foregoing, I submit there is probable cause to believe that on July 16, 2001, in Boston, Massachusetts, Darryl DOWDELL distributed a controlled substance, crack cocaine, in violation of 21 United States Code § 841(a).

I certify that the foregoing is true and correct. Executed at Boston, Massachusetts, this 17 day of November, 2004.

JOAO J. MONTEIRO
TASK FORCE AGENT, DEA

Subscribed and sworn before me this 17 day of November, 2004, in Boston, Massachusetts.

JOYCE LONDON ALEXANDER
United States Magistrate Judge

4



*The Commonwealth of Massachusetts*

Suffolk County District Attorney's Office
Daniel F. Conley, District Attorney

One Bulfinch Place
Boston, MA 02114-2997
Telephone: (617) 619-4000
Fax: (617) 619-4100

May 1, 2002

Bruce W. Carroll, Esq.
50 Beacon Street
Boston, MA 02108

RE: *Commonwealth v. Darryl Dowdell (SUCR No. 02-10281)*

Dear Attorney Carroll:

Under the Commonwealth's discovery obligations, I hereby serve you these documents:

1. DEA Report of TFA Monteiro dated 7/17/01 (4 pp.);
2. DEA Report of TFA Hartley dated 7/19/01 (2 pp.);
3. Grand Jury transcript dated 3/19/02, Re: Darryl Dowdell and Robert Sampson (10 pp.);
4. Drug analysis in CC-01-0137, of Exhibits #5 and #6, date completed 10/19/01 (2 pp.);
5. Boston Police Dept. Arrest Booking Form, Incident Number 010100544, booking date 7/16/01, 17:16 hours, report date 9/7/01, 12:47:33 hours (1 p.);
6. Boston Police Dept. Arrest Booking Form, Incident Number 970494468, booking date 9/20/97, 5:14 hours (1 p.);
7. Boston Police Dept. Mugshot Form, report date 7/16/99, 17:38:01 hours (1 p.);
8. Two photographs with number 97-02994-11 and name Darryl M. Dowdell (1 p.);
9. Boston Police Dept. Arrest Booking Form, Incident Number 010100544, booking date 7/16/01, 17:16 hours, report date 1/31/02, 12:16:56 hours (1 p.);
10. Boston Police Dept. Arrest Booking Form, Incident Number 010100544, booking date 7/16/01, 17:16 hours, report date 1/31/02, 12:11:30 hours (1 p.); and
11. Boston Police Dept. Mugshot Form, report date 1/31/02, 12:11:11 hours (1 p.).

The video and audio tapes referenced in the reports are in the Commonwealth's possession and are available for your review upon appointment; and copies will be made for you if you provide the undersigned with a blank audio and video tape.

If you do not find any of the above-named documents, please promptly contact the undersigned. The Commonwealth will disclose any further evidence in compliance with its continuing duties under Mass. R. Crim. P. 14(a)(4). Any questions, please give me a call: (617) 619-4340.

Very truly yours,

W. Matthew Iler, Jr.
Assistant District Attorney

Atts.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                      SUFFOLK SUPERIOR COURT
                                                 NO. 2002-10281

COMMONWEALTH

v.

DARRYL B. DOWDELL



---

COMMONWEALTH'S NOTICE OF DISCOVERY

---

Now comes the Commonwealth in this matter, and gives notice to this Honorable Court and to

the defendant that the following discovery has been provided to defense counsel in-hand, today:

1. U.S. Department of Justice, Drug Enforcement Administration, Report of Investigation of

   TFA Joao J. Monteiro, Dated 7/9/01 (5 pages).

The following evidence is available for inspection by appointment.

1. Two videotapes of undercover drug sales made by TFA Monteiro on 7/6/01.

A copy of the videotapes will be provided to defense counsel upon the receipt of two blank

videocassettes.

