UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  | Criminal No. 05-10078 |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | |
|  | ) | |
| v. | ) | |
|  | ) | |
| DARRYL DOWDELL | ) | |
|     Defendant | ) | |

## DEFENDANT's MOTION IN LIMINE RE
## ALLEGED STATEMENTS BY ROBERT WHITE

COMES NOW defendant, DARRELL DOWDELL by and through his attorney of record, who hereby moves this Honorable Court, to prohibit the introduction of any statement of Robert White.

At the hearing on the motion to dismiss, the government indicated that it may intend to introduce two videotapes of alleged drug transactions. One tape involves the alleged transaction involved in the within indictment, and the other a videotape taken approximately ten days prior to the alleged incident, which tape purportedly includes Mr. Dowdell with an individual known by Robert White. On said tape Mr. White makes certain statements that may indicate a drug transaction. While the government may intend to introduce said statements as co-conspirator statements pursuant to F.R.E. 801(d)(2)[1], even though no conspiracy has been alleged here,

---

[1] A preliminary issue exists as to whether any conspiracy existed and whether these alleged statements are "in furtherance of any co-conspiratorial goals."

1

the statements are "testimonial," and if introduced would deny defendant his Sixth Amendment right to confrontation, and, therefore, should be barred from admission pursuant to the Supreme Court's holding in Crawford v. Washington, __U.S.____; 124 S. Ct. 1354; 158 L. Ed. 2d 177 (2004).

Whether a given "coconspirator statement is 'testimonial' … depend[s] on the nature of the statement." 5 Weinstein & Berger, *Weinstein's Federal Evidence*, § 801.34[1], at 801-74.9. Accordingly, they cannot be characterized out of the Confrontation Clause merely because they may fall within the scope an evidentiary rule that largely embraces non-testimonial statements. See Crawford, 124 S. Ct. at1370 (Sixth Amendment's protections do not depend on "the vagaries of the rules of evidence")

While the government may suggest that the evidence is not introduced for its truth, but only to show defendant's identity or intent, any statements by White are still testimonial.  The interpretation of what is "testimonial" evidence under *Crawford* is best explained by U.C. Davis, Professor of Law, Edward Imwinkelried.[2]  In his recently published article, Professor Imwinkelried reminds us to go back to the law school evidence class approach: "question what is being offered, and who is offering it. If the evidence being offered is a fact which is critical to prove

---

[2] Author of the well used textbook Evidentiary Foundations, Inwinlelried, Matthew Bender (2002).

the alleged offense, then it is testimonial. If the person offering it is not personally present, then confrontation is being denied." <u>Crawford  The Treatment of Prosecution Hearsay under Crawford v. Washington: Some Good News</u>, But..., <u>The Champion</u>, Edward J. Imwinkelried, September/October 2004.

WHEREFORE defendant respectfully moves for the exclusion of evidence of any and all evidence or testimony concerning alleged statements by Robert White.

>Respectfully submitted,
>
>Bourbeau & Bonilla
>
>/s/   *Victoria M. Bonilla*
>
>Victoria M. Bonilla
>BBo # 558750
>77 Central St., 2nd Floor
>Boston, MA 02109
>(617)350-6868

Date: July 17, 2006

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.   */S/ Victoria M. Bonilla*