UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Criminal No. 05-10078

UNITED STATES OF AMERICA            )
    Plaintiff                            )
                                    )
v.                                  )
                                    )
DARRYL DOWDELL                      )
    Defendant                            )

**MOTION TO PRECLUDE THE GOVERNMENT'S**

**INTRODUCTION OF DEFENDANT'S UN-ALLEGED BAD ACTS**

Defendant, Darryl Dowdell, through undersigned counsel, respectfully moves this Honorable Court to exclude the introduction of prior crimes or wrongs that the government moves to introduce pursuant to Federal Rules of Evidence 404(b).

As grounds for this opposition, Mr. Dowdell, through undersigned counsel, states that recently disclosed discovery suggests that the government may intend to introduce evidence that on another date and time than that alleged in the indictment, Mr. Dowdell either participated or assisted others in the distribution of street amounts of crack cocaine. Although the government has not provided notice of any intent to introduce

such evidence pursuant to LR 117.1(4)(b), this motion is being filed in an abundance of caution.

Any such evidence that is intended to be introduced should be excluded because that evidence, to the extent that it is relevant, would be more prejudicial than probative and excludable pursuant to, F.R.E. 403. The balancing act between probative value and prejudice in this situation is difficult at best. The more the prior bad act resembles the crime, the more likely it is that the jury will infer that a defendant who committed the prior bad act would be likely to commit the crime charged. Such prejudice could never be repaired by any curative instruction. "[T]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." Knulewilch v. United States, 336 U.S. 440, 453 (1949) J. Jackson concurring.

The specific danger of unfair prejudice in drug distribution type cases is that the jury will generalize from the defendant's prior conviction (bad act) that the defendant is of bad character and use that to increase the odds that the defendant committed the instant offense. Other crimes evidence is always highly prejudicial as it tends to divert the attention of the jury from the question of the defendant's responsibility for the crime charged, diminishing his presumption of innocence.

>Rule 404(b) provides that evidence of a defendant's prior bad acts may not be admitted to prove his criminal character or propensity to commit crimes of the sort for which he is on trial. To admit evidence of prior bad acts, a trial court must find that the evidence passes two tests. First, the evidence must have "special relevance" to an issue in the case such as intent or knowledge, and must not include "bad character or propensity as a necessary link in the inferential chain." United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). Second, under Rule 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

United States v. Varoudikis, 233 F.3d 113, 118 ($1^{st.Cir}$. 2000)

*footnote omitted.*

For all of the above reasons, the defendant requests that the government be precluded from using his prior criminal history also called bad act evidence.

                                        Respectfully submitted,
                                        Bourbeau & Bonilla
/s/ *Victoria M. Bonilla*
                                        Victoria M. Bonilla
                                        BBo # 558750
                                        77 Central St., 2nd Floor
                                        Boston, MA 02109
                                        (617)350-6868

Date: July 17, 2006

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.    /S/ *Victoria M. Bonilla*