UNITED STATE DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


                                        Criminal No. 05-10078

UNITED STATES OF AMERICA        )
     Plaintiff                  )
                                )
v.                              )
                                )
DARRYL DOWDELL                  )
     Defendant                  )


## MOTION TO PRECLUDE THE GOVERNMENT'S
## INTRODUCTION OF DEFENDANT'S PRIOR CONVICTIONS

Defendant, Darryl Dowdell, through undersigned counsel, respectfully opposes the government's introduction of prior crimes evidence and moves this Honorable Court, pursuant to Federal Rules of Evidence 403 and 404(b), and to his rights to fundamental fairness and to a fair trial embodied in the Fifth and Sixth Amendments to the United States Constitution, for an order precluding the government from using evidence of prior convictions, in the trial of the instant case. A hearing on this motion is respectfully requested, as is a pretrial determination of the motion so that counsel can adequately prepare for trial.

1

As grounds for this opposition, Mr. Dowdell, through undersigned counsel, states:

1.  On March 23, 2005, Mr. Dowdell was charged in a one-count indictment with possession with intent to distribute and distribution of a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1).

2.  Task Force agents claim that on July 16, 2001 Mr. Dowdell along with another individual distributed what the agents believed to be cocaine base to an undercover agent.

3.  Mr. Dowdell was not arrested at the time of the purported transaction. He was arraigned some eight and one-half months later in Suffolk Superior Court.

4.  The government has not provided any notice of intent to use Mr. Dowdell's prior convictions and/or bad acts to impeach him should he testify nor has it provided notice that it will seek to introduce the prior convictions through any other means.

## ARGUMENT

Evidence of prior bad acts is inadmissible to show bad character and consequent propensity to commit crimes, but may be admitted if it satisfies a two-part analysis: In reviewing such cases, we utilize a two-pronged test. First, the evidence must be "specially probative of an issue in the case--such as intent or

knowledge--without including bad character or propensity as a necessary link in the inferential chain." United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). The probative value of the evidence "must be considered in light of the remoteness in time of the other act and the degree of resemblance to the crime charged." Id. (quoting United States v. Fields, 871 F.2d 188, 197 (1st Cir. 1989)). Second, if the "proffered evidence has 'special relevance,' it is nonetheless inadmissible if its probative value is 'substantially outweighed by the danger of, *inter alia*, unfair prejudice, confusion of the issues, or misleading the jury'." Frankhauser, 80 F.3d at 648; Fed. R. Evid. 403.

Mr. Dowdell has two prior convictions which the government may seek to introduce at trial. One is an armed robbery dating back to April of 1995 (Mr. Dowdell was 17 years of age at the time, but tried as an adult) and the other is a drug distribution dating back to July 1997. The instant offense purportedly occurred in July 2001 some four years after the drug distribution conviction and some six years after the armed robbery conviction. Neither one of these offenses have any relevance to the instant offense.

The balancing act between probative value and prejudice in this situation is difficult at best. The more similar the prior bad act evidence is to the charged crime, the more likely it is to be deemed relevant under 404(b). However, the more the prior bad act resembles the crime, the more likely it is that the jury will infer that a defendant who committed the prior bad act would be likely to commit the crime charged. Such prejudice could never be repaired by any curative instruction. The specific danger of unfair prejudice in drug distribution type cases is that the jury will generalize from the defendant's prior conviction (bad act) that the defendant is of bad character and use that to increase the odds that the defendant committed the instant offense. Other crimes evidence is always highly prejudicial as it tends to divert the attention of the jury from the question of the defendant's responsibility for the crime charged, diminishing his presumption of innocence.

///

For all of the above reasons, the defendant requests that the government be precluded from using his prior criminal history also called bad act evidence.

                                                Respectfully submitted,

                                                Bourbeau & Bonilla

/s/   *Victoria M. Bonilla*

                                                Victoria M. Bonilla
                                              BBo # 558750
                                              77 Central St., 2nd Floor
                                              Boston, MA 02109
                                              (617)350-6868

Date: July 17, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.   */S/ Victoria M. Bonilla*