United States District Court
District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. |
| | ) 05-10078-NMG |
| DARRYL DOWDELL, | ) |
| Defendant. | ) |

MEMORANDUM & ORDER

GORTON, J.

The defendant, Darryl Dowdell ("Dowdell"), contends that the criminal case against him should be dismissed on the ground that the conduct of state and federal officials has infringed upon his constitutional rights to due process and a speedy trial as well as his statutory rights under the Speedy Trial Act, 18 U.S.C. § 3161 ("the STA"). After consideration of his and the government's written and oral arguments, including those presented at a hearing held on Friday, July 14, 2006, the Court will deny Dowdell's motion.

I. Background

In March, 2002, Dowdell was indicted in state court for a drug offense which allegedly occurred on July 16, 2001 (hereinafter, "the subject offense"). After his arraignment, Dowdell was released on bail until October, 2003, when his bail

-1-

was revoked because he had been charged with a separate crime. In November, 2004, while serving a sentence after conviction for that other crime, the federal government filed a criminal complaint against Dowdell for the subject offense. One month later, on December 17, 2004, the Commonwealth entered a <u>nolle prosequi</u> in Dowdell's case, effectively dismissing the state charge against him for the subject offense. In February, 2005, Dowdell requested a speedy trial on the federal charge. The federal government petitioned for a writ of <u>habeas corpus ad prosequendam</u> to transfer defendant from state to federal custody on March 14, 2005. He was then arraigned in federal court on March 22, 2005, and federally indicted on the subject offense the following day.

On July 8, 2005, Dowdell moved for dismissal of the charge against him under the STA. In an unsigned "affidavit" submitted with that motion, defendant suggested that his case had been transferred from state to federal jurisdiction in order to punish him for not cooperating with the Commonwealth's investigation of a shooting in which Dowdell was apparently a victim.[1] Because of an electronic filing error, the government's opposition to Dowdell's motion was not docketed in a timely manner. The error

---

[1] He also stated, incorrectly, that he had been incarcerated on the state charges on the subject offense from the time he was indicted in state court until he was transferred to federal custody.

-2-

went unnoticed until November, 2005, when the government sought leave to file its response late, which the Court granted, ascertaining no evidence of bad faith.

In December, 2005, before the Court had ruled upon defendant's motion, he sought to dismiss his appointed counsel and to have new counsel appointed. At a hearing in February, 2006, the Court allowed Dowdell's counsel to withdraw after defendant expressly acknowledged that the appointment of new counsel would delay both the disposition of his motion to dismiss and, if necessary, the commencement of his trial. After acquainting herself with defendant's case, Dowdell's new counsel moved to supplement his motion to dismiss. That motion was allowed and on June 30, 2006, Dowdell filed a supplemental memorandum to which the government has responded.

## II. Discussion

Dowdell principally argues that the government has infringed upon his Fifth Amendment right to due process and his Sixth Amendment right to a speedy trial.[2] The constitutional right to a speedy trial "is necessarily relative. It is consistent with delays and depends upon circumstances". Beavers v. Haubert, 198

---

[2] The difference between Fifth and Sixth Amendment claims under the circumstances of this case is that defendant's Sixth Amendment right to a speedy trial did not arise until he was indicted whereas his right to due process may have been infringed by pre-indictment delay. See United States v. Marler, 756 F.2d 206, 209-10 (1st Cir. 1985) (citations omitted).

U.S. 77, 87 (1905). Thus, constitutional claims arising from delinquent prosecution require a contextual consideration of 1) the length of the delay, 2) the reason(s) therefor, 3) the defendant's assertion of his right to a speedy trial and 4) any prejudice caused by the delay. See Barker v. Wingo, 407 U.S. 514 (1972). As a general matter, the federal constitutional right to a speedy trial arises only after the defendant is charged with a federal crime. See United States v. Marler, 756 F.2d 206, 211 (1st Cir. 1985) (citing cases). An exception to that rule lies where a defendant can show that successive state and federal indictments relate to the exact same offense and transaction. Id. at 212.

Although Dowdell and the government each expend considerable effort, respectively, to support and refute the notion that Dowdell's state charge should be deemed identical to the federal charge for purposes of the Court's constitutional analysis, the Court need not reach that issue because it concludes that Dowdell has failed to demonstrate prejudice which rises to the level of a constitutional violation. Furthermore, there is no evidence that state or federal officials purposefully delayed the prosecution of Dowdell for an inappropriate reason.

Dowdell's contention that the handling of his case has violated the STA is also unpersuasive. A defendant's rights under the STA are triggered only by the filing of federal

charges. See, e.g., United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995); United States v. Benitez, 34 F.3d 1489, 1493 (9th Cir. 1994); United States v. Mills, 964 F.2d 1186 (D.C. Cir. 1992); United States v. Gomez, 776 F.2d 542, 549-50 (5th Cir. 1985). The only apparent exception to that rule is where state and federal authorities collude for the purpose of skirting the requirements of the STA, a circumstance which is not present in this case. See Benitez, 34 F.3d at 1494-95 (acknowledging exception but finding it inapplicable in given case). See also United States v. Zayas, 876 F.2d 1057, 1058-59 (1st Cir. 1989) (recognizing exception where pretextual motivation underlies conduct of federal authorities but finding exception inapplicable in given case); United States v. Rojo-Alvarez, 944 F.2d 959, 966 (1st Cir. 1991) (same).

In his supplemented motion to dismiss, Dowdell contends that the state's issuance of a nolle prosequi on December 17, 2004, should be treated as the service of a summons thereby triggering the STA's requirement that the accused be charged by an information or indictment within 30 days.[3] See 18 U.S.C. § 3161(b). Forty-three days elapsed between the state's dismissal of his case and his federal indictment on March 23, 2005. Because the Court is persuaded by the government that the

---

[3] Dowdell does not contend that the STA has been violated by virtue of any delay that occurred after the time of his federal indictment.

issuance of a <u>nolle prosequi</u> does not constitute service of a summons, it concludes that no violation of the STA occurred.

## ORDER

For the foregoing reasons, Dowdell's Motion to Dismiss (Docket No. 13) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: July 18, 2006