UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        )
                                 ) CR.No. 05-10078-NMG
                Plaintiff        )
   v.                            )
                                 )
DARRYL DOWDELL,                  )
                Defendant.       )
_____)
```

**MOTION IN LIMINE PURSUANT TO RULE 104(a), 701, and 702 OF THE F.R.E. AND THE DECISIONS OF DAUBERT[1] AND KUMHO TIRE[2] TO EXCLUDE PROPOSED EXPERT TESTIMONY BY CASE AGENT CONCERNING THE NATURE OF THE SUBSTANCE ALLEGEDLY DISTRIBUTED**

COMES NOW defendant DARRYL DOWDELL, by and through his attorney of record, who hereby moves this Honorable Court to prohibit the "expert testimony" of government witness, Task Force Agent Monteiro, that "based on his training and experience" ... "he will testify that the contents of the packages was crack cocaine."

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) the United States Supreme Court changed the standard for admissibility of expert testimony. The Daubert Court assigned trial judges a "gatekeeping" role to determine as a preliminary matter whether the proposed scientific testimony is both reliable and relevant. Daubert, 509 U.S. at 597. The Supreme Court broadened the trial

---

[1] Daubert v. Merrell Dow Pharmaceuticals, 501 U.S. 579 (1993).

[2] Kumho Tire v. Carmichael, 526 U.S. 127 (1999).

court's role to include expert testimony based on technical and other specialized knowledge. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 127, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999). "If proffered expert testimony fails to cross Daubert's threshold for admissibility, a district court may exclude that evidence from consideration..." Cortez Irizarry v. Corporacion Insular De Seguros, 111 F. 3d 184, 188 (1st Cir. 1997). "[D]istrict courts [have] broad discretion in determining whether particular scientific testimony is or is not admissible at trial." Id., fn. 4 *citations omitted.*

The government's proposed "expert" testimony from agent Monteiro fails each of the Daubert factors.  Expert witness testimony is governed by FED. R. EVID. 702, which allows opinions concerning "specialized knowledge." See United States v. Corey, 207 F.3d 84, 88 (1st Cir. 2000). In the present case, the government has failed to demonstrate what "specialized knowledge" Agent Monteiro has in the area of chemical analysis and drug identification.  As an expert witness, the government, upon request, is required "to disclose to a defendant 'a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.' 'The summary provided under this subdivision,' Rule 16(a)(1)(E) continues, 'shall describe the witnesses' opinions, the bases and the reasons  for those opinions, and the witnesses' qualifications.'" ... "The opinions about which [Monteiro]  intends to testify, particularly as they

are based on his training and experience, require demonstrable expertise." See United States v. Capleton, 199 F.R.D. 25,27 (D.C. Mass. 2001).

In that the government has failed to provide the defense with any purported qualifications for Agent Monteiro's expert opinion, other than grand jury testimony that he has worked for the Boston Housing Authority and has been assigned as an undercover agent for the DEA. The government has also failed to demonstrate that the proposed opinion is reliable under the Daubert standards, said opinion should be excluded from evidence.

WHEREFORE, defendant respectfully requests this Honorable Court to exercise its "gatekeeping function" over relevant evidence and exclude any expert or lay opinion testimony of Agent Monteiro concerning the nature of the substance.

Date: August 28, 2006          Respectfully submitted,

                               /s/ VICTORIA BONILLA, BBO #558750
                               MICHAEL C. BOURBEAU    #545908
                               77 Central Street
                               Boston, MA 02109
                               (617) 350 6868
                               Attorneys for Defendant
                               DARRYL DOWDELL

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.          *S Victoria M Bonilla*