UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
            v.           )      CRIM. NO. 05-10078-NMG
                         )
DARRYL DOWDELL           )


GOVERNMENT'S MOTION FOR DETERMINATION OF ACCEPTABILITY OF
VARIANCE BETWEEN INDICTMENT AND TRIAL PROOF

The government is submitting this motion to advise the Court of a variance between the current indictment and the government's proof at trial. As is set forth more fully below, there will be a difference between the government's proof (which, as the defendant has known since the beginning of the case, will be based on allegations that the defendant sold cocaine base, a/k/a "crack cocaine" to a DEA undercover agent on July 16, 2001) and the allegations of the indictment (which merely alleges that the distribution on that date involved "cocaine"). Because this difference cannot amount to a material variance under settled law, the government is requesting that the Court make a determination that the difference between the cocaine alleged in the indictment and the cocaine base, a/k/a "crack cocaine" that the defendant in fact sold is not material and that there is therefore no need for a superseding indictment.[1]

_____

[1] The question of whether a variance is acceptable is a matter of law for the court. See United States v. Antonelli, 439 F.2d 1068 (1st Cir. 1971); United States v. Nunez, 668 F.2d 10(1st Cir. 1981). The First Circuit has recognized that "a jury

**BACKGROUND**

On November 14, 2004 the defendant was named in a one-count criminal complaint charging him with a violation of 21 U.S.C. §841.  Both the complaint and the affidavit that supported it made clear that the government was alleging that the defendant sold cocaine base, a/k/a "crack cocaine" to a DEA undercover agent ("the UC") on July 16, 2001.  See Complaint at 1 (alleging that the defendant distributed "a quantity of crack cocaine"); Complaint affidavit at ¶¶ 7 (alleging that the UC negotiated with Dowdell for the purchase of "crack cocaine" and then handed the UC six bags of "crack cocaine"); 8 (describing October 19, 2001 certification from DEA laboratory that the drugs sold by the defendant were "cocaine base") 9 (asserting that there was probable cause to believe that on July 16, 2001, the defendant had distributed a controlled substance, crack cocaine, in

---

can seldom have access to all the facts necessary to judge whether a variance prejudiced a defendant in the preparation of his defense, nor are laymen well suited to that inquiry." United States v. Morris, 700 F.2d 427 (1ˢᵗ Cir. 1983).  Hence, this Court can and should rule on this issue (which the government asserts raises no material question of disputed fact) and the government respectfully requests that it do so before trial so that a determination can be made as to whether a superseding indictment could be required.  The government is reluctant to supersede because of the pending trial date and because any superseding indictment would also likely raise statute of limitation issues which could also substantially delay a trial in this matter.

violation of 21 U.S.C. §841(a)).[2]

The defendant has also long recognized that he is alleged to have distributed cocaine base, a/k/a "crack cocaine" on this date.  For example, in a pleading entitled "Motion to Preclude the Government's Introduction of Defendant's Prior Convictions" that was filed on July 17, 2006, the defendant stated that "Task Force Agents claim that on July 16, 2001 Mr. Dowdell along with another individual distributed what the agents believed to be cocaine base to an undercover agent." As set forth above, this is also consistent with reports, grand jury laboratory certifications and other discovery which the defendant has had for many months.

Notwithstanding all this, the indictment that was returned in this case on March 23, 2005 alleges only that, on July 16, 2001, the defendant possessed with intent to distribute and distributed "cocaine."  It is not clear why the indictment did not specifically allege that the drug the defendant sold was cocaine base.  The government nevertheless wishes to take this opportunity to notify the Court of these facts and to make it clear that the difference has no effect on the government's ability to prove its case.

---

[2]  Subsequent discovery (including the DEA-6 reports, the lab documentation provided by DEA Chemist David Thornell, and the grand jury testimony in this case confirmed that the substance at issue was cocaine base.

