```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA  )
                          )
                          )
         v.               )    CRIM. NO. 05-10078-NMG
                          )
DARRYL DOWDELL            )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO PRECLUDE INTRODUCTION OF
"HIGH CRIME/DRUG AREA" TESTIMONY**

The government opposes the defendant's Motion in Limine of to preclude the introduction of evidence regarding the neighborhood surrounding the Whittier Street Projects. The defendant claims that any evidence that this area suffers from high amounts of crime and drug activity would violate "the defendant's constitutional right to association" and would be irrelevant.

The decided cases are to the contrary. Federal courts have admitted such evidence because it helps to put a drug or other investigation into context and thereby assists the jury in understanding the evidence before it. E.g., United States v. Dukes, 147 Fed.Appx. 587, *589 to 147 Fed.Appx. 587 (6th Cir. 2005) (upholding introduction of testimony that area where arrest occurred as a "high crime area" as "permissible background evidence, necessary to tell the story of Dukes's offense, including the reason plainclothes vice squad officers were working the area midday, alert to potential criminal activity").

That evidence is particularly relevant here, where the defendant contests the issue of identity and issues establishing that the witness would have been on "high alert" is therefore particularly relevant.  See United States v. Liranzo, 385 F.3d 66 (1st Cir. 2003)( no error in admitting witnesses affiliation with gang task force where relevant as background and context and to show the reason for police actions).  If the Court is concerned that the reason for such testimony might be misunderstood, the government is perfectly amenable to a limiting instruction at the time the evidence comes in.  Id. See also United States v. Taylor, 284 F.3d 95, 104 (1st Cir. 2002) (district court's cautionary instruction to jury that "Defendants are not charged with possessing a firearm or a gun" addressed any risk of unwarranted inferences by jury from evidence that defendant possessed a gun); United States v. Shea, 159 F.3d 38, 40 (1st Cir. 1998) (district court's cautionary limiting instruction to jury minimized potential prejudice to defendant from admission of a gun).

**CONCLUSION**

Based on the foregoing, the government respectfully requests that the motion in Limine be denied.

```
                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         UNITED STATES ATTORNEY

                    By:  /s/ John A. Wortmann, Jr.
                         JOHN A. WORTMANN, JR.
                         SANDRA BOWER
                         Assistant U.S. Attorney
                         One Courthouse Way
                         Boston, MA
                         (617) 748-3207
```