UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIM. NO. 05-10078-NMG |
| | ) | |
| DARRYL DOWDELL | ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

The United States of America, pursuant to Fed. R. Crim. P. 30, requests that the Court, in addition to its usual instructions in criminal cases, give the following instructions to the jury.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.  A proposed verdict form is also included.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/John A. Wortmann, Jr.
JOHN A. WORTMANN, JR.
Assistant U.S. Attorney

## TABLE OF CONTENTS

DUTIES OF THE JURY...............................................4

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE...............5

PRELIMINARY STATEMENT OF ELEMENTS OF CRIME....................6

EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES..............7

CONDUCT OF THE JURY..........................................10

NOTE TAKING..................................................12

OUTLINE OF THE TRIAL.........................................13

STIPULATIONS.................................................15

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW................16

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT.....17

DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY..............19

WHAT IS EVIDENCE; INFERENCES.................................20

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL.................21

CREDIBILITY OF WITNESSES.....................................23

PRIOR INCONSISTENT STATEMENTS................................24

IMPEACHMENT OF DEFENDANT—CONVICTIONS.........................25

EYEWITNESS IDENTIFICATION....................................26

EXPERT WITNESS/OPINION TESTIMONY.............................29

USE OF TAPES AND TRANSCRIPTS.................................31

WHAT IS NOT EVIDENCE.........................................32

CONSIDER ONLY THE CRIME CHARGED..............................34

DISTRIBUTION OF A CONTROLLED SUBSTANCE
[21 U.S.C. § 841(a)(1)].......................................35

DEFINITION OF "KNOWINGLY"....................................37

ON OR ABOUT-EXPLAINED.........................................38

PUNISHMENT....................................................39

FOREPERSON'S ROLE; UNANIMITY..................................40

CONSIDERATION OF EVIDENCE.....................................41

REASONABLE CONSIDERATION......................................42

REACHING AGREEMENT............................................43

RETURN OF VERDICT FORM........................................45

COMMUNICATION WITH THE COURT..................................46

PROPOSED VERDICT FORM.........................................47

## DUTIES OF THE JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.  It will be your duty to decide from the evidence what the facts are.  You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.  The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

4

### NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney John Wortmann.  The defendant, Darryl Dowdell, s represented by Victoria Bonilla and Michael Bourbeau.

The defendant has been charged by the government with a violation of federal law.  He is charged with having distributed cocaine base, a/k/a "crack cocaine."

The charge against the defendant are contained in the Indictment.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charge against him and denies committing the crime.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## PRELIMINARY STATEMENT OF ELEMENTS OF CRIME

The defendant has been charged by the government with a violation of federal law.  Specifically, he has been charged with distribution of cocaine base, a/k/a "crack cocaine."

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated -- that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

7

(2) Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and  "circumstantial evidence."  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and

8

circumstantial evidence.  The law permits you to give equal
weight to both, but it is for you to decide how much weight to
give to any evidence.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

9

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to

10

you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## NOTE-TAKING

I am going to permit you to take notes in this case, and the
courtroom deputy has distributed pencils and pads for your use.
I want to give you a couple of warnings about taking notes,
however.  First of all, do not allow your note-taking to distract
you from listening carefully to the testimony that is being
presented.  If you would prefer not to take notes at all but
simply to listen, please feel free to do so.  Please remember
also from some of your grade-school experiences that not
everything you write down is necessarily what was said.  Thus,
when you return to the jury room to discuss the case, do not
assume simply because something appears in somebody's notes that
it necessarily took place in court.  Instead, it is your
collective memory that must control as you deliberate upon the
verdict.  Please take your notes to the jury room at every
recess.  I will have the courtroom deputy collect them at the end
of each day and place them in the vault.  They will then be
returned to you the next morning.  When the case is over, your
notes will be destroyed.  These steps are in line with my earlier
instruction to you that it is important that you not discuss the
case with anyone or permit anyone to discuss it with you.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

12

## OUTLINE OF THE TRIAL

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendants. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he is not required to do so. I remind you that the defendant is presumed innocent, and the government must prove his guilt beyond a reasonable doubt. The defendant does not have to prove their innocence.

After you have heard all the evidence on both sides, the

government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## STIPULATIONS

The evidence in this case may include facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

15

### DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

16

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Darryl Dowdell, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Darryl Dowdell is guilty of the crime or crimes with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any

17

essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendants' guilt of a particular crime, it is your duty to acquit them of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Darryl Dowdell guilty of a particular crime, you should vote to convict him.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

18

### DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Darryl Dowdell has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.  As I have already told you, throughout the trial there may be statements that the parties have stipulated to certain facts.  This means that both parties agree on the existence of those facts. You must therefore treat those facts as having been proven.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. Inferences are deductions

21

on conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.  In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## PRIOR INCONSISTENT STATEMENTS

You have heard evidence that before testifying at this trial,
one or more of the witnesses in this case made a statement
concerning the same subject matter as his/her testimony in this
trial. You have also heard evidence about the circumstances under
which those statements were made and an explanation as to why.
You may consider that earlier statement, the explanation that was
given regarding it, and any other surrounding circumstance to
help you decide how much of those witnesses testimony to believe.
If you find that the prior statement was not consistent with this
witnesses testimony at this trial, then you should consider the
proffered justification for it and should decide whether that
affects the believability of witness's testimony at this trial.

