```
                    UNITED STATE DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


                                           Cr No. 05-10078-NMG
UNITED STATES OF AMERICA        )
     Plaintiff                  )
                                )
v.                              )
                                )
DARRYL DOWDELL                  )
     Defendant                  )
```

**DEFENDANT's OPPOSITION TO GOVERNMENT's MOTION FOR DETERMINATION OF ACCEPTABILITY OF VARIANCE BETWEEN INDICTMENT AND TRIAL PROOF**

COMES NOW defendant, DARRELL DOWDELL by and through his attorneys of record, who hereby respectfully objects to the Government's Motion for Determination of Acceptability of Variance Between Indictment and Trial Proof on the basis that such would be a violation of Defendant's fundamental Fifth Amendment right to be indicted by a grand jury and his Sixth Amendment right to be informed of the nature and cause of the charges against him as well as to due process of law.

The United States Supreme Court in <u>Stirone v. United States</u>, 361 U.S. 212 (1960) made clear that a defendant may only be convicted of the charges for which he is in indicted. "Deprivation of such a basic right is far too serious to be treated as nothing more than a variance..." <u>Id</u>. at 217.  "The right to have the grand jury make the charge on its own judgment is a substantial right

which cannot be taken away with or without court amendment." Id. at 218-19.

Mr. Dowdell was indicted on the charge of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The jury, at the conclusion of trial should be asked to render a verdict on that offense and that offense only. Cocaine is not cocaine base (crack cocaine) as there is a 100-1 difference in sentencing under the advisory Sentencing Guidelines between the two offenses. See U.S.S.G. § 2D1.1 tables.[1] While the Government may present evidence that the substance allegedly distributed was cocaine base and that such is a derivative of cocaine, if it chooses, that evidence may be submitted as proof of the charges in the indictment but not be considered by the jury to be an amendment to the indictment. See Russell v. United States, 369 U.S. 749, 270-71 (1963) which established that the rule requiring indictment on specific charges is not a limitation on the power of the courts to hear evidence but on the their power to amend indictments either in form or effect.

> The vice which inheres in the failure of an indictment under 2 U. S. C. § 192 to identify the subject under inquiry is thus the violation of the basic principle "that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, . . ." [*citation*

---

[1] For example, a person, with a serious criminal history (but without regard to career offender status or acceptance of responsibility) if convicted if 2-3 grams of powder cocaine might face a sentence of 30-37 months but for the same amount of crack might face a sentence of 70-87 months.

2

*omitted]*. A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture. Id. at 766.

In the case at bar the Government asks this Honorable Court to amend the indictment to allow the trial evidence and the jury's proposed finding to rest on one ground while the indictment charges another. Following Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id at 490. **In federal prosecutions, such facts must also be charged in the indictment**. Id., at 476 (quoting Jones v. United States, 526 U.S. 227, 243, 143 L. Ed. 2d 311, 119 S. Ct. 1215, n. 6 (1999)). *Emphasis added.*

It is ironic that the Government suggests to this Honorable Court that changing "cocaine" to "cocaine base" is only an issue of variance. "Variance" is simply a theory of post conviction relief, sought by defendants challenging conviction on evidence that was not specifically alleged in the indictment. While the Government cites to several old, if not obsolete pre-*Appendi* cases ( most from Texas and some of which are unpublished) which suggest that the differences between cocaine and cocaine base were not fatal to the conviction, the Government fails to cite to any case

3

supportive of its position here, a position requesting this Court to essentially allow amendment to the indictment. Of note is that the Government in United States v. Cotton, 535 U.S. 625, 632 (2002) conceded that the failure to allege drug quantity that increased the statutory sentencing range was error, yet here takes an opposite, yet creative position, calling the failure to indict on a material element that would effect the sentence simply a "variance."

The Government asserts that the variance is not "material" and that defendant has been on notice that the charged offense involved "crack cocaine" and had been provided with discovery including "laboratory certifications and other discovery...for many months." Gov. Motion at 3. To be correct, the laboratory certifications were not provided by the Government until July 18, 2006 and discovery has been ongoing. Why the Government chose not to indict for cocaine base is its own choosing, and they have had over 5 years to consider the charge on which to indict, but there is little question that a change in offense that has the potential of substantially increasing the sentencing range is material.

WHEREFORE defendant respectfully submits that any change in the charged offence, in form or effect, would be a violation of

///

his Fifth and Sixth Amendment rights to be informed of and tried on the offense for which he was indicted by the grand jury. Due Process requires no less.

Date: September 4, 2006                Respectfully submitted,

                                       Bourbeau & Bonilla, LLP

                    /s/    *Victoria M. Bonilla*

                                       Victoria M. Bonilla
                                       BBO # 558750
                                       Michael C. Bourbeau
                                       BBO# 545908
                                       77 Central St., 2nd Floor
                                       Boston, MA 02109
                                       (617)350-6868

                                       Attorneys for Defendant
                                       DARRYL DOWDELL

Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.        */S/ Victoria M. Bonilla*