UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

DARRYL DOWDELL

INDICTMENT NO.
CR# 2005-10078-NMG

DEFENDANTS
PRO SE NOTICE OF OBJECTIONS
TO THE COURTS DENIAL OF THE
DEFENDANTS MOTION TO TERMINATE
COURT APPOINTED COUNSEL

The 'Defendant', hereto, Moves the Court, to Make 'NOTICE' of the 'Defendants objections to the Courts Denial of Defendants Motion to Terminate the Appointed Court Counsel.

1. RESERVATION OF RIGHTS

The 'Defendant' Makes 'Notice', to Whomever, that the 'Defendant' specifically 'reserves all rights', either inherent or procedural, policy and or Statutory rights, and or any privileges. All rights are reserved, unless specifically and 'expressly', 'Knowingly' and 'intentionally' waived, and that 'any' waiver whatsoever shall be in writing thereof, and signed by 'all' parties thereof, the above entitled captioned matter, 'otherwise' it 'shall' be not a valid waiver, not enforceable upon the defendant, whatsoever,

—1—   Total pages 13-13.

Further, the 'defendant' looks to, by citing <u>Johnson v. Avery</u> 393 U.S. 483, 485 (196_) quoting ("the rights of the defendants access to the Courts may not be denied or obstructed"); Cf. <u>32 Geo. L.J. ARCP</u>, at n. 2743 (2003).

### IV. OBJECTIONS/CAUSE.

The 'defendant' objects to the 'Courts' denial of the defendants' pro se filed Motion To Terminate the Court Appointed Counsel.

The 'defendant' on (_8_/_10_/2006) had filed his Motion To Terminate Counsel's Representation of the defendant due to the irreparable breakdown of Client-Attorney relationship and Communication thereof.

The defendant, 'objects' to the denial, because, the defendant's 'right to Counsel' in <u>Wade v. U.S.</u>, 368 U.S. 218, 224, at 224 (1967) ("Critical Stages are those points in a Criminal proceeding during which an attorney's presence is necessary to secure the defendant's right to a fair trial") and in <u>Powell v. Ala.</u>, 287 U.S. 45, 57, 69 (1932) ("requires the guiding hand of Counsel")

The defendant, States, that the Court Appointed Counsel has been only on the case since (March 2d, 2006), and She has only came to the Jail two (2) Seperate times, since (March 2nd, 2006).

   I have numerious of times have requested Counsel to arrange, so that I can view the audio and video cassette recording(s), that the 'government' alleges to have in its possession, That has been disclosed to Counsel.

   I have requested, as my 'wish and desire' that 'defense' should potentially investigate a co-defendant on the State case, which is the origin of the instant federal case.
   I have given Counsel, his name, the then residential location in (Norwood, Mass), to date Counsel has not even consulted with me about the defense strategy or why the co-defendant is not a potential witness for defense.

   I have requested my 'wish and desire', that I wanted 'to seek a 'motion to suppress the identification', I have requested agian numerious of times, by letters and in court in the past,

—4—

/4-13.

- Counsel is not communicating with me, on my defense theory and with my 'wishes and desires', that I feel are non-frivolous issues, that have substantial merit in my defense strategy.

Further, I have 'repeatably' requested to be provided with 'a' FULL and COMPLETE DISCOVERY PACKAGE, so that I can be 'Active' in my defense preparation, and effective be able to have 'Counsel aid' provide 'assistance' to me, the 'defendant', hereto.

Specifically, I'm missing the 'Grand Jury Minutes' from the Suffolk Superior Court testimony given on the 'State Case', prior to it being 'federalized' with the 'instant case', that came from the State Case, etc... I wanted Counsel to obtain this Grand Jury Minutes, in State Court, as the Law Enforcement officer had testified in Suffolk Superior Court, and thought it 'best' to obtain, for possible trial and or pre-trial defense motion(s), if the 'officer' testify's again...

-5-

5-13.

