```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
                          )
       v.                 )     CRIM. NO. 05-10078-NMG
                          )
DARRYL DOWDELL            )
```

### GOVERNMENT'S SUPPLEMENTAL VARIANCE MEMORANDUM

The defendant has opposed the government's variance request. Undaunted by an unbroken line of cases which have upheld such requests in identical circumstances, the defendant argues these cases are inapplicable because the government brought the issue to the Court's attention before trial.

The defendant is wrong. Resolution of these issues does not depend on when they are raised. Nor can the present facts rise to the level of a constructive amendment because drug type cannot construed as an essential element of the crime charged. Because it is also undisputed that cocaine base is a form of cocaine (and therefore there is no variance or amendment at all), the government's motion cannot be construed as anything other than a straightforward effort to avoid needless jury confusion resulting from the error made when the case was originally charged.

1. **Resolution of this motion cannot be affected by the fact that the government raised it prior to trial**

The principal thrust of the defendant's opposition is that variance principles do not apply here because the government raised the issue prior to trial.

This argument makes no sense. Resolution of important issues such as these cannot depend on when they are raised. Nor can the difference between the indictment and the government's anticipated proof here rise to the level of a constructive amendment as a matter of law.

Consideration of the defendant's constructive amendment argument can begin and end with United States v. Cina, 699 F.2d 853, 858 (7th Cir. 1983). There, in rejecting a claim that a variance issue had to be treated as a constructive amendment because it was raised prior to trial, the court recognized that there "a distinct merging of the standards governing both. In general, either an amendment or a variance will be allowed to stand if it does not change an 'essential' or 'material' element of the charge so as to cause prejudice to the defendant."[1]

The Seventh Circuit also noted that any other result would cause the government to avoid raising such issues prior to trial. The court correctly noted that the argument made by the defendant would "simply discourage the government from forthrightly admitting to formal mistakes at the start of trial and encourage it instead to simply wait until later in the trial to offer proof

---

[1] The Cina court defined an "essential" or "material" element of a crime as one "whose specification with precise accuracy is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." Id., 699 F.2d at 859.

inconsistent with the indictment's facial allegations, even though the latter course of conduct obviously contains a greater potential for prejudice to the defendant." Id. Because that rationale has to be correct and disposes of the defendant's claim in this case, the government's motion should be allowed.

There are of course more important reasons why the defendant is wrong. Other than pointing to the timing of the government's motion, the defendant offers no authority in support of his claim that proof of cocaine base would constitute a constructive amendment. The reason, of course is that none exists.

"Constructive amendments are a narrowly defined category of errors, which arise relatively infrequently." United States v. Syme, 276 F.3d 131, 154 (3rd Cir. 2002). They occur "when the *charging terms* of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has last passed upon them. United States v. Dubon-Otero, 292 F.3d 1, 4 (1st Cir. 2002)(emphasis supplied). Hence, they also can occur only when the alteration involves an essential element of the underlying offense. E.g., United States v. Fornia-Castillo, 408 F.3d 52, 66 (1st Cir. 2005)(alleged change which did not involve an element of that offense could necessarily be only a variance); United States v. Cianci, 378 F.3d 71, 93 (1st Cir. 2004) (rejecting constructive amendment claim where jury instruction did not recast "essential elements" of RICO charge); United

States v. Gibson, 726 F.29 869 (1st Cir. 1984)(to succeed on constructive amendment claim, defendant must show that he was tried "on a charge different from the one in the indictment").

The defendant cannot make that showing here. In a case brought under 21 U.S.C. §§841 (a) and 841(b)(1)(C) (a Class I or II drug case in which no drug quantity is alleged and the statutory maximum is therefore 20 years), the identity of the drug is simply not elements of the offense. E.g., United States v. Rutherford, 175 F.3d 899, 906 (11th Cir.1999) (in rejecting constructive amendment claim where government proved cocaine base under indictment alleging cocaine, court noted that, in prosecuting offense under § 841(a), the government need not prove a particular controlled substance was involved); United States v. Allen, 1999 WL 515413, *4 (4th Cir. 1999)(rejecting constructive amendment claim because identity of drug was not an element of the offense under 21 U.S.C. §846). Because drug type therefore does not involve an essential element of the offense, any change to it cannot involve a "constructive amendment."

The defendant's reliance on Apprendi also fails in the circumstances of this case, where the government is not seeking a (and cannot seek) a sentence in excess of 20 years. The First Circuit has consistently stated that Apprendi error cannot occur unless the sentence exceed the 20 year default provision in 21 U.S.C. §841(b)(1)(C) for Class I and Class II controlled

substances.  E.g., United States v. Robinson, 241 F.3d 115 (1st Cir. 2001) and cases cited therein.  Because it follows that, in a case such as this, drug type cannot constitute an element of the offense, it is not possible to raise a constructive amendment claim and the defendant's argument fails.  E.g. United States v. Barbosa, 271 F.3d 438, 456 (3rd Cir. 2001) ("Under Apprendi, drug identity must be treated as an element [of the offense] only when it results in a sentence beyond the relevant statutory maximum").

Finally, the defendant's argument in this case must also be rejected due to the complete absence of any prejudice and the fact that it is undisputed that cocaine base falls within the definition of cocaine.  The defendant effectively conceded this in his opposition.  Because that concession was required as a matter of law and science, allowing the government to proceed with evidence of cocaine base will do nothing other than eliminate an unnecessary issue from this case.  See government's initial variance motion and cases cited therein.  See also United States v. Barnes, 890 F.2d 545, 552 (1st Cir.1989)(recognizing cocaine base as a form of cocaine).

Based on the foregoing, the government requests that its motion be allowed.

                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                        By: /s/ John A. Wortmann, Jr.
                              JOHN A. WORTMANN, JR.
                              Assistant U.S. Attorney
                              One Courthouse Way
                              Boston, MA
                              (617) 748-3207