UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|                          |   | Cr No. 05-10078-NMG |
|--------------------------|---|---------------------|
| UNITED STATES OF AMERICA | ) |                     |
|     Plaintiff            | ) |                     |
|                          | ) |                     |
| v.                       | ) |                     |
|                          | ) |                     |
| DARRYL DOWDELL           | ) |                     |
|     Defendant            | ) |                     |

**DEFENDANT's SUPPLEMENTAL OPPOSITION TO GOVERNMENT's MOTION FOR DETERMINATION OF ACCEPTABILITY OF VARIANCE BETWEEN INDICTMENT AND TRIAL PROOF**

COMES NOW defendant, DARRELL DOWDELL by and through his attorneys of record, who hereby respectfully submits this Supplemental Opposition to the Government's Motion for Determination of Acceptability of Variance Between Indictment and Trial Proof.

The Court, at the hearing on September 14, 2006, directed the government to submit a memorandum to address whether the government's proposed change to the indictment, (presenting evidence and charging the jury with the question of whether defendant was guilty or not guilty of distributing "cocaine base,") was an "amendment" or "variance" to the indictment which simply charged distribution of "cocaine." The Court also requested discussion of whether a change in the Indictment amounting to a "variance" is simply a post conviction theory or whether it can properly be raised prior to trial.

1

In its Supplemental Variance Memorandum, the government, tersely suggests that the defense objection to the government's variance motion is simply "wrong." By doing so the government plainly ignores defendant's contention that the change sought here violates the fundamental constitutional 5th amendment and sixth amendment mandate that a person may only be tried and convicted of a crime for which he was indicted by a grand jury. See <u>Stirone v. United States</u>, 361 U.S. 212, 217 (1960). Additionally, the government's assertions are replete with faulty premises.

Contrary to the government's assertion that "the principal thrust of defendant's opposition is that variance principles do not apply...prior to trial," Gov. Supp. Mem. at 1, Mr. DOWDELL has objected to the government's proposal because the change to "cocaine base" is a prejudicial "amendment" [which] occurs when the basic "charging terms" of the indictment are altered either literally or **in effect**." <u>See</u> <u>United States v. Cina</u>, 699 F.2d 853, 858 (7th Cir. 1983), *emphasis added, citing* <u>Gaither v. United States</u>, 134 U.S. App. D.C. 154, 413 F.2d 1061, 1072 (1969), and <u>United States v. DeCavalcante</u>, 440 F.2d 1264, 1271 (3d Cir. 1971); <u>See also</u>: <u>Russell v. United States</u>, 369 U.S. 749, 270-71 (1963). What is at issue is not the timeliness of the amendment but the fact that the government is seeking a material change that was not considered by the grand jury. The government has provided no cases where such was allowed.

The government herein is not suggesting a minor change such as a date (Cina, supra) or other typographic error, see United States v. Nicosia, 638 F.2d 970, 976 (7th Cir. 1980), but a change that could materially **effect** the potential sentence. As set forth in the original response, *which was not addressed by the government*, the change of the indictment and verdict forms from "cocaine" to "cocaine base" would substantially increase a defendant's potential sentencing range. The government simply claims that because the change involves a "form of cocaine" it is not even "a variance or amendment at all." Gov. Supp. Mem at 1.

The government also, incorrectly, asserts that there is no dispute that "cocaine base falls within the definition of cocaine." Gov. Supp. Mem at 5. Although that has been the government's argument, and will be its contention at trial, that is a scientific issue of fact **for the jury to determine**. Even the question of whether cocaine base is "crack cocaine" is a fundamental determination of fact because of the dire sentencing consequences between crack and other forms of cocaine. See e.g. United States v. Person, 377 F. Supp. 2d 308, 309-310 (D. Mass. 2005)(Ponsor, J.).

Finally, the government argues that no Apprendi error can occur because "drug type cannot constitute an element of the offense, [that] it is not possible to raise a constructive amendment claim, citing United States v. Barbosa, 271 F. 3d 438,

456 (3d Cir. 2001). The government misreads <u>Barboza</u> which stated clearly:

> We hold that, under the circumstances of this case, an <u>Apprendi</u> violation has occurred and that it was plain. The jury convicted Barbosa without having the issue of drug identity submitted for its consideration. Barbosa's twenty-year sentence far exceeded the statutory maximums under the potentially applicable "catch-all" provisions (after judicial application of the rule of lenity) because of the District Court's drug identity determination. Cf. V<u>azquez</u>, 2001 WL 1188250, at **4-5 (holding that defendant had established a plain <u>Apprendi</u> violation with respect to drug quantity). Other federal appellate courts have similarly concluded that ."the failure to submit drug identity for a jury determination may violate <u>Apprendi</u>. See, e.g., <u>Horton v. United States</u>, 244 F.3d 546, 552 (7th Cir. 2001);<u>United States v. Robinson</u>, 250 F.3d 527, 529 (7th Cir. 2001); cf. <u>United States v. Keith</u>, 16 Fed. Appx. 84, 2001 U.S. App. LEXIS 11027 at *1 (4th Cir. 2001) (unpublished).

The government's reliance on <u>United States v. Robinson</u>, 241 F. 3d 115, (1st Cir. 2001) is misguided. Mr. DOWDELL is not, in this memorandum, challenging the Court's right to determine the effect drug *quantity*, which was the issue in <u>Robinson</u>, on a *sentence* within the statutory maximum, but rather the right to amend the indictment prior to trial as to drug *identity*, which issue was not submitted to the grand jury; an amendment which can materially change the presumptive advisory guideline level.

////

4

WHEREFORE defendant respectfully asks this Honorable Court to follow the United States Supreme Court's holding in <u>Stirone v. United States</u>, 361 U.S. 212, 218-19 (1960) that "[t]he right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment," and to deny the government's proposed "amendment" to the indictment and proposed verdict form to charge "cocaine base (crack)" rather than "cocaine," the charge on which Mr. DOWDELL was indicted.

Date: September 26, 2006                Respectfully submitted,
                                        Bourbeau & Bonilla, LLP

                      /s/    *Victoria M. Bonilla*

                                        Victoria M. Bonilla
                                        BBO # 558750
                                        Michael C. Bourbeau
                                        BBO# 545908
                                        77 Central St., 2nd Floor
                                        Boston, MA 02109
                                        (617)350-6868

                                        Attorneys for Defendant
                                        DARRYL DOWDELL


Certificate of Service
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.    */S/ Victoria M. Bonilla*