United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | Criminal Action No. |
| v. ) | 05-10078-NMG |
| ) | |
| ) | |
| ) | |
| DARRYL DOWDELL, ) | |
|     Defendant. ) | |
| ) | |

MEMORANDUM & ORDER

GORTON, J.

The indictment in this case charges defendant Darryl Dowdell ("Dowdell") with distributing cocaine in violation of 21 U.S.C. §841(a)(1). At trial, the government plans to present evidence that Dowdell sold cocaine base to an undercover agent. Based on this discrepancy between the narcotics alleged in the indictment (cocaine) and those intended to be proved at trial (cocaine base), the government moves the Court to declare that the discrepancy should be treated as an immaterial variance for which a superseding indictment is unnecessary. Dowdell disputes the government's characterization of the discrepancy as mere variance and contends that the government is actually seeking an impermissible constructive amendment to the indictment.

-1-

I. **Background**

Dowdell is accused of distributing cocaine on July 16, 2001. He was initially charged in state court but the state prosecution was dismissed after the federal government filed a complaint against him on the basis of the same conduct. On November 17, 2004, the government filed a complaint charging Dowdell with distributing "a quantity of crack cocaine" in violation of 21 U.S.C. §841(a)(1). An accompanying affidavit by a DEA Task Force Agent detailed the purchase of six plastic bags of crack cocaine (cocaine base).

On March 23, 2005, the federal indictment filed against Dowdell charged him with having "possessed with intent to distribute and distributed a quantity of cocaine, a Schedule II controlled substance" in violation of 21 U.S.C. §841(a)(1). The government has no explanation for why the grand jury's indictment refers only to cocaine and not to crack cocaine or cocaine base.

In order to clarify the matter prior to trial and avoid unnecessary jury confusion, the government has requested that the Court declare that the difference between the drugs alleged in the indictment and the evidence to be presented at trial does not amount to a material variance.

II. **Discussion**

   A. **Motion to Declare Impermissible Variance**

   A variance occurs when the "charging terms remain unchanged but when the facts proved at trial are different from those alleged in the indictment." United States v. DeCicco, 439 F.3d 36, 43 (1st Cir. 2006)(quoting United States v. Fisher, 3 F.3d 456, 462-63 (1st Cir. 1993)). A variance between the indictment and the proof offered at trial is grounds for reversal only if it affected the defendant's "substantial rights", the rights to have "sufficient knowledge of the charge against him in order to prepare an effective defense and avoid surprise at trial, and to prevent a second prosecution for the same offense." Id.

   The question of whether a variance is immaterial is a matter of law for the court. See United States v. Morris, 700 F.2d 427, 430-31 (1st Cir. 1983)("A jury can seldom have access to all the facts necessary to judge whether a variance prejudiced a defendant in the preparation of his defense, nor are laymen well suited to that inquiry."), cert. denied, 461 U.S. 947 (1983); United States v. Antonelli, 439 F.2d 1068 (1st Cir. 1971).

   The timing of this motion, however, places the Court in an unusual predicament. By definition, a variance objection is made after the presentation of the evidence because it arises from a difference between the facts presented and those charged. At this pre-trial juncture, there have been no facts presented or

-3-

proven and thus the Court is unable to determine whether such unproven facts are at variance with the charged offense. Therefore, the Court is not now in a position to decide the materiality of any potential variance that may arise.

Nevertheless, the Court agrees with the government that some sort of clarification is warranted and with Dowdell that the government's motion is more accurately characterized as one to amend the indictment. The issue is whether a correction to the indictment, changing the alleged drug from cocaine to cocaine base, rises to the level of an impermissible, constructive amendment of the indictment.

### B.  **Correcting the Indictment**

The Fifth Amendment to the United States Constitution states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury". Since 1887, the United States Supreme Court has held that it is unconstitutional for a defendant to be "tried on charges that are not made in the indictment against him." Stirone v. United States, 361 U.S. 212, 217 (1960)(summarizing the holding of Ex Parte Bain, 121 U.S. 1 (1887)). Accordingly, "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." Id. at 215-216 (emphasis added). Therefore, the law treats constructive amendments as "prejudicial per se and grounds for

-4-

reversal of a conviction." DeCicco, 439 F.3d at 43 (citation omitted). Dowdell contends that because the grand jury charged him with a cocaine violation, with no mention of cocaine base, any decision by this Court to alter the identity of the drug would usurp the grand jury's institutional prerogative and abridge his rights under the Fifth and Sixth Amendments.

