UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
            v.           )      CRIM. NO. 05-10078-NMG
                         )
DARRYL DOWDELL           )


GOVERNMENT'S RESPONSE TO SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF
DEFENDANT'S UNALLEGED BAD ACTS


At the status conference last Thursday, defense counsel indicated he was filing a supplemental memorandum in support of previously filed motions to keep the basis for undercover officer Jaoao Monteiro's identification of Darryl Dowdell as the person who sold him crack cocaine on July 16, 2001 from the jury.[1] Defense counsel also advised the court that the supplemental memorandum had been meticulously researched.

The reference memorandum has in fact been filed.  And it is carefully researched.

But it also carefully avoids the real matters at issue.  The

---

[1]    The underlying motions seek both to exclude any reference to the events of July 6, 2001, when Robert T.D. White pointed out dowdell to Monteiro as his accomplice "Smoke" and invited Monteiro to approach "Smoke" if he was not around.  See Motion in Limine Regarding Alleged Statements by Robert White as to Darryl Dowdell (July 17, 2006)(Docket 30); Motion in Limine Regarding Preclude the Government Introduction of Defendant Un-alleged Bad Acts as to Darryl Dowdell (July 17, 2006) (Docket 31).  In a matter in which the only issue will be identification, this evidence is a key to the government's case.

government's position on this evidence is based on: (I) that the events of July 6 are intrinsic to the charged offense in that they show the basis for Monteiro's identification and why Dowdell was willing to sell him drugs; and (ii) that White's statements, to the extent that they are hearsay at all, are admissible under FRE 801(d)(2)(E).

Notwithstanding this, the supplemental memorandum scrupulously avoids these issues. The most that the defendant can do on the intrinsic issue is to suggest that the government's argument is "subtle" and then simply pronounce that the evidence at issue "is anything but intrinsic; it is wholly extrinsic" with no explanation as to why. See Supplemental Memo at 6. The admissibility of White's statements under FRE 801(d)(2)(E)(or why they are hearsay at all) is not even addressed.

The defendant can't have it both ways. On the one hand, his entire defense seems aimed (as it must be) on identification, i.e., that it wasn't Dowdell who sold Monteiro the crack. At the same time, he wants to keep from they jury evidence of why Monteiro's testimony is credible (i.e, that Dowdell was willing to sell him drugs precisely because he had prior dealings with him and White) and why his identification is reliable (that he, Monteiro had dealings with white and Dowdell *10 days earlier in which White had specifically pointed Dowdell out as the person who Monteiro should see if he was not around).*

-2-

Admissibility of the July 6 evidence is government by familiar principles that have nothing to do with Rule 404(b). The events of July 6 are intrinsic to the charged crime.  It is part of what the police did in order to make the drug buy from Dowdell and explains why Dowdell dealt with Monteiro without hesitation on July 16 (after Monteiro asked him where TD was) and then sold him drugs minutes later without any hesitation.  It also shows why Monteiro was able to identify Dowdell immediately. If the court keeps this critical evidence form the jury, it will thus deny them a critical part of the government's case.

The defendant's perfunctory treatment of these principles ignores cases like United States v. Fazal-Ur-Raheman-Fazal, 355 F.3d 40, 50 (1st Cir. 2004) (upholding introduction of evidence against 404(b) challenge because it was intrinsic to the charged offense).  Fazal-Ur-Raheman-Fazal was a international parental kidnaping case in which the trial court (Saris, J.) admitted evidence of threats made by the husband-defendant months before the charged kidnaping took place.  The First Circuit affirmed the admission of this evidence over a 404(b) challenge.  It did so because it recognized that the incidents at issue were "not being introduced as evidence of [the defendant's] character for violence or criminal propensity; rather, it was being introduced as part of ... [the] necessary description of the events leading up to the crimes and as intrinsic evidence of an element of the

-3-

charged offense...." 355 F.3d at 50.  <u>See also</u> <u>United states v.</u>
<u>Epstein</u>, 426 F.3d 431 (1st Cir. 2005) (affirming admission of
evidence alleged to be prior bad acts because trial judge
"properly allowed the evidence as intrinsic to the crime and not
governed by Rule 404(b)").

So too here. In order for the jury to understand what
happened here and why Monteiro's testimony makes sense (and why
his identification is credible), it needs to know about the
events of July 6.  The video at issue is the best available
evidence of that and the government should be entitled to use
it.[2]

Even if the evidence were analyzed under Rule 404(b), it is
still admissible on any number of grounds.  For example, even the
defendant concedes that the "remoteness in time" is important
factor under 404(b).  Supplemental Memo at 9.  Here, the events
are separated from the charged offense by only 10 days.  <u>Compare</u>
<u>United States v. Varoudakis</u>, 233 F.3d 113 (1st Cir. 2000) (events
at issue were 16 months old).  In addition, the events here have
critical relevance because they establish the basis for the
relationship between Monteiro and Dowdell. <u>See</u> <u>United States v.</u>
<u>Escobar-DeJesus</u>, 187 F.3d 148, 169 (1st Cir. 1999).  And,

---

[2]    To the extent that the defendant complains about any
specific portions of the video, the Court should be aware that
the government added to the videos at the request for predecessor
counsel subject of course to the objections made here.

contrary to the defendant's assertion, this basis for the admissibility of evidence on this basis is not affected by the absence of a conspiracy charge. United States v. Tse, 375 F.3d 148, 156 (1st Cir. 2004) (affirming admission of other drug transaction over 404(b) objection even though no conspiracy was charged; "Tse argues that, because he was not charged with conspiracy, his collaboration with other parties is not at issue. We disagree"). Finally, the evidence is admissible because it is essential to corroborate Monteiro's identification testimony, which, as set forth above, is the critical issue in this case. See United States v. Figueroa, 976 F.2d 1446, 1454 (1st Cir. 1992)(rule 404(b) permits introduction of evidence for purely corroborative purposes on matters "significant to the government's case").

The defendant makes no effort to even question the admissibility of White's statements under FRE 801(d)(2)(E). See Government's Opposition to Motion in Limine Regarding Taped Statements Made by Robert White (August 31, 2006) (Docket 39). Even if he did, the statements of which he complains involving White's reference to Dowdell as his associate and as "Smoke," are also non hearsay in nature because they are independently admissible not for the truth of the matter asserted but to show their effect on Monteiro and thus that he had good reason to focus on Dowdell. United States v. Meserve, 271 F.3d 314, 319-20

(1st Cir. 2001) (testimony not offered to prove the truth of an out-of-court statement, but instead offered to provide relevant context or background, is not considered hearsay).

## <u>CONCLUSION</u>

Based on the foregoing, the government respectfully requests that the defendant's motion in limine be denied.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney


              By:   <u>/s/John A. Wortmann, Jr.</u>
_____   JOHN A. WORTMANN, JR.
                    Assistant U.S. Attorney