UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

*UNITED STATES OF AMERICA*

    *v.*                                                 Case No. 1:05-cr-10078 NMG

*Darryl DOWDELL,*
       *Defendant.*

## SUR-REPLY

Preliminary

Defendant DARRYL DOWDELL offers this memorandum as a sur-reply to the government's opposition papers of today's date (Doc. 80) and in support of prior counsel's motions *in limine* to exclude the hearsay statements of Robert White (Doc. 30) and prior bad act evidence of Mr. Dowdell's presence in the vicinity of prior drug transaction (Doc. 31).

ARGUMENT

THE GOVERNMENT HAS NOT MET THE PETROZZIELLO
FOUNDATIONAL REQUIREMENT FOR ADMISSION

The government criticizes defendant's statement of the law for omitting discussion of FRE Rule 801(d)(2)(E) in defendant's discussion of the unfair prejudice created by playing the tape of Robert White selling drugs to TFA Monteiro on July 6, 2001.  The government argues as though a hearsay statement were always admissible and not subject to rules concerning prior bad acts, relevancy and unfair prejudice - a proposition the defendant believes to be unsupported in the law of this or any other Circuit.  Assuming for the sake of argument only that rules about relevancy and unfair prejudice did somehow not apply to co-conspirator statements, the White hearsay would

still not be admissible because it does not have a sufficient foundation under *Petrozziello*.

Court of Appeals has recently explained the governing law in the area of Rule 801(d)(2)(E) in *Piper*:

> ….Hearsay evidence ordinarily is inadmissible in criminal trials. Like most general rules, however, that rule is subject to certain exceptions. One such exception allows an out-of-court statement made "by a coconspirator of a party during the course and in furtherance of the conspiracy" to be offered into evidence against that party. Fed. R. Evid. 801(d)(2)(E). To invoke this exception, "[t]he proponent of the statement bears the burden of establishing, by a preponderance of the evidence, that a conspiracy embracing both the declarant and the defendant existed, and that the declarant uttered the statement during and in furtherance of the conspiracy." *United States v. Bradshaw*, 281 F.3d 278, 283 (1st Cir. 2002) (citation and internal quotation marks omitted), petition for cert. filed (June 25, 2002) (No. 02-5015). The first half of this two-part requirement demands the introduction of extrinsic evidence; coconspirator statements are not deemed self- elucidating, and to ensure admissibility the proponent must present other evidence sufficient to delineate the conspiracy and corroborate the declarant's and the defendant's roles in it. See *United States v. Sepulveda*, 15 F.3d 1161, 1181-82 (1st Cir. 1993); see also Fed. R. Evid. 801(d)(2)(E) (providing that the contents of the proffered hearsay statement, standing alone, are insufficient "to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered").
>
> This foundational requirement is satisfied as long as the government proffers sufficient evidence to establish, by a preponderance of the evidence, the existence of a conspiracy embracing both the declarant and the defendant. *Sepulveda*, 15 F.3d at 1180; *Petrozziello,* 548 F.2d at 23. The trial court acts as the gatekeeper; it bears the responsibility for resolving the question of whether evidence proffered under Rule 801(d)(2)(E) satisfies these criteria. See Fed. R. Evid. 104(a) (explaining that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court"); see also *Earle v. Benoit*, 850 F.2d 836, 840-41 (1st Cir. 1988).

*United States v. Piper*, 298 F.3d 47 (1st Cir. 07/26/2002).

## POINT II:
## NOT INTRINSIC

The government characterizes defendant's argument as superficial that the White

evidence is intrinsic to the crime charged and therefore must be admitted. It argues from cases like Fazal in which the defendant's own threats to kidnap were admitted against him. Government's Memorandum, p. 5 (Doc. 80). *United States v. Fazal-Ur-Raheman-Fazal*, 355 F.3d 40, 50 (1st Cir. 2004). The argument about intrinsic does not fairly apply in these circumstances. Robert White describes "Smoke" as White's cousin (Dowdell is not White's cousin) and the person to contact to find White if White is not available. That kind of information is very different from what persuaded the First Circuit in *Fazal* that a defendant's prior threats against the victims were intrinsic evidence of the crime. As the First Circuit reasoned in Fazal:

> Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, the district court supportably treated the evidence of Raheman's threats as relevant because, as stated above, it tends to show that Raheman intended to deprive Ali of her parental rights. Specifically, Ali's testimony as to the nature of the marriage and the manner in which it dissolved (including the threats) provided a glimpse into Raheman's otherwise internalized state of mind, thereby assisting the jury in understanding the motivating factors behind Raheman's decision to kidnap the children. From this evidence, the jury easily could have inferred that Raheman held a great deal of animus towards Ali, that (should she take any action) he intended to punish her, and that, by kidnapping the children, he accomplished his goal.

*Fazal, id.*

## POINT III:
## ALTERNATIVES

The government has suggested that prior counsel has somehow agreed to the admission of the July 6, 2001 tapes of Robert White. If so, this is not accurate. Prior counsel and this counsel have worked to make the progress of a trial orderly and have

prepared for the contingency that the Court might admit the July 6, 2001 video tapes. There is no indication in the record that any of defendant's motions in limine (Docs. 30 - 33) have been withdrawn.

Present counsel has suggested that there are useful alternatives to playing a tape of Robert White buying drugs from TFA Monteiro, such as Mr. Monteiro's own limited testimony about prior drug dealings in the area and even sections of the tapes themselves in transcripts. The government is of course entitled to offer evidence supporting its identification of the defendant as the suspect called "Smoke". It is not entitled to offer a tape of someone else selling drugs to an undercover officer implicating the defendant by hearsay. There are many alternatives to playing television of a drug dealer "fingering" the defendant. For instance the government may be able to offer kind of evidence used in Court before television became ubiquitous such as edited transcripts of the KEL transmissions and the agents' testimony.

The issues raised by defendant's motions in limine can be answer by use of this Court's power to pair down the evidence and use limiting instructions. As counsel has mentioned, the First Circuit cited these methods with approval in Smith. *US v. Smith*, 292 F.3d 90 (1 Cir. 2002). In *Smith*, the trial had court carefully parsed the evidence at the pre-trial hearing and circumscribed the scope of the evidence the government could offer at trial.

CONCLUSION

For the reasons set forth above, defendant's motions (Docs. 30 & 31) should be granted.

Dated this 11th day of May, 2007 at Boston, Massachusetts.

>Respectfully submitted,
>DARRYL DOWDELL,
>By his Attorney,
>
> / s. /   Kevin L. Barron
>KEVIN L BARRON 550712
>25 CHANNEL CNTR ST 408
>BOSTON MA 02210-3416
>Tel. No. 617.737.1555
>Fax No. 617.517.7711
>Cellular 617.407.6837
>kevin.barron@mac.com