# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                                )
                                )
           v.            )      CRIM. NO. 05-10078-NMG
                                )
DARRYL DOWDELL         )

## GOVERNMENT'S MOTION TO STRIKE ALIBI DEFENSE

Ar 5:09 p.m on May 16, 2007, the defendant filed a pleading with the court entitled "Notice of Alibi." The notice was filed more than 8 months after the government's September 1, 2006 request,[1] and a week and a half before trial is scheduled to begin. The Notice failed to even acknowledge that it was being filed nine months late much less attempt to explain it. See Taylor, 484 U.S. at 415, 108 S.Ct. at 656 (trial judge may insist on and evaluate party's explanation for its failure to provide timely notice).

To make matter worse, the "Notice" filed here also provided no information which will allow the government to even begin investigating the alleged defense. The only information contained in the Notice is that "in and around the times of the alleged

---

[1] The government made a Request for Alibi on September 1, 2006 directed to Dowdell's then counsel of record. The letter was sent by fax, received that day, and no response was received until yesterday. No claim has ever been made (nor could be made) that the notice was somehow defective or that it was notreceived as the fax transmittal says it was. See United States v. Leibowitz, 857 F.2d 373, 379 (7th Cir.1988) (where the indictment alleged that an offense took place "on or about" a certain date, the defendant is deemed to be on notice, for purpose of alibi defense, that the charge is not limited to a specific date).

offense" the defendant was allegedly with a Shirley Green "in Franklin Park preparing for a cookout or picnic." Defense counsel then purports to give 35 Wildwood Street as Green's "last known address" and admits that he does not even have the alibi witnesses telephone number.

Efforts to obtain information about the alleged alibi witness have been fruitless because it appears that defense counsel has no more information. To date, the government has only been able to ascertain that 35 Wildwood Street in Roxbury is an "undeliverable address" and there is no one by the name of Shirley Green associated with it. Nor has the government been able to identify a Shirley Green at the proffered address using other criminal history or other databases. It thus is unable to respond to the Notice much less be able to adjust its case.

## DISCUSSION

Rule 12.1(a) of the Federal Rules of Criminal Procedure provides as follows:

> Upon written demand of the attorney for the government stating the time, date, and place at which the alleged offense was committed, the defendant shall serve within ten days, or at such different time as the court may direct, upon the attorney for the government a written notice of the defendant's intention to offer a defense of alibi. Such notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

Rule 12.1(d) gives a district court the power to impose

sanctions for failure to comply with the requirements of the
Rule:

> Upon the failure of either party to comply with the
> requirements of this rule, the court may exclude the
> testimony of any undisclosed witness offered by such party
> as to the defendant's absence from the scene of the alleged
> offense. This rule shall not limit the right of the
> defendant to testify.

Although a defendant's right to present witnesses and
evidence in his own defense is fundamental, it is not absolute.
See Taylor v. Illinois, 484 U.S. 400, 414 (1988). A court may
apply notice-of-alibi rules (see Williams v. Florida, 399 U.S.
78, 83 (1970)) and preclude testimony as a sanction for
defendant's failure to comply. See Taylor, 484 U.S. at 416. In
determining whether exclusion is appropriate, the court should
consider several factors, including "the integrity of the
adversary process, which depends both upon the presentation of
reliable evidence and the rejection of unreliable evidence, the
interest in the fair and efficient administration of justice, and
the potential prejudice to the truth-determining function of the
trial process." Id. at 414-415. If these factors outweigh the
defendant's interest in presenting alibi testimony, the court may
properly exclude such testimony. See United States v. Levy-
Cordero, 67 F.3d 1002, 1013 (1st Cir. 1995).

In this case, the fact that defense counsel failed to
respond to the September 1 Notice of Alibi Request and that
defense counsel doesn't even know how to contact the alleged

3

alibi witness strongly suggests that it was not Attorney Baron
who is responsible for the belated and unreasonable disclosure.
Rather, the recoerd suggests that it was Defendant Dowdell who
withheld this information until the eleventh hour from to secure
some tactical advantage.  Dowdell's failure to comply with Rule
12.1 justifies exclusion of his alibi witness[2] (whoever she is)
as the only appropriate remedy.  The fairness of the adversarial
process is not compromised but rather furthered by ensuring that
all parties to litigation comport with established rules.
Penalties for violation of such rules are therefore warranted.

In this case, of course, it is not merely the timing of the
notice but its facial inadequacy that compels the court to
exclude.  Even if there was some conceivable justification for
Dowdell to wait until the eve of trial to spring an alibi
defense, his failure to provide the most basic information about
the witness cannot be excused.  Dowdell should not be entitled to
manipulate the system in this way and exclusion is the only way
that the court can fairly stop him.

