UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

*UNITED STATES OF AMERICA*

       *v.*                                        Case No. 1:05-cr-10078 NMG

*Darryl DOWDELL,*
       *Defendant.*

**MOTION TO IN LIMINE TO EXCLUDE POLICE REPORTS
WITH INCORPORATED MEMORANDUM OF LAW**

N O W  C O M E S  defendant, Darryl Dowdell, by counsel, and moves, respectfully, for an order *in limine* excluding the introduction by the government of police reports as a business or public records under FRE Rule 803. There is good cause for filing this motion late. The government wrote counsel on May 10 that its booking officer had no independent memory of the defendant's arrest booking.[1]  (Attached, Ex. A.) On May 16, 2007 the government wrote that it intends to put the July 16, 2001 booking report of defendant in evidence as a business record and attached a copy of the proposed.  (Attached, Ex. B.)

The information contained in the booking reports and the photographs is of importance to facts in issue and its admission without confrontation is highly prejudicial.

Rule 803 expressly prohibits what the government seeks to do here:

> Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial.  The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
>             \* \* \* \* \*
>
> (8) **Public records and reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A)

---

[1] This matter arose initially on May 10 before the May 14, 2007 status conference. Counsel did not believe then that the government would attempt the wholesale admission of a booking report as the May 16 letter confirmed.  Some of this information is highly prejudicial and irrelevant, for example, an entry reading "mental defect, dangerous".

> the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, ***excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel,*** or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

The government's attempt to introduce booking photographs and reports offends the right to confrontation and contravenes settled law in this Circuit.

> As a general rule, police reports are inadmissible in a criminal case when offered by the prosecution. *United States v. DePeri*, 778 F.2d 963, 976 (3d Cir. 1985), cert. denied, 475 U.S. 1110 and 476 U.S. 1159 (1986); *United States v. Grady*, 544 F.2d 598, 604 (2d Cir. 1976).

*United States v. Arias-Santana*, 964 F.2d 1262 (1st Cir. 1992). Under the law of this Circuit, information derived from police reports is inadmissible hearsay even when it is contained in otherwise admissible business or government records. See, *Manocchio v. Moran*, 919 F.2d 770 (1st Cir. 1990)(manslaughter conviction sustained; finding as harmless error that medical examiner's report contained police report information about cause of death; examiner's report not naming defendant)  In *Manocchio*, the Court cautioned in its dicta that while it found harmless error, such would not usually be the case. It noted that the incorporation of a police report's information as the cause of death

> "could be highly prejudicial…. and would almost certainly have to be based on a police report or similar extrinsic evidence. At very least, the medical examiner's presence might be needed for cross-examination on whether the finding of "homicide" rested on medical factors rather than police report hearsay."

*Manocchio, supra*.

Dated this 24th day of May, 2007 at Boston, Massachusetts.

>Respectfully submitted,
>DARRYL DOWDELL,
>By his Attorney,
> / s. /   Kevin L. Barron
>KEVIN L BARRON 550712
>25 CHANNEL CNTR ST 408
>BOSTON MA 02210-3416
>Tel. No. 617.737.1555
>Fax No. 617.517.7711
>kevin.barron@mac.com

CERTIFICATE

Counsel certifies he has caused this motion to be served on the parties through the CM/ECF of this District.  Dated this 22th day of May, 2007.

/s./ Kevin L. Barron