```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
                         )
         v.              )    CRIM. NO. 05-10078-NMG
                         )
DARRYL DOWDELL           )
```

**GOVERNMENT'S MEMORANDUM OF LAW SUPPORTING ADMISSIBILITY OF BOOKING SHEET AND PHOTOGRAPH AS BUSINESS RECORDS AND PUBLIC RECORDS UNDER FEDERAL RULE OF EVIDENCE 803**

At 1:30 p.m. on July 16, 2001 the government alleges that Darryl Dowdell sold crack cocaine to undercover officer Joao Monteiro of the DEA. The sale was captured on video (as were earlier dealings that Monteiro had with Dowdell). However, Dowdell's face is never clearly seen on the screen.

After the July 16, 2001 sale was complete, Monteiro (who saw Dowdell several times and will identify Dowdell as the a seller of the drugs) described Dowdell over the transmitter (and on tape) for the record and for the benefit of the other officers. He included in his description the fact that Dowdell was wearing a "blue checkered shirt."

Dowdell was arrested 3 ½ hours later on an unrelated warrant. The booking photograph taken that day shows that it is Dowdell and that he was wearing a blue checkered shirt, just as Monteiro described. See Booking Photo and Sheet attached as

Exhibit 1.[1]  The booking sheet was shown to Monterio that night and formed a basis for his identification and is admissible on that basis alone.  See Federal Rule of Evidence 801(d)(1) (defining statements that are *not* hearsay to include "one of identification of a person after perceiving him").  The defendant does not address this in his Motion.

The last time this case was prepared for trial, the defendant agreed to (but had not yet signed) a stipulation that the photograph was accurate in order to avoid having the jury learn of another arrest and another criminal charge that has no other relation to this case.  This time, no stipulation is forthcoming.[2]

The undersigned has spoken to the officer who arrested Dowdell at 5 p.m. on July 16, 2001.  Although he has notes of the arrest and will testify that both the arrest report and the booking sheet were prepared by him or in his presence at a time when the events were fresh in his mind and were prepared to reflect that knowledge correctly, (see Federal rule of Evidence

---

[1] Redactions have been made to this document to eliminate *any* unfair prejudice to the defendant.  The unredacted document was provided to the court yesterday.

[2] The fact that current defense counsel is unwilling to stipulate is not set forth herein as a criticism in any way.  The undersigned respects whatever decisions counsel believes are in his client's best interest and merely sets this fact out to explain why this issue did not arise when the case was last prepared for trial.

2

803(5), he no longer has any memory of the arrest. The government will therefore also be seeking to admit the booking photo and the booking sheet (with any prejudicial information like the basis for the 7/16 arrest redacted) as prior recollection recorded.

Apart from all this, the government believes that these particular documents are also independently admissible as public documents/business records without the need for any testimony from the officer. This basis for admissibility would obviate any need for the jury to hear evidence about the arrest on 7/16 and avoid any possible spillover.

As a general matter, the government concedes that standard police reports reflecting investigative matters are not admissible as public documents or business records. The body of law that has generated around this issue is based on the fact that police reports by their nature contain information that is evaluative, reflects the opinions of the officers, and raises confrontation issues.[3] See also United States v. Grady, 544 F.2d 598 (2d. Cir. 1976) ("In adopting this exception [to Rule 803(8)], Congress was concerned about prosecutors attempting to

---

[3] Business and Public records raise no Crawford issues. E.g.., United States v. Munoz-Franco --- F.3d ----, 2007 WL 1470655(1st Cir. 2007)("The Court in Crawford plainly characterized business records as 'statements that by their nature [are] not testimonial.'"); United States v. Feliz, 467 F.3d 227 (2d. Cir. 2006) ("public records are, indeed, nontestimonial under Crawford").

3

prove their cases in chief simply by putting into evidence police officers' reports of their contemporaneous observations of crime").

The booking sheet and photo at issue here are vastly different documents. They are admissible under 803(6) or (8) because they reflect routine, non-adversarial administrative procedures and are based on information from the defendant himself (rather than the impressions, conclusions or opinions of police officers such as those contained in normal police reports). The documents also authenticate the photograph of Mr. Dowdell as having been taken on 7/16 at 5.pm. As set forth above, the picture shows that he was wearing the very shirt described by Monteiro on the video of the crack cocaine buy several hours earleir. The booking sheet and the photograph are therefore admissible as an official record under 803(8)(public records or reports) or as business record under 803(6) records of regularly conducted activity).