                                    Respectfully submitted
                                    FOR THE COMMONWEALTH,

                                    DANIEL CONLEY
                                    DISTRICT ATTORNEY

                                    Nancy L. Hathaway
                                    Assistant District Attorney
                                    BBO# 567213
                                    One Bulfinch Place
                                    Boston, MA  02114
                                    (617) 619-4183

September 2, 2003

CERTIFICATE OF SERVICE
I, Nancy L. Hathaway, hereby certify that a copy
of this notice was served upon counsel for the
defendant, in-hand, today.

Nancy L. Hathaway
Assistant District Attorney

# Commonwealth of Massachusetts
# SUFFOLK SUPERIOR COURT
# Case Summary
# Criminal Docket

## Commonwealth v Dowdell, Darryl B

Details for Docket: SUCR2002-10281

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCR2002-10281 | **Caption:** | Commonwealth v Dowde Darryl B |
| **Entry Date:** | 03/25/2002 | **Case Status:** | Criminal 1 Ctrm 704 |
| **Status Date:** | 12/17/2004 | **Session:** | Disposed |
| **Lead Case:** | NA | **Deadline Status:** | Deadline act |
| **Trial Deadline:** | 04/03/2002 | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: SUCR2002-10281

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Dowdell | **First Name:** | Darryl B |
| **Address:** | 293 Washington Street | **Address:** | |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02121 | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

5 Attorneys Involved for Docket: SUCR2002-10281

| **Attorney Involved:** | | **Firm Name:** | SUFF03 |
|---|---|---|---|
| **Last Name:** | Hathaway | **First Name:** | Nancy L |
| **Address:** | 1 Bulfinch Place | **Address:** | 3rd floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02114 | **Zip Ext:** | |
| **Telephone:** | 617-619-4000 | **Tel Ext:** | |
| **Fascimile:** | 617-619-4009 | **Representing:** | Commonwealth, (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Carroll | **First Name:** | Bruce W |
| **Address:** | 61-63 Chatham Street | **Address:** | 6th Floor |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02109 | **Zip Ext:** | |
| **Telephone:** | 617-720-1413 | **Tel Ext:** | |
| **Fascimile:** | 617-227-4767 | **Representing:** | Dowdell, Darryl B (Defendant) |

| **Attorney Involved:** | | **Firm Name:** | MA114 |
|---|---|---|---|
| **Last Name:** | Julian | **First Name:** | John M |
| **Address:** | ****JUSTICE**** | **Address:** | |
| **City:** | Edgartown | **State:** | MA |
| **Zip Code:** | 02539 | **Zip Ext:** | |
| **Telephone:** | | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Commonwealth, (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Iler Jr | **First Name:** | William M |
| **Address:** | PO Box 1005 | **Address:** | Back Bay Annex |
| **City:** | Boston | **State:** | MA |
| **Zip Code:** | 02117 | **Zip Ext:** | 2997 |
| **Telephone:** | 617-835-1626 | **Tel Ext:** | |
| **Fascimile:** | | **Representing:** | Commonwealth, (Plaintiff) |

| **Attorney Involved:** | | **Firm Name:** | |
|---|---|---|---|
| **Last Name:** | Kelly | **First Name:** | Arthur L |

| | | | | | |
|---|---|---|---|---|---|
| **Address:** | 580 Washington Street | | **Address:** | Suite 2B | |
| **City:** | Newton | | **State:** | MA | |
| **Zip Code:** | 02458 | | **Zip Ext:** | | |
| **Telephone:** | 617-969-6724 | | **Tel Ext:** | | |
| **Fascimile:** | 617-969-6321 | | **Representing:** | Dowdell, Darryl B (Defendant) | |