3

## DISCUSSION

A variance occurs when the facts proved at trial differ from those charged in the indictment. United States v. George, 752 F.2d 749, 753 (1st Cir. 1985); United States v. Flaherty, 668 F.2d 566, 582 (1st Cir. 1981). A variance is fatal only when it affects a defendant's "substantial rights", i.e., when it deprives one of sufficiently specific information to prepare an adequate defense, thereby exposing him to double jeopardy. George, 752 F.2d at 754; United States v. Brien, 617 F.2d 299, 312-13 (1st Cir. 1980). See also United States v. Tormos-Vega, 959 F.2d 1103, 1115 (1st Cir. 1992). See generally Annual Review of Criminal Procedure, 35 Geo. L.J. Ann. Rev. Crim. Proc. 252, 283 (2006)("Because a variance is less likely to result in conviction for a crime different from that charged in the indictment, a variance is generally a less severe infringement on the defendant's right to be tried only upon charges returned by a grand jury; unless the defendant can demonstrate substantial prejudice, courts will rarely reverse a conviction on the basis of a variance").

Applying these principles, federal courts have uniformly rejected variance claims in circumstances identical to the present--where the indictment alleges that a defendant distributed cocaine but the government's proof is that it was cocaine base.  E.g., United States v. Wiley, 29 F.3d 345 (8th

4

Cir. 1994); <u>United States v. Cooper</u>, 39 F.3d 167(7th Cir. 1994);
<u>United States v. Pierce</u>, 899 F.2d 669, 676 (5th Cir. 1990).  <u>See</u>
<u>also</u> <u>United States v. Lightner</u>, 1996 WL 295284 at *3 (4th Cir.
1996) (evidence of distribution of cocaine was not at material
variance with indictment alleging distribution of cocaine base).
These courts have concluded that no variance exists because
"cocaine base is merely an isomer of cocaine," <u>Pierce</u>, 893 F.2d
at 676, and because any variance that could exist on this basis
would be harmless if, as here, the defendant was on notice before
trial "that the government intended to present evidence of
....possession of cocaine base." <u>Wiley</u>, 29 F.3d at 352.  <u>See</u>
<u>also</u> <u>United States v. Jordan</u>, 1998 WL 415991 (6th
Cir.(Tenn.)("Nor was there an impermissible variance between the
indictment, which charged possession with intent to distribute
cocaine, and inclusion of cocaine base as 'relevant conduct' for
sentencing purposes"); <u>United States v. Knuckles</u>, 581 F.2d 305
(2d Cir. 1978),affirming conviction against variance claim even
though the defendants were charged with possession and
distribution of heroin but alleged that the substance was
cocaine); <u>United States v. Rancher</u>, 941 F.Supp. 590 (N.D.W.Va.
1996)(rejecting variance claim where indictment alleged offenses
involving cocaine and government introduced evidence of
transactions involving cocaine base).

    The First Circuit has not considered a variance claim in

this specific context.  It has, however, rejected variance claims
in closely analogous situations and has repeatedly refused to
consider them where, as here, the defendant is fully advised of
the government's proof before trial and can therefore show no
prejudice. <u>See</u> <u>United States v. McMahon</u>, 861 F.2d 8, 12 (1st Cir.
1988) (rejecting variance claim where indictment alleged
possession of hashish and THC but statute merely required that
substance was hashish).  <u>See also</u> <u>United States v. Paredes-
Rodriques</u>, 160 F.3d 49, 55 (1st Cir. 1998)(rejecting variance
claim where defendant knew that government intended to introduce
contested evidence before trial); <u>United States v. Torres</u>, 162
F.3d 6, 11 (1st Cir. 1998)(rejecting variance claim where
difference between charging document and proof "in no way
affected the defendants' foreknowledge of the charges lodged
against them or their ability to prepare a defense").  Because
there is no colorable basis for a variance claim in this case,
this court should immediately rule that the government may
proceed to prove sales of cocaine base under the present
indictment.

                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                          By: /s/ John A. Wortmann, Jr.
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              One Courthouse Way
                              Boston, MA
                              (617) 748-3207

                                   6