Adapted from Pattern Jury Instructions: **First Circuit,** Criminal
Cases Committee on Pattern Criminal Jury Instructions - First
Circuit §2.01 1998 Edition.

24

**IMPEACHMENT OF DEFENDANT—CONVICTIONS**

You have heard evidence that the defendant has been convicted of other crimes.  You may consider this evidence only in deciding whether the defendant's testimony is truthful in whole, in part, or not at all.  You may not consider it for any other purpose.

A conviction of other crime(s) is not evidence of the defendant's guilt of any crime for which the defendant is now charged.

This instruction is based on section 3.05 of the Pattern Instructions of the Seventh Circuit

## EYEWITNESS IDENTIFICATION

One of the issues in this case is the identification of Defendant Dowdell as the person who committed the crime charged in the indictment. The government, as you know, has the burden of proving every issue, including identity, beyond a reasonable doubt. Although it is not essential that the witnesses testifying about the identification be free from all doubt as to the accuracy or correctness of the identification, the jury must be satisfied beyond a reasonable doubt that Defendant Dowdell is the same person who committed the crimes charged. If you are not convinced beyond a reasonable doubt that Defendant Dowdell was the person who committed the crime charged the indictment, you must find Defendant not guilty.

Identification testimony is, in essence, the expression of an opinion or a belief by the witness. The value of the identification depends upon the opportunity that the witness had to observe the person who committed the crime at the time of the offense and the opportunity to make a reliable identification at a later time.

In judging the identification testimony of any witness you should consider at least the following questions:

1. Are you convinced that the witness had the ability and an adequate opportunity to observe the person who committed the crime charged?

26

Whether the witness had an adequate opportunity to observe the person committing the offense at the time of the offense will be affected by many things, including the length of the observation, the distance between the witness and the person observed, the lighting conditions, and whether the witness knew the person from some prior experience.

2. Are you convinced that the identification by the witness after the offense was committed was the product of his own recollection?

In making this determination you may take into account both the strength of the later identification and the circumstances under which the later identification was made.

If the identification by the witness was influenced by circumstances under which the identification was made, you should examine that identification with great care. You may wish to consider the length of time that had elapsed between the commission of the crime and the later opportunity of the witness to observe the defendant.

You may consider that an identification made by pointing out a defendant from a group of similar individuals is generally more reliable than an identification which results from a presentation of the defendant alone to the witness.  You may also consider that the identification was made by an undercover police officer who was focused on the identity of the people with whom he was

27

dealing at the time of the offense alleged in the indictment.

   3. Has the witness failed to identify the defendant on a
prior opportunity or has the witness identified someone else as
the person who committed the offense charged?

  You should examine and consider the credibility of any witness
making an identification in the same manner as you would any
other witness.

  The burden of proving the identity of Defendant Dowdell as the
person who committed the crime charged in the indictment rests
with the government. The government must prove the identity of
the defendant as the person who committed the crimes charged
beyond a reasonable doubt. If after examining all of the
evidence, you have a reasonable doubt as to whether the defendant
was the individual who committed the crimes charged, you should
find Defendant Dowdell not guilty.

This instruction is based on and taken from the model instruction
in United States v. Telfaire, 469 F.2d 552, 558-559 (D.C.
Cir.1972).  The utility of the Telfaire instruction was discussed
in United States v. Gray, 958 F.2d 9 (1st Cir. 1992), in which
the court stated that the trial judge has substantial discretion
in framing an eyewitness identification charge where
appropriate).

## EXPERT WITNESS/OPINION TESTIMONY

You have heard expert testimony from a chemist regarding the chemical analysis of cocaine base. You have also heard opinion testimony (including expert opinion) from law enforcement agents regarding the type of cocaine base that was involved in this case and the significance of certain other evidence.