## I. MEMORANDUM OF LAW SUPPORTING CAUSE OF INEFFECTIVE COUNSEL.

The defendant objects to the 'Courts' opinion, to deny the defendant 'due process' and his Constitutional rights that he as a Common Man 'has, and is' attempting to exercise those rights, before the judicial proceedings.

In Gideon v. Wainwright, 327 US 335, 83 SCt. 792 (1969); Boykin v. Alabama, 395 US 238, 89 SCt. 1709 (1969); Strickland v. Washington, 466 US 668, 104 SCt. 2052 (1984), and in Glover v. U.S. 531 US 198, 121 SCt. 696 (2001)... The defendant, States, that Counsel has mislead, and or lied to the defendant, or his family members, numerious times.

The defendant asserts, by this 'Notice', the following:

Counsel has 'failed to carry-out the 'Clients' best 'wishes' and 'desires'. See Illinoios v. Allen, 397 U.S. 337, 350-351 ('the defendants Choice 'must' be honored out of respect for individual life blood of the law'); ABA Standards for Criminal Justice, 21-33, Comment, pg. 21-42 (2d. 1980).

-6-

/6-13

- Counsel also must function as a advocate for the defendant, as opposed as, to a freind of the Court, c.f. Anders v. California 386 US 738, at 744 (1967), and Entsminger v. Iowa 386 US 748, at 751 (1967), and must meet the minimal Standards., See in Powell v. Alabama, 287 US 45, 71 (1932), and Jones v. Barnes, 463 US 745, at 758 (1983); also Supported in Glasser v. U.S. 315 US 60, 70 (The right of Counsel is guaranteed by the Constitution contemplates the services of an attorney devoted solely to the intrests of the 'Client'.) and (undivided allegiance and faithful, devoted service to the 'Client' are prized traditions of an American lawyer); and further argued in ABA Standards Model of Rules of Professional Conduct, Rule 1.2(a), .... (Shall Consult with the 'Client'... abide by the 'Clients' decision .... Whether to waive, or not waive a jury trial... as to a plea ... to testify... to make Stipulations, etc....), the same in ABA Standards for Criminal Justice, pg. 21-3, p. 21. 42 (2d. 1980), and it's noted that [ ineffective Counsel, is equivalant of no Counsel]. See Gideon v. Wainwright, 327 US 335, 83 SCt. 792 (1962); Boykin v. Alabama, 395 US 238, 89 SCt. 1709 (1969); Strickland v. Washington, 466 US 668, 104 SCt. 2052 (1984); Glover v. U.S. 531 US 198, 121 SCt. 696 (2001).

-7-

[7-13.

As to inadequate investigation by Counsel...
See in <u>Rompilla v. Beard</u>, 2005 WL 14211390 (US, 2005) (re: attorney investigation in the instant case to be in-adequate and consequently reversing a decision of the (3rd Cir) Court of Appeals...) (Though, this is not the case when Counsel simply ignored their obligation(s) to the 'Client', to find mitigating evidence...)...<u>See (ABA - Standards</u>, are guides as to what is reasonable...), similar as to <u>Strickland v. Washington</u>; <u>ABA Standard, § 4-3.1</u> ('the relationship of trust and confidence, should exist between the defendant and the attorney') though, contrary, to <u>Morris v. Slappy</u> 461 US 1, 103 SCt. 1610 (1983) ('the Sixth Amendment to the U.S. Constitution guarantees only competent representation, not a meaningful attorney-Client relationship...'), the <u>ABA Standard, § 4-5.2</u> (Fundamental Nature), is crucial to the accuesed's fate... And certian matters of trial strategy and tactics... e.g.. whether to call certian witnessess; to cross examine; to stipulate certian facts; to object to the admission (or ommission) of certian evidence on the Constitutional grounds, and or other 'grounds'; whether to strike... is generally regarded as  –

-8-

(8-13

- within the exclusive province of the lawyer, ['but not until after the consultation with the 'Client'...]