Generally, an indictment must contain all essential elements of the offense charged in order to provide the defendant with fair notice of the charges against him or her. Hamling v. United States, 418 U.S. 87 (1974); United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993). The government asserts that in this case, a substitution of the particular drug charged does not rise to the level of a constructive amendment because drug type is not an essential element of the charged crime. 21 U.S.C. §841(a)(1) states simply that it is unlawful for "any person knowingly or intentionally ... to possess with intent to distribute, a controlled substance." The government contends that in a case such as this where no particular drug quantity has been alleged, the particular type of controlled substance is not essential.

Dowdell correctly argues that a change of the allegation as to the particular controlled substance being charged can significantly affect the potential sentence to which he is exposed. The substitution of cocaine base for cocaine substantially increases Dowdell's potential sentencing range

-5-

under the advisory Sentencing Guidelines. Therefore, Dowdell makes an Apprendi-based argument that drug type is an essential element of the crime and must be found by the grand jury.

Although forceful, Dowdell's argument ultimately is unpersuasive. The First Circuit Court of Appeals has stated that while the Supreme Court's decision in Apprendi required some re-thinking of the distinction between essential elements and sentencing factors, Apprendi "applies only when the disputed 'fact' enlarges the applicable statutory maximum". United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001). Charges involving the penalty provisions of 21 U.S.C. §841(b)(1)(A) and (b)(1)(B) require that drug type and quantity be treated as elements of the charge because the identity and quantity of drugs involved are calculated to increase the sentence above the statutory maximum established in 21 U.S.C. §841(b)(1)(C). In contrast, for unquantified drug charges brought under 21 U.S.C. §841(b)(1)(C) the drug type or quantity is not an essential element because the maximum penalty is the statutory maximum. Admittedly, this application of Apprendi results in an awkward construction of the statute that requires the same fact to operate as an element in some cases and as a sentencing factor in others.

In this case, Dowdell is accused of distributing an unquantified amount of drugs and thus the government "is not seeking (and cannot seek) a sentence in excess of 20 years", the

-6-

statutory maximum provided in 21 U.S.C. §841(b)(1)(C). Thus, the particular drug type (whether cocaine powder or cocaine base) does not constitute an element of the offense. Whether the government had accused Dowdell of possession with intent to distribute cocaine or cocaine base, the same statutory provisions, 21 U.S.C. §841(a)(1) and (b)(1)(C), are at issue. Moreover, no matter which drug was charged (or is proved), the government is expected to introduce the same behavior, use the same evidence and prove the same elements. It is only the charged drug that has changed, and in this case, that change does not anticipate any punishment beyond the statutory maximum.

Courts have apparently recognized, at least implicitly, that there is no absolute requirement that a grand jury amend an indictment. In Stirone, the Supreme Court made clear that it was impermissible to broaden an indictment without returning to the grand jury. 361 U.S. at 217. Corrections to typographical errors or other ministerial changes, however, do not necessarily broaden the indictment and therefore have been allowed. See United States v. Rivera-Ruiz, 244 F.3d 263 (1st Cir. 2001)(court allowed government to amend indictment where the identities of two undercover agents were transposed in the indictment). Other circuits have authorized similar, non-material alterations to an indictment. See, e.g., United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001)("[T]he district court or the prosecutor may

-7-

make 'ministerial change[s]' to the indictment, such as to correct a misnomer or typographical errors.") cert. denied, 534 U.S. 897 (2001); United States v. Robles-Vertiz, 155 F.3d 725 (5th Cir. 1998)(no constructive amendment where the indictment misnamed a key party and the government was permitted to correct the error); United States v. Johnson, 741 F.2d 1338, 1341 (11th Cir. 1984)(finding that "amendments that are merely a matter of form are freely permitted") cert. denied, 471 U.S. 1117 (1985); United States v. Kegler, 724 F.2d 190 (D.C. Cir. 1983)(amendment of indictment by substituting the name "Andrea" for "Angela" as the payee of two forged checks was not improper); United States v. Cina, 699 F.2d 853, 857 (7th Cir. 1983)(an amendment or change to an indictment will be "allowed to stand if it does not change an essential or material element of the charge so as to cause prejudice to the defendant.") cert. denied, 464 U.S. 991 (1983).