Another factor to consider in ordering excludsion is the
patent unreliability of evidence.  Alibi testimony offered at
the last minute is presumed to be less reliable. "There is

---

[2]    The provisions of Rule 12.1(d) specifically provide
that a recalcitrant defendant's alibi witnesses may be excluded,
but the defendant himself may still offer the alibi defense if he
wishes to take the stand.

something suspect about a defense witness who is not identified until the 11th hour has passed," <u>Taylor</u>, 484 U.S. at 414.  By contrast, "the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate." <u>Id</u>. at 412; see also <u>Williams v. Florida</u>, 399 U.S. 78, 81 (1970).  The defendant's notice of alibi, presented to the government less than two weeks before trial, should therefore be excluded.

Any excuse the defendant can proffer for the untimely nature of the Rule 12 notice should be treated with equal suspicion, because "[d]efendants who are willing to fabricate a defense may also be willing to fabricate excuses for failing to comply with a discovery requirement." <u>Taylor</u>, 484 U.S. at 413. Even if whatever explanation may be forthcoming does not rise to the level of wilfulness, that still should not change the result here.  <u>See United States v. Johnson</u>, 970 F.2d 907, 911 (D.C. Cir. 1992) ("any requirement of bad faith as an absolute condition to exclusion would be inconsistent with the <u>Taylor</u> Court's reference to trial court discretion and its extended discussion of the relevant factors").[3]

---

[3]  The suspect nature of the alibi offense in this case is buttressed by the fact that this matter almost began trial in September without any hint of an alibi defense.  The fact that experienced defense counsel, who aggressively handled the case and received the government's Notice, never responded to it, never identified Ms. Green as a prospective defense witness and never made any preparation to mount an alibi defense (by, for example, identifying the witness, providing appropriate jury instructions, or responding to the specific request served upon

Nor can the defendant benefit from the fact that it was he, and not his attorney, who withheld the requested alibi notice. "Taylor expressly holds that exclusion may be applied against a defendant who was not personally involved in his counsel's misconduct...so surely it must be permissible in the opposite situation, where it is the defendant...who has acted trickily." See United States v. Johnson, 970 F.2d 907, 911 (D.C. Cir. 1990)(internal quotes and citations omitted).  However, Taylor does not require "bad faith" as an absolute condition for the exclusion of alibi testimony.  Id.  Similarly, in United States v. Cervone, 907 F.2d 332, 346 (2nd Cir. 1990), the court excluded testimony not on grounds of bad faith, but for procedural reasons: "[P]rocedural rules for adversary process limit defendant's right to present exculpatory evidence."

Discovery devices, such as notice-of-alibi rules, are "a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system." See Wardius v. Oregon, 412 U.S. 470, 473-473 (1973).  The purpose of requiring litigants to disclose prospective evidence and witnesses is to "minimize[] the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony."  See Taylor, 484 U.S. at 411-412.  The

---

them, only shows that no such defense exists and that Dowdell's present ploy is a fabrication.

6

integrity of the adversary system depends on "adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence" against the other party.  Id. at 410-411.  Because, Dowdell's obvious engineering of the grossly late and otherwise inadequate disclosure mocks these principles, the defendant's alibi witness should be excluded.[4]

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

                    By:   /s/ John A. Wortmann, Jr.
                          JOHN A. WORTMANN, JR.
                          ASSISTANT U.S. ATTORNEY
                          617-748-3207

---

[4] If, despite the clear indicators of wilful misconduct at work here, the Court does not decide now to exclude Dowdell's supposed alibi witness, it should nevertheless order Dowdell to immediately provide appropriate identifying information for his witness (including her correct address, DOB, current telephone number, and all exculpatory that would be required of the government under LR 116.2).  The Court should also order Dowdell to make his witness available to the government for interview concerning the substance of her testimony, the facts leading up to her being identified as an alibi witnesses, her relationship with Dowdell, and she should be required to immediately produce any and all Jenks, letters or other documents that she has received from Dowdell or that relate in any way to the supposed alibi. The Court should also allow the government to renew its motion to strike if the interview reveals further evidence that the alibi defense is a fabrication.  See United States v. Levy-Cordero, 67 F.3d 1002, 1015 (1st Cir. 1995). Finally, if it chooses to exclude now, the Court should also grant the government additional time within which to assess the alibi defense and to identify the witnesses it will offer to rebut Williams' alibi defense.

7