   A. <u>Public Record</u>

Rule 80b(8) of the federal rules of Evidence states as follows:

> <u>Public records and reports</u>. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, *excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel*, or (C) in civil actions and proceedings and

4

>against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

(Italics supplied). As the rule makes clear, investigative reports that contain observations and conclusions of law enforcement officers are not admissible.

Based on the italicized language, the defendant has filed a motion asserting that this applies to every police record of what ever nature and also precludes any police record as qualifying as a business record as well.

The defendant is wrong. The scope of the exclusion for investigative reports in rule 803(8), simply does not documents reflecting routine procedures such as those involved here. Since the promulgation of the Rule 803(8) courts have repeatedly recognized that it was not intended to reach routine functions preformed by law enforcement officers.

As the court stated in <u>United States v. Orellano-Blanco</u>, 294 F.3d 1143, 1150-51 (9th Cir. 2002):

>The Federal Rule expressly makes an exclusion to the exception for police reports and the like: "excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel." In criminal cases, the public records hearsay for which an exception to inadmissibility is made is limited to "records of routine, nonadversarial matters made in a nonadversarial setting," reflecting "ministerial, objective observations." It does not apply to the subjective observations, summaries, opinions and conclusions of law enforcement personnel.

<u>See also</u> <u>United States v. Grady</u>, 544 F.2d 598 (2d. Cir. 1976) ("In adopting this exception [to Rule 803(8)], Congress was

concerned about prosecutors attempting to prove their cases in chief simply by putting into evidence police officers' reports of their contemporaneous observations of crime").[4]

The principles have previously been applied to booking materials and hence the reportand photograph at issue should be admitted on this basis. E.g., United States v. Koon, 143 F.3d 408 (8th cir. 1998)(affirming admission of booking report as a record from a public office); United states v. Brown, 9 F.3d 907, 911 (11th Cir. 1993) (admission of property receipt prepared in connection with booking process; receipt was reliable because police had no incentive to do anything but record reliable information; court noted that many courts have drawn a distinction between police records prepared in a routine, non-adversarial setting and those resulting from a more subjective investigation and evaluation of a crime); United States v. Quezada, 754 F.2d 1190, 1194 (5th Cir.1985) (in admitting warrant of deportation, court as public record/business record, court noted: "In the case of documents recording routine, objective observations, made as part of the everyday function of the preparing official or agency, the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present. Due to the lack of any motivation on the

---

[4] This is clearly not what is at issue here.

part of the recording official to do other than mechanically register an unambiguous factual matter ..., such records are, like other public documents, inherently reliable." See generally Weinstein's Federal Evidence, section 803.10 and cases cited therein.[5]

The principles plainly apply here. The function of the booking procedure is to take basic biographical information form the defendant and the arresting officer, and take a photograph to ensure that the defendant is properly identified for the benefit of all. The camera that took the defendant's picture on 7/16 had no incentive or ability to do anything other than to record what was in front of it. Because all of the requirements of admissibility and reliability are met, the document should be admitted as a public record without the need for any further testimony. This is particularly so where the accuracy and the timing of the photograph is independently corroborated by the description given by Monteiro on tape. Compare also United States

---

[5] See also United States v. Gilbert, 774 F.2d 962, 965 (9th Cir.1985)(admitting criminologist's notations on a fingerprint card because examination of a latent fingerprint was routine and "ministerial, objective, and nonevaluative."; United States v. Wilmwer, 799 F.2d 495 (9th Cir. 1986(calibration report of a breathalyzer maintenance operator is a routine act far removed from the adversarial nature of the on-the-scene investigative report of a crime by a police officer whose perceptions might be clouded and untrustworthy); United States v. Hernandez-Rojas, 617 F.2d 533, 535 (9th Cir. 1980)(law enforcement exception is inapplicable to an immigration officer's notation in a warrant of deportation.)

v. Trenkler, 61 F.3d 45 (1st Cir. 1995) (recognizing that not all police records are excluded under Rule 803(8).

The few cases cited by the defendant in his motion are plainly consistent with these principles. The observations by a medical examiner in Mannocio v. Moran, 919 F.2d 770 (1st Cir. 1990) are exactly the kind of non routine evaluative conclusions that should not be admitted. This is grossly different from the basic biographical information contained in the booking sheet and the photograph.