## Calendar Events

31 Calendar Events for Docket: SUCR2002-10281

| No. | Event Date: | Event Time: | Calendar Event: | SES: | Event Status: |
|---|---|---|---|---|---|
| 1 | 04/03/2002 | 09:30 | Arraignment | CM | Event held as scheduled |
| 2 | 05/01/2002 | 09:30 | Conference: Pre-Trial | CM | Event held as scheduled |
| 3 | 06/05/2002 | 09:30 | Conference: Pre-Trial | CM | Event held as scheduled |
| 4 | 07/10/2002 | 09:30 | Conference: Pre-Trial | CM | Event held as scheduled |
| 5 | 07/22/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 6 | 09/09/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 7 | 10/15/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 8 | 11/05/2002 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 9 | 12/04/2002 | 09:30 | Hearing: Appt Counsel | CM | Event held as scheduled |
| 10 | 01/10/2003 | 09:30 | Hearing: Appt Counsel | CM | Event held as scheduled |
| 11 | 02/07/2003 | 09:30 | Hearing: Appt Counsel | CM | Event held as scheduled |
| 12 | 03/12/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 13 | 04/17/2003 | 09:30 | Hearing: Evidentiary-suppression | CM | Event held as scheduled |
| 14 | 05/27/2003 | 09:30 | Hearing: Evidentiary-suppression | CM | Event held as scheduled |
| 15 | 06/20/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 16 | 07/25/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 17 | 09/02/2003 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 18 | 10/14/2003 | 09:30 | Status: Motion review/assignment | CM | Event canceled not re-scheduled |
| 19 | 10/15/2003 | 09:30 | Status: Motion review/assignment | CM | Event held as scheduled |
| 20 | 11/19/2003 | 09:30 | Status: Motion review/assignment | CM | Event held as scheduled |
| 21 | 12/05/2003 | 09:30 | Hearing: Misc Matters | CM | Event held as scheduled |
| 22 | 01/26/2004 | 09:30 | Conference: Status Review | 1 | Event not held--joint reques |
| 23 | 02/12/2004 | 09:30 | Conference: Status Review | 1 | Event not held--joint reques |
| 24 | 03/31/2004 | 09:30 | Conference: Status Review | 1 | Event not held--joint reques |
| 25 | 04/12/2004 | 09:30 | Hearing: Appt Counsel | 1 | Event held as scheduled |
| 26 | 08/02/2004 | 09:30 | Hearing: Appt Counsel | 1 | Event held as scheduled |

| 27 | 08/23/2004 | 09:30 | Conference: Status Review | CM | Event not held--req of Defendant |
| 28 | 09/28/2004 | 09:30 | Conference: Status Review | CM | Event held as scheduled |
| 29 | 11/18/2004 | 09:30 | Hearing: Non-eviden-Discovery | CM | Event held as scheduled |
| 30 | 12/03/2004 | 09:30 | Status: Motion review/assignment | CM | Event not held--joint reques |
| 31 | 12/17/2004 | 09:30 | Conference: Status Review | CM | Event held as scheduled |