An expert is allowed to express is or her opinion on those matters about which he or she has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept a witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

L. B. Sand, Modern Federal Jury Instructions: Criminal, ¶7-21 (1990). E.g., United States v. Castiello, 915 F.2d 1, 4-5 (1st

Cir. 1990) (DEA agent's testimony regarding meaningfulness of defendant's tape-recorded statements about prices helpful to jury and therefore proper); United States v. Anguilo, 847 F.2d 956, 975 (1st Cir. 1988) ("expert testimony of law enforcement officials concerning practices of those engaged in organized criminal activity ... is often helpful to the fact finder"), cert. denied, 109 S. Ct. 314 (1989); United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987) (DEA agent may provide expert testimony regarding meaning of words used by drug traffickers when cryptically referring to cocaine); United States v. Hensel, 699 F.2d 18, 38 (1st Cir.) (DEA agent's testimony regarding methods of drug smugglers may assist trier of facts, citing, among other cases, United States v. Golden, 532 F.2d 1244, 1247-48 (9th Cir.) (DEA agent testifies about the price of drugs), cert. denied, 461 U.S. 958 (1983); United States v. Pugliese, 712 F.2d 1574, 1581-1582 (2nd Cir. 1983) (quantity and purity and cost of heroin used by addicts on street assisted jury in understanding the magnitude of a purchase of one ounce of heroin with the purity of 90 percent and thereby shed light on defendants' intent).

## USE OF TAPES AND TRANSCRIPTS

At this time you are going hear conversations that were recorded. This is proper evidence for you to consider. In order to help you, I am going to allow you to have a transcript to read along as the tape is played. The transcript is merely to help you understand what is said on the tape. If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript. Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, § 2.08, 1998. This instruction is based upon a trial court instruction approved in <u>United States v. Mazza</u>, 792 F.2d 1210, 1227 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987).

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in a Indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment

was returned by a grand jury, which heard only the government's side of the case.  I caution you, as I have before, that the fact that these defendants have been indicted is no evidence whatsoever of their guilt.  The Indictment is simply an accusation.  It is the means by which the allegations and charges of the government are brought before this court.  The Indictment proves nothing.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CONSIDER ONLY THE CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged in the indictment.  Although evidence of other acts allegedly committed by the defendant may be considered by you in determining whether the government has met its burden of proof, the defendant is not on trial for any act, conduct, or offense not alleged in the indictment.  Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

This instruction is based on section 1.19 of the pattern instructions for the Fifth Circuit.  See also United States v. Fotovich, 885 f.2d 241 (5th Cir. 1989).

34

## DISTRIBUTION OF A CONTROLLED SUBSTANCE
### [21 U.S.C. § 841(a)(1)][1]

Darryl Dowdell is accused of distributing cocaine base, a/k/a "crack cocaine," on or about July 16, 2001.  It is against federal law to distribute, that is, to transfer controlled substances like cocaine base, a/k/a "crack cocaine" to another person.  For you to find Darryl Dowdell guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that on or about July 16, 2001, Darryl Dowdell transferred cocaine base, a/k/a "crack cocaine" to another person; and

Second, that on those dates Darryl Dowdell knew the substance was an illegal controlled substance such as cocaine base; and

Third, that Darryl Dowdell acted intentionally, that is, that it was his conscious object to transfer the cocaine base to another person.  It is not necessary that Darryl Dowdell have benefitted in any way from the transfer or  have made any money

---

[1]  This instruction assumes that the court allows the government's variance motion and allows the case to be submitted to the jury based on evidence that the substance distributed by the defendant on July 16, 2001 was cocaine base, a/k/a "crack cocaine."  Should the court deny the motion, the government will submit an alternate instruction based on the fact that cocaine base is a form of "cocaine" as that term is defined in 21 CFR §1308.12(b)(4)and Title 21.  <u>See, e.g.,</u> 21 U.S.C. §841(b).  The government is also not asking the court to instruct the jury on the crime of possession with intent to distribute.

from the transaction.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.  The government is not asking the court to instruct
on possession of cocaine

## DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

### "ON OR ABOUT" - EXPLAINED

The Indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

## PUNISHMENT

The question of possible punishment of the defendant is of
no concern to the jury and should not, in any sense, enter into
or influence your deliberations.  The duty of imposing sentence
rests exclusively upon the court.  Your function is to weigh the
evidence in the case and to determine whether or not the
defendant is guilty beyond a reasonable doubt, solely upon the
basis of such evidence.  Under your oath as jurors, you cannot
allow a consideration of the punishment which may be imposed upon
the defendant, if he is convicted, to influence your verdict, in
any way, or, in any sense, enter into your deliberations.

L. B. Sand, Modern Federal Jury Instructions: Criminal, §9-1
(1990).

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## REASONABLE CONSIDERATION

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§15.01 (3d ed. 1977).

42

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

43

conviction as to the weight and effect of the evidence simply to

reach a verdict.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit,** Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

45

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit,** Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

46

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA )
                         )
                         )
            v.           )    CRIM. NO. 05-10078-NMG
                         )
DARRYL DOWDELL           )


<u>    VERDICT</u>

     As to Count 1 of the Indictment charging distribution of

cocaine base, a/k/a "crack cocaine," we unanimously find

Defendant Darryl Dowdell:

                    _____ Guilty

                    _____ Not Guilty


     Date: _____    _____
                        FOREPERSON


47