I further note, objections, of the Court, as that in the Sixth Amendment to the United States Constitution and Bill of Rights, does not provide merely that a defense 'shall' be made for the accused: It is the accused, not the Counsel, who must be informed of the 'nature and the Cause' of the accusation, Confronted with witness(es) against him, must be accorded Compulsory process for obtaining witnesse(ss) in his favor....

Further, the 'assistance of Counsel', is an 'assistant' however, expert, is still just an 'assistant' to the 'defendant', the 'Client'.. The language and Spirit, of the Sixth Amendment to the U.S. Constitution Contemplates that the 'Counsel', like other defense tools guaranteed by the 'amendment', and Bill of Rights, shall be and 'aid of Counsel', to a willing defendant, -- not an organ of the State.. (i.e.. government) interposed between an unwilling defendant and his right to defend himself personally.... And, to thrust Counsel upon the accused against his considered 'wish' and 'desires', thus, violates the 'logic' of the 'amendment' and the 'Bill of Rights'

-9-

(9-13.

- And counsel allocation can only be justified, however, by the 'defendants' consent, at the 'outset' to accept counsel as representative. A unwanted counsel represents the 'defendant' only through a '<u>tenuous</u>' and a unacceptable form of fiction.

Unless the 'defendant' has '<u>aquisced</u>' in the representation that the 'defendant' presented is not the defense guaranteed by the Constitution, for the, and in a very real sense, it is not his 'the defendants' defense at all...

See U.S. v. Cronic, 466 US 648, 104 S.Ct. 2039, 80 L.Ed.2d. 657 (1984) (an 'attorney' may be so detrimentally effect (his/her) 'clients' case as to justify finding of ineffective counsel per se, rather than the 'test' under <u>Strickland v. Washington</u>, 466 US 668, 104 S.Ct. 2052 (1984) (which had required that the attorney's performance was deficient and the 'defendant' was prejudiced as a result'...).)

Thus, in the case of <u>Cronic</u>, the court had weighed the counsels performance in concession of-guilt, by counsel...

The Same is said in the <u>Prosecution Function and Defense Function</u>, 5.2 (Tent. Draft '1970); and the the defendant, asserts, alleges, a '<u>Cause</u>' and '<u>actual</u>' prejudice... See <u>Murray v. Carrier</u> 477 US 478 (1986) (Excusing procedural default,) regarding '<u>cause</u>' and to '<u>actual</u>' prejudice resulting from the alleged error. <u>U.S. v. Frady</u>, 456 US 152, 167-168 (1982).

As it is said in <u>U.S. v. Houlihan</u>, 92 F.2d. 1271, 1281 n.11 (1st Cir. 1996) (the Courts above all institutions 'must obey the rules'...), the Same is applied to 'an officer of the Court', the defense counsel obligations to the 'client', are no different, as the 'officer of the Court', is a 'member of the Court', and the 'Court' is an judicial entity, ...e.g. a institution of Sorts.

See <u>Black v. Romano</u>, 471 US 606, 105 SCt. 2254 (1985), due process must be followed in order to insure that -- inherent Constitutional rights are not violated... See <u>Morrissey v. Brewer</u>, 408 US 741, 92 SCt. 2593 (1972) (Due Process).

-11-

(11-13)

## VI. CONCLUSSION.

Because the 'Counsel' has not consulted with the 'defendant'; nor provided proper and complete effective notice of the 'Case' and 'nature' of the accusations; and total disregard for the 'wishes and desires' of the defendant, failure to investigate potential mitigating evidence; the misleading, lying to the defendant and his family members; the breakdown of a non-existent communications, and failure to build an 'attorney-client' relationship; failure to have allegiance to the 'Client'...

As Such, the 'Client/defendant', does not 'acquiese' to this Counsel, an officer-of-the Court, is not suitable for the needed and required faith and allegiance to the defendant, THEREFORE, IT'S NOT HIS DEFENSE! AND CANNOT BE UNDER ANY CIRCUMSTANCES COMPELLED BY FORCE OF THE COURT.