The discrepancy at issue in this case is an error of a similar kind. All of the accompanying filings submitted with the grand jury discussed the evidence of cocaine base (and no evidence came before the grand jury with respect to cocaine powder or cocaine generally). The misnomer in this case falls much closer to one of a clerical error than an attempt to circumvent the grand jury process.

The First Circuit has underscored that the critical issue in these amendment cases is whether the defendant had "explained how

-8-

this correction failed to give him notice of the ... charge against him." Rivera-Ruiz, 244 F.3d at 263; see also Dhinsa, 243 F.3d at 667 ("[a]n indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to the defendant") (citation omitted).

There is no showing that Dowdell will suffer any unfair prejudice by lack of adequate notice as a result of amending the indictment. Both the district court complaint and the supporting affidavit filed in November 2004, referred to the drug involved as cocaine base. Dowdell was clearly aware of the statements in the affidavit because his own in limine motion filed on July 17, 2006, indicates that the substance at issue in the alleged drug sale was cocaine base. Subsequent discovery from the government, including DEA reports, lab documentation and grand jury testimony all stated that the substance at issue was cocaine base.

Dowdell has presented no evidence that his trial preparation has suffered on account of the discrepancy. Rather, Dowdell's main argument is that the discrepancy between the indictment and the proof rises to the level of constructive amendment because there could be a disparity in any sentence he receives if convicted.

While Dowdell is correct that the advisory Sentencing Guidelines treat convictions for cocaine base more severely than

cocaine powder, the mitigation of sentencing ramifications within the statutory maximum is not among the substantial rights protected by the right to be indicted by a grand jury. See, e.g., United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002)(finding that while the indictment did not allege that the kidnapping resulted in death, a factor that affected punishment under the statute, there was no prejudicial error because the defendant was not deprived of fair notice of the charge).

In United States v. Eirby, the First Circuit faced a similar discrepancy in an indictment that resulted in negative sentencing implications for the defendant. 262 F.3d 31, 37 (1st Cir. 2001). In Eirby, the defendant had entered a guilty plea for conspiracy to distribute cocaine base. Both the indictment and the plea charged him under 21 U.S.C. §841(b)(1)(B), yet the district court found enough drugs to apply a longer sentence under 21 U.S.C. §841(b)(1)(A) that was still within the twenty-year statutory maximum. On appeal, the First Circuit rejected the defendant's argument that the court had "usurped the grand jury's province by impermissibly substituting 21 U.S.C. §841(b)(1)(A) for 21 U.S.C. §841(b)(1)(B)." Id. at 36. The First Circuit held that

> the specification of a penalty provision for the underlying offense was ... not essential to the validity of the conspiracy count [and that the change] left the substance of the charge unaffected, [thus] the switch did not usurp the prerogative of the grand jury ... [and it] did not deprive the appellant of notice or otherwise mislead him to his detriment.

Id. at 37-38.

-10-

There may be cases in which a post-indictment change to the drug identified in the charge rises to the level of a material change but that is not this case. The discrepancy here is akin to a typographical error and despite the accusation of possession with intent to distribute cocaine (powder), the indictment was sufficient to apprise Dowdell of the nature of the crime charged against him, the need to prepare a defense and the maximum statutory sentence he would receive if convicted.

### ORDER

The government's motion to determine the acceptability of variance between the indictment and trial proof (Docket No. 38) is treated as a motion to amend the indictment to change the identified controlled substance from "cocaine" to "cocaine base" and, as so construed, the motion is **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: November 6, 2006