    B.  Business Records Exception

The defendant does not address the business records exception at all. And with good reason. As set forth above, the documents at issue are not evaluative police reports, but reflect simple administrative procedures. Because the certificate from the Boston Police Department satisfies the requirements of Rule 803(6), the document, as redacted, is admissible on this basis as well. E.g., United States v. Rose, 562 F.2d 409 (7th cir. 1977)(booking record admitted as business record); Johnson v. Renico, 314 F.Supp.2d 700 (E.D.Mich.,2004) (admission of booking information sheets in criminal trial under business records statute was not error); United States v. Abell, 586 F.Supp. 1414 (D. Maine 1984) (notation on booking card admitted under 803(6)). See also State v. Messer, 2005 WL 1201343 (Ohio App.) (affirming admission of booking sheet into evidence to establish

individual's age); State v. Hines, 87 Wn.App. 98, 101, 941 P.2d 9 (1997) (jail record at issue was a routine booking sheet that included, among other routine information, the social security number, telephone number, address, height, weight exactly the kind of record contemplated by business records statute); Lopez v. State, 2005 WL 1405734 (Tex App. 2005) (arrest record and booking photo admitted as business record).

The defendant has focused on rule 803 to attack the admission of this routine evidence. Although there are alternative paths to admission, these are the simplest and the ones that may avoid needless testimony and possible juror confusion. The documents (the redacted booking sheet and the booking photograph) are admissible under either 803(6) or 803(8) and the court should so rule.

Once again, the government also reiterates its willingness to stipulate to the admission of the photograph as a true and accurate picture of Dowdell taken on 7/16/01 at 5 p.m. so as to avoid any reference to the fact that Dowdell was arrested on that date.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    UNITED STATES ATTORNEY

By: /s/ John A. Wortmann, Jr.
    JOHN A. WORTMANN, JR.
    Assistant U.S. Attorney
    One Courthouse Way
    Boston, MA
    (617) 748-3207

# CERTIFICATE OF AUTHENTICITY
## OF
## BUSINESS RECORDS

I, __Jennifer A Farrell_____, attest that:

    1. I am employed by __Boston Police Department__. My official title is __Manager -Forensic/Criminal Records__ I have been appointed the keeper of the attached records.

    2. Each of the records attached to this certificate of Authenticity is the original or a duplicate of original records in the custody of __Boston Police_____. The documents can be described as follows: _____
__Arrest Booking 01-02122-02 Primary Image Sheet, Mugshot Form__
__Subject Darryl Dowdell DOB 03-25-78   BPD CR# 147643-93__.

    3. I further state that:

    A) all of the attached records were made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

    B) these records were kept in the course of a regularly conducted business activity; and

    C) it was the regular practice of this business to make such records.

    I certify that the foregoing is true and accurate to the best of my knowledge and belief.

Executed on   __5-16-07__
              Date

                                          Signature

Location



# Boston Police Department
## Arrest Booking Form

**District:** 02    **UCR Code:** 0300
**Court of Appearance:** Roxbury District Court
**Master Name:** DOWDELL, Darryl M    **Age:** 23
**Location of Arrest:** 180 Ruggles St., Roxbury

**Booking Name:** DOWDELL, Darryl M
**Alias:** DOWDY, Darryl
**Address:** 650 Columbus AV #324, ROXBURY MA US



**Charges:**
[redacted]

*CERTIFIED COPY - Boston Police Department Records Unit*

**Booking #:** 01-02122-02    **Incident #:** 010100544    **CR Number:** 147643-93
**Booking Date:** 07/16/2001 17:16    **Arrest Date:** 07/16/2001 17:00    **RA Number:**

| | |
|---|---|
| **Sex:** Male | **Height:** 5'10 |
| **Race:** Black Non-Hispanic | **Weight:** 180 lbs |
| | **Build:** Muscular |
| | **Eyes Color:** Brown |
| | **Hair Color:** Black |
| | **Complexion:** Dark Brown |

**Clothing Desc:** blue plaid shirt, white tshirt, blue pants, white sneakers

| | | | |
|---|---|---|---|
| **Arresting Officer:** | BHA | 00393 | Horan, John |
| **Booking Officer:** | BPD | 11322 | Hester, Wayne E |
| **Informed of Rights:** | BHA | 00393 | Horan, John |
| **Placed in Cell By:** | BPD | 11637 | Richard, Seth D |
| **Searched By:** | BHA | 00393 | Horan, John |

**Cell Number:**
**Partner's #:** 00346
**Unit #:**
**Trans Unit #:**



**Person Notified:**    JUVENILE INFORMATION    **Phone:**
**Address:**    **Relationship:**
**Notified By:**    **Juv. Prob. Officer:**    **Notified Date/Time:**

**Bail Set By:**    I Selected the Bail Comm
**Bailed By:**
**Amount:**

**BOP Check:** BHA  00393  Horan, John
**Suicide Check:**
**BOP Warrant:**
**BOP Court:**