## Full Docket Entries

87 Docket Entries for Docket: SUCR2002-10281

| Entry Date: | Paper No: | Docket Entry: |
| --- | --- | --- |
| 03/25/2002 | 1 | Indictment returned |
| 03/25/2002 | 2 | Motion by Commonwealth for arrest warrant to issue; filed & allowed |
| 03/25/2002 | 2 | (Merrick, J.) |
| 03/25/2002 | | Warrant on indictment issued |
| 03/25/2002 | | Warrant was entered onto the Warrant Management System May 25, 2002 |
| 04/03/2002 | | Defendant brought into court. Warrant recalled. |
| 04/03/2002 | | Committee for Public Counsel Services appointed (G. Gonzalez - |
| 04/03/2002 | | arraignment only). |
| 04/03/2002 | | Appointment of Counsel Bruce W Carroll - case-in-chief. |
| 04/03/2002 | | Deft arraigned before Court |
| 04/03/2002 | | Deft waives reading of indictment |
| 04/03/2002 | | RE Offense 1:Plea of not guilty |
| 04/03/2002 | | RE Offense 2:Plea of not guilty |
| 04/03/2002 | | RE Offense 3:Plea of not guilty |
| 04/03/2002 | | RE Offense 4:Plea of not guilty |
| 04/03/2002 | | Deft notified of right to request drug exam |
| 04/03/2002 | | Deft released on personal recognizance in the sum of $100.00 without |
| 04/03/2002 | | prejudice. Bail warning read. Wilson, AC/M - W. Iler, ADA - ERD - |
| 04/03/2002 | | G. Gonzalez, Attorney |
| 04/03/2002 | | Warrant canceled on the Warrant Management System April 03, 2002 |
| 05/01/2002 | 3 | Defendant not in Court. Commonwealth files letter of discovery. |
| 05/01/2002 | 3 | Wilson, AC/M - M. Iler, ADA - ERD - B. Carroll, Attorney |
| 12/04/2002 | | Defendant not in court. Wilson, AC/M - C. Bartoloni, ADA - ERD - B. |
| 12/04/2002 | | Carroll, Attorney. |
| 01/10/2003 | | Defendant not present. Wilson, AC/M - C. Bartoloni, ADA - J. |
| 01/10/2003 | | Lentini, Court Reporter - B. Carroll, Attorney |
| 02/07/2003 | | Defendant not present. Wilson, AC/M - N. Hathaway, ADA - ERD - B. |
| 02/07/2003 | | Carrol, Attorney. |

| | | |
|---|---|---|
| 03/12/2003 | | Defendant came into court Wilson, AC/M - N. Hathaway, ADA- ERD - B. |
| 03/12/2003 | | Carroll, Attorney |
| 04/17/2003 | | Defendant came into court. Wilson, AC/M - ERD - B. Carroll, Attorney |
| 05/27/2003 | | Defendant came into court. Wilson, Mag - G. Brooks for N. Hathaway, |
| 05/27/2003 | | ADA - ERD - B. Carroll, Attorney |
| 06/20/2003 | | Defendant came into court. Wilson, Mag - G. Brooks for J. Woodbury, |
| 06/20/2003 | | ADA - ERD - B. Carroll, Attorney |
| 07/25/2003 | | Defendant not present. Ford, Mag -ERD |
| 09/02/2003 | | Defendant came into court |
| 09/02/2003 | 4 | Commonwealth files notice of discovery. Wilson, Mag - ERD - B. |
| 09/02/2003 | 4 | Carroll, Attorney |
| 10/15/2003 | | Defendant not present |
| 10/15/2003 | 5 | Deft files motion to suppress identification testimony with affidavit |
| 10/15/2003 | 5 | of counsel in support thereof. Wilson, Mag - C. Bartoloni for N. |
| 10/15/2003 | 5 | Hathaway, ADA - ERD - B. Carroll, Attorney |
| 11/19/2003 | | Defendant not present. Wilson, Mag - C. Bartoloni, ADA for N. |
| 11/19/2003 | | Hathaway - ERD - B. Carroll, Attorney. |
| 12/05/2003 | | Defendant not present. Wilson, Mag - N. Hathaway, ADA - ERD - B. |
| 12/05/2003 | | Carroll, Attorney. |
| 01/26/2004 | | Defendant not present. Lauriat, J. - C. Smith, Court Reporter - B. |
| 01/26/2004 | | Carroll, Attorney. |
| 02/12/2004 | | Defendant not present. Lauriat, J. - M. McDonald, Court Reporter. |
| 02/19/2004 | 6 | Attorney Bruce Carroll files motion to withdraw appearance. |
| 03/31/2004 | | Defendant not present. Fishman, J. - F. Leroux, Court Reporter - B. |
| 03/31/2004 | | Carroll, Attorney. |
| 04/12/2004 | | Defendant brought into court for hearing re: counsel |
| 04/12/2004 | | Motion (P#6) allowed. |
| 04/12/2004 | | Committee for Public Counsel Services appointed, pursuant to Rule 53 |
| 04/12/2004 | | Continued until May 10, 2004 by agreement for status. Walker, J. - |
| 04/12/2004 | | M. McDonald, Court Reporter - D. Regan, Attorney |
| 07/13/2004 | | Defendant not present. Continued to 8/2/04 re: Counsel. Wilson, Mag |
| 07/13/2004 | | - N. Hathaway, ADA - ERD - N. Caplan for K. Annesi, Attorney |
| 08/02/2004 | | Defendant brought into court for hearing re: counsel. CPCS allowed |
| 08/02/2004 | | to withdraw |
| 08/02/2004 | | Appointment of Counsel Arthur L Kelly, pursuant to Rule 53 |
| 08/02/2004 | | Continued until August 23, 2004 by agreement for status. Connor, J. |
| 08/02/2004 | | - A. McDonald, Court Reporter - A. Kelley, Attorney |
| 08/23/2004 | | Defendant not present in court, continued until September 28, 2004 at |
| 08/23/2004 | | request of defendant for status. Wilson, Mag - N. Hathaway, ADA - |
| 08/23/2004 | | E.R.D. - A. Kelly, Attorney |
| 09/28/2004 | | Defendant not present in court, continued until November 18, 2004 for |