The defendant, objects, to the 'Courts' action, and 'prays', the Court, reverses it opinion, and 'APPoints' new Counsel whom 'will be faithful and have allegiance' to the 'defendant', and the 'defendant' alone

Respectfully Submitted,                    Dated: 9/2/2006.


Darryl Dowdell
Defendant, Pro Se, Limited hereto
ECCF. 240D-817
P.O. Box 807
Middleton, MA. 01949


CERTIFICATE OF SERVICE

I, Darryl Dowdell, the Defendant, hereby certify that I have served a copy of the Defendant's objections to the Government by mailing a copy thereof, postage prepaid, to Donald Cabell, AUSA, John Joseph Moakley Courthouse, One Courthouse Way, Boston, MA. 02210. A copy will be hand served to Attorney Victoria Bonilla.

                            Dated: 9/2/2006

Page 13 of 13

Darryl Dowdell-P152856
E.C.C.F.
P.O. Box 807
Middleton, MA. 01949

FILED
CLERKS OFFICE
2006 SEP -7 P 2:06
DISTRICT COURT
OF MASS

June 13, 2006

Attorney Victoria Bonilla
77 Central Street, 2nd Floor
Boston, MA. 02109

Re: USA vs. DOWDELL,

Dear Attorney Bonilla,

My family has informed me that they are going to retain private counsel to vacate my prior convictions in Superior Court. I am requesting that you do not ask the Court to rule on the motion that I submitted to the Court regarding my 1995 case. After I find out the name of the attorney that my family has retained to vacate my prior convictions I will contact you to let you know the attorney's name.

Also, please try to obtain a copy of the photograph that Agent Monterio used to identify me in July 2001. Not one of my former attornies who represented me on the drug case in Superior Court showed me the photo. I would like to see the photo and talk to you about a motion to suppress (identification) because Agent Monterio should not have used a single photograph to identify me. Please send a copy of the photograph to me whenever you receive it from the government.

I have requested to inmate property that the BMC cassette tape be forwarded to your office (I have made three requests to property) but the Jail has continuously ignored my requests. A correctional officer who works on the unit where I am being housed personally

went to inmate property and brought my property release form to the officer in charge and she was informed that the tape would be sent out but the tape has not been sent no where. At your earliest convenience, please call the jail and request that the tape be forwarded to your office. I will pay for any costs to have the tape sent to you. I have money in my account. I do not want to lose the tape it is the only proof I have that the personal on the case was revoked (the Superior Court docket sheet and Boston Municipal Court docket sheet do not show this). The Superior Court personal was revoked by Judge Horgan on October 21, 2003, for being rearrested while out on bail. I was held without bail on the case from October 21, 2003, to December 17, 2004, at which time the case was dismissed in Superior Court (the bail was never reinstated I went over sixty days without bail). I have listened to the tape and it does say that my Superior Court bail (personal) was revoked. I would appreciate your assistance in this matter. I have enclosed a copy of the most recent request form that I sent to property requesting that the cassette tape be forwarded to your office.

Thank you.

Sincerely,

*[signature]*

Darryl Dowdell- P152856
E.C.C.F.
P.O. Box 807
Middleton, MA. 01949

June 21, 2006

Attorney Victoria Bonilla
77 Central Street, 2nd Floor
Boston, MA. 02109

Dear Victoria:

I am writing to you in regards to my drug case in Federal Court. In Court on June 16, 2006, I provided you with a address (159 Cabot Street - Roxbury, MA) to contact my Co-defendant Robert Sampson but I have just learned that Mr. Sampson mother has moved from that address. Mr. Sampson lives in Norwood MA with his girlfriend and son. My brother Roderick Dowdell lives in the building next to Mr. Sampson (I do not know the building number). In February my brother talk to Robert and he told my brother that I was not involved in the drug deal but he said he is afraid to come forward and say this in Court because he has a stay away order against me and was told by the ADA on the case if he has any contact with me he would violate his probation conditions. My brother would be able to tell you what I am saying is true and he would also be able to give you Mr. Sampson's address. Please give my brother a call as soon as possible. Roderick is my older brother (he is 43 yrs. old). His home phone number is, (781) 762-6361 and his cell phone number is, (617) 230-9392.