| | | |
|---|---|---|
| 09/28/2004 | | Non-Evidentiary Motions by agreement. Motions to be filed by |
| 09/28/2004 | | 11/10/04.Wilson, MAG - N. Hathaway, ADA - ERD - A. Kelly, Attorney. |
| 11/18/2004 | | Defendant not present in court, continued until December 03, 2004 for |
| 11/18/2004 | | Filing of Motion to Suppress by agreement. Wilson, MAG - G. Brooks |
| 11/18/2004 | | for N. Hathaway, ADA - ERD - A. Kelly, Attorney |
| 12/03/2004 | | Defendant not present in court, continued until December 17, 2004 for |
| 12/03/2004 | | Status re: Federal Prosecution by agreement. Wilson, MAG - C. |
| 12/03/2004 | | Bartoloni for N. Hathaway, ADA - ERD - A. Kelly, Attorney |
| 12/17/2004 | | Defendant brought into court. |
| 12/17/2004 | 7 | Commonwealth files Nolle prosequi as to each offense. Statement of |
| 12/17/2004 | 7 | ADA Nancy Hathaway filed. Order of Discharge Issued. |
| 12/17/2004 | | RE Offense 1:Nolle prosequi |
| 12/17/2004 | | RE Offense 2:Nolle prosequi |
| 12/17/2004 | | RE Offense 3:Nolle prosequi |
| 12/17/2004 | | RE Offense 4:Nolle prosequi Wilson, MAG - W. Freeman for N. Hathaway, |
| 12/17/2004 | | ADA - ERD - A. Kelley, Attorney |
| 12/20/2004 | 8 | Deft files Pro Se: Motion for emergency protectiveorder from |
| 12/20/2004 | 8 | scandalous abuse of jpower in nature of intended NOlle Porsequi. |

## Charges

4 Charges for Docket: SUCR2002-10281

| No. | Charge Description: | Indictment: | Status: |
|---|---|---|---|
| 1 | Class B substnc, distrib/manufac, 2nd/subsqnt offense | | Nolle prosequ |
| 2 | Controlled substnc, school property | | Nolle prosequ |
| 3 | Controlled substnc, school property | | Nolle prosequ |
| 4 | Class B substnc, distrib/manufac, 2nd/subsqnt offense | | Nolle prosequ |

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.