Also, in Court on June 16, 2006, I heard AUSA Cabell mention to the Court that the reason why the state Court had trouble resolving my case is because I was thinking about cooperating with the DA's Office and I fired several lawyers. Well I want to bring to your attention that I was indicted on the case on March 25, 2002, I got shot on July 4, 2003, but the DA's Office did not ask me to cooperate on that case until January 26, 2004. The case

Darryl Drake,
E.C.C.F.
P.O. Box 807
Middleton, MA 01949

July 21, 2006

Attorney Victoria Bonilla
77 Central Street, 2nd Floor
Boston, MA. 02109

Re: Grand Jury Minutes

Dear Attorney Bonilla,

    I have review the discovery documents that you gave me in Court on July 14, 2006 but we are still missing Agent Montero grand Jury testimony from State Court (dated March 19, 2002). I am requesting that you obtain a copy of Agent Montero's state Court grand Jury testimony so we can see if there are any inconsistent statements in his state and federal Court grand Jury testimony. Please send a copy of the transcripts to me when you get them.

Thank you.

Sincerely,
Darryl Drake



# The Commonwealth of Massachusetts
Suffolk County District Attorney's Office
Daniel F. Conley, District Attorney

One Bulfinch Place
Boston, MA 02114-2997
Telephone: (617) 619-4000
Fax: (617) 619-4100

May 1, 2002

Bruce W. Carroll, Esq.
50 Beacon Street
Boston, MA 02108

RE: *Commonwealth v. Darryl Dowdell (SUCR No. 02-10281)*

Dear Attorney Carroll:

Under the Commonwealth's discovery obligations, I hereby serve you these documents:

1. DEA Report of TFA Monteiro dated 7/17/01 (4 pp.);
2. DEA Report of TFA Hartley dated 7/19/01 (2 pp.);
3. Grand Jury transcript dated 3/19/02, Re: Darryl Dowdell and Robert Sampson (10 pp.);
4. Drug analysis in CC-01-0137, of Exhibits #5 and #6, date completed 10/19/01 (2 pp.);
5. Boston Police Dept. Arrest Booking Form, Incident Number 010100544, booking date 7/16/01, 17:16 hours, report date 9/7/01, 12:47:33 hours (1 p.);
6. Boston Police Dept. Arrest Booking Form, Incident Number 970494468, booking date 9/20/97, 5:14 hours (1 p.);
7. Boston Police Dept. Mugshot Form, report date 7/16/99, 17:38:01 hours (1 p.);
8. Two photographs with number 97-02994-11 and name Darryl M. Dowdell (1 p.);
9. Boston Police Dept. Arrest Booking Form, Incident Number 010100544, booking date 7/16/01, 17:16 hours, report date 1/31/02, 12:16:56 hours (1 p.);
10. Boston Police Dept. Arrest Booking Form, Incident Number 010100544, booking date 7/16/01, 17:16 hours, report date 1/31/02, 12:11:30 hours (1 p.); and
11. Boston Police Dept. Mugshot Form, report date 1/31/02, 12:11:11 hours (1 p.).

The video and audio tapes referenced in the reports are in the Commonwealth's possession and are available for your review upon appointment; and copies will be made for you if you provide the undersigned with a blank audio and video tape.

If you do not find any of the above-named documents, please promptly contact the undersigned. The Commonwealth will disclose any further evidence in compliance with its continuing duties under Mass. R. Crim. P. 14(a)(4). Any questions, please give me a call: (617) 619-4340.

Very truly yours,

W. Matthew Iler, Jr.
Assistant District Attorney

Atts.