DARRYL B. DOWDELL

# BOSTON MUNICIPAL COURT-CRIMINAL DIVISION

| DOCKET ENTRIES | | ATTORNEY |
|---|---|---|
| Legal Counsel Fee Assessment | | JANULEVICUS |
| Legal Counsel Fee Contribution | 10-24-04 | Solomon |
| Victim/Witness Fund Assessment | FEE WAIVED BY COURT | |
| Drug Analysis Fund Assessment | Dougong FJC | |
| Supervised Probation Fee | | |
| SEP 15 2003 | | BAIL ONLY |
| SUMMONS TO ISSUE RETURNABLE | Oct. 9, Rm 26 Issued | |

| OCT 9 2003 ✓ | | | SEE NO. |
|---|---|---|---|
| TAPE # 419 | NO ATTORNEY | appears | 03-4673 4/15 |
| Defendant in court | | appears | Room 30 |
| $1500 | PEREL appears P.O. BOTARIDES | | FEB 4, 2004 |
| CONT TO OCTOBER 21 | | | |
| ARRAIGNMENT Room 26 | | | |
| | Forde | | |

| OCT 21 2003 ✓ | ADA BRADLEY | APPEARS |
|---|---|---|
| | NO ATTORNEY | APPEARS |
| TAPE # 528 | | |
| FOOTAGE 2739 | DEFENDANT IN COURT | P.O. CLIFFORD APPEARS |
| DEFENDANT ADVISED BY COURT OF RIGHT TO HAVE COUNSEL | ATTORNEY APPOINTED BY COURT — JANULEVICUS |

AS TO COUNTS 1, 3, 4, 5 — PLEADS NOT GUILTY

AS TO COUNT 2 — CHARGE IS READ.

**BAIL WARNING GIVEN**

Deft. Notif. of Rights to Pet. S.C. for Review of Bail.

$5,000   TO NOV 17   (M)

CASH   RM 26 – PC/INDICT

COURT REVOKES BAIL ON DEFENDANT'S SUFFOLK
SUPERIOR COURT MATTERS, TO WIT:

HELD WITHOUT BAIL   BAIL ON CASE # 0210281002   (M)

IN SUFFOLK SUPERIOR COURT

DISTRIBUTE CL. B

HORGAN J/EJC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,                    )  CR.No. 05-10078-NMG
                                             )
                        Plaintiff            )
                                             )
        v.                                   )
                                             )
                                             )
DARRYL DOWDELL                               )
                                             )
                        Defendant.           )
                                             )

**AFFIDAVIT OF MICHAEL C. BOURBEAU**

I, MICHAEL C. BOURBEAU, on oath, hereby declare, depose and
say that I have first hand knowledge of the facts set forth
herein, and if called as a witness, I could and would competently
testify to the matters stated herein.

I am an attorney at law licensed to practice law in the
states of California and Massachusetts and in each of the Federal
courts therein as well as the United States Supreme Court. I was
admitted to practice in California in 1979; my state bar number
is 90773.  I was admitted to practice in Massachusetts in 1985
where my state bar number is 545908. I was admitted to the United
States Supreme Court in 1996.  I was admitted to practice before
each of the Federal District Courts and Circuit Courts of Appeal
in Massachusetts and California at various times between 1980 and
1990. Since undertaking the practice of law I have solely

concentrated on the field of criminal defense. I am also a member of the National Association of Criminal Defense attorneys as well as local criminal defense bar associations.  My partner is Victoria M. Bonilla who is representing defendant, DARRYL DOWDELL.

On June 22, 2004 I met with Suffolk County Assistant District Attorney Terrence Redy who was one of the assistant district attorneys involved with DARRYL DOWDELL.

Mr. Redy informed me that his involvement concerned a case involving Mr. DOWDELL as a victim of a shooting.  He was very aware of the drug case then pending in Suffolk Superior Court. Mr. Redy indicated that the drug case arose out of a federal investigation, that it was always a federal investigation, that he was unsure why it was prosecuted in state court, and that it was returned to federal court at the federal authorities request.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this June 27, 2006 at Boston, MA.

MICHAEL C. BOURBEAU