UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

*UNITED STATES OF AMERICA*

    *v.*    Case No. 1:05-cr-10078 NMG

*Darryl DOWDELL,*
    *Defendant.*

**REPLY MEMORANDUM**
CONCERNING ADMISSIBILITY
OF POLICE BOOKING REPORT

Preliminary

Defendant DARRYL DOWDELL offers this memorandum in reply to the government's opposition (Doc. 95) to defendant's supplemental motion in limine. The government is asking for a ruling that will mean police booking reports are not hearsay. The prospect of such a ruling is untenable.

FACTS

The government appeared in Court at the May 24, 2007 pre-trial conference waiving a certified police record it said it intended to use to prove the identity of the defendant. The record itself is dated more than six months after it was allegedly created. The officer who arrested defendant, who took defendant's information and booking photograph on July 16, 2001, has no memory of the events at all. Even with proposed redactions, this "certified record" contains corroboration of field observations about the defendant's clothing, the defendant's picture with the date, time and place of arrest and other information. These are all critical facts for the trial.

The government acknowledged on record at the status conference and in the pretrial conference that trial of the case will place the identity of the defendant in issue.

1

There is nothing uncontested or routine about the particulars of defendant's identity or the time and place of his arrest or the type of clothing he was wearing when arrested.

Admission of this document would likely been seen as sufficiently prejudicial to fail harmless error testing. The government's principal witness, TFA Montiero, will likely testify that he saw "Smoke," however briefly, on July 6 and had contact with him (if only for seconds) on July 16, 2001 some six years ago. The government will attempt under *Petrozziello,* 548 F.2d at 23, to corroborate its identification with the hearsay statements by the alleged co-conspirator Robert White that his "cousin" or "Smoke" pointed out the defendant on July 6, 2001.[1] It will be apparent at trial that Task Force Agents did not establish defendant's identity in the field through the use of a routine investigative technique called an "FIO" ("Field Interrogation Observation"). Much information has been lost with the passage of time. (The delay is not attributable to the defendant; the government did not indict until four years after the alleged conduct.) Now at trial, the Agent's memory about the particulars of the identification has faded - e.g., who presented the photo and how it was that a photo of the defendant was presented to the agent for identification.

Counsel asks the Court to note counsel exception to the government's repeated references to prior counsel's willingness to stipulate to the admissibility of booking

---

[1] It is doubtful that the government can fairly meet the Petrozziello standard where July 6 observation revealed no drug activity by "Smoke". The drugs were clearly obtained from others - not "Smoke" - on both July 6 buys, once from the man with a bicycle and the second time from the White Honda with New Bedford registration. Co-conspirator hearsay is not self-authenticating. See, *United States v. Sepulveda*, 15 F.3d 1161, 1181-82 (1st Cir. 1993); see also Fed. R. Evid. 801(d)(2)(E) (providing that the contents of the proffered hearsay statement, standing alone, are insufficient "to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered").

2

photographs. Counsel's review of the file reveals no such stipulation and his discussion this ten o'clock this morning with Victoria Bonilla confirms that no such stipulation was ever reached. The government also makes a tactical reference to the compromise it says is offering the defense[2]. (Doc. 95, p. 9.) The government continues to mention its negotiations with prior counsel while it says, in the same breath, that counsel is entitled to try the case according to his professional judgment. The government, like the defendant, takes risks going to trial. When the government insists on extracting a heavy price pointing the strength of its evidence, it must expect the defendant to press structural weaknesses in the government's proof.

Even if the Court were to rule in the government's favor, counsel notes that the information on the booking sheets is still unfairly prejudicial and subject to exclusion under FRE Rules 404(b) and 403. No such objections have ever been waived.

ARGUMENT

There is no law in this Circuit to support the government's argument. Ruling in the government's favor will undermine the certainty of a judgment in this case. The government recites Fifth, Eighth and Eleventh Circuit decisions (Doc 95, p. 6) in support of its argument, but all of them are unavailing. The facts of these cases do not compare to the case at bar and they are contrary to the rule of this Circuit (and probably the majority of jurisdictions).

The Government cites *United States v. Koontz*[3], 143 F.3d 408 (8th cir. 1998) as "affirming admission of booking report as a record from a public office". In reality,

---

[2] The proposed exhibit included more information than mentioned in the government's memorandum. For example, it contained the place and time of arrest.
[3] Cited as "*Koon*", Gov't Memo in Opposition, Doc. 95, p. 6.

3

*Koontz*, stands for the proposition - if it stands for anything at all in this Circuit - that the admission of the report was harmless error. There, the record of a booking report was offered to impeach a witness that he was in official custody on the date he claimed to be a witness. This is a wholly different collateral impeachment issue and not a proof of an element of the government's case. The defense offered defendant's son to testify about the location of a gun on a certain date. In rebuttal, the government offered a fax of a computer-generated booking report from the Polk County, Iowa, jail showing that an "Asian" person with the same name as the son's friend was in that jail at least six weeks before Mr. Koontz's arrest, was not released until more than a week after Mr. Koontz's arrest. The trial court admitted the booking report into evidence as a record from a public office., but apparently only for impeachment purposes *Id.*

Nor can the government rely on *United States v. Brown*, 9 F.3d 907,911 (11th Cir. 1993) (admission of property receipt prepared in connection with booking process to explain loss of gun to police error by officer's failure to classify gun as evidence and routine destruction). The issue was not squarely litigated and would have little precedential value even if it did speak to a contested area of the government's case in chief and not a collateral issue like the loss of evidence. As the Court noted: "At trial, however, Brown failed to raise this basis for his objection. Therefore, we review this issue on appeal only for plain error."

The government's principal argument seems to rest on language written by the Fifth and adopted by the Eleventh Circuit in *Quezada,* 754 F.2d at 1194. (Gov't Memo in Opposition, p. 6, Doc. 95.) *Quezada* rests on the premise that

> In the case of documents recording routine, objective observations, made as part of the everyday function of the preparing official or agency, the

> factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present.

*Id.* The notion has never been endorsed, however, as an exception to the hearsay rule, nor in any of the cases has the defendant raised the possibility that the right to confrontation was being abridged.

In the absence of far more compelling precedent, the three decisions cited in the defendant's memorandum require granting the defendant's motion to exclude the booking sheets. See, *Manocchio v. Moran*, 919 F.2d 770 (1st Cir. 1990)(harmless error because cause of death from police report repeated in coroner's report did not mention report and other evidence; indicating clearly that use of police report information is *proscribed*. The First Circuit has a clearly articulated interpretation of FRE Rule 803:

> As a general rule, police reports are inadmissible in a criminal case when offered by the prosecution. *United States v. DePeri*, 778 F.2d 963, 976 (3d Cir. 1985), cert. denied, 475 U.S. 1110 and 476 U.S. 1159 (1986); *United States v. Grady*, 544 F.2d 598, 604 (2d Cir. 1976).

*United States v. Arias-Santana*, 964 F.2d 1262 (1st Cir. 1992).

The government raises the business records or routine practices exception of Rule 803(8) citing it as another path for admission. Counsel did not address this argument because it is merely an attempt to make the same prohibited exception under another name. The government now cites an assortment of cases District Court or out-of-circuit cases, most more than twenty years old. These cases have no precedential value and are more limited in scope in any event than anything contemplated in the case at bar. For example, the government cites *United States v. Rose*, 562 F.2d 409 (7th Cir. 06/28/1977). This case, now thirty years old and from another circuit, was an 18 USC §922(h)

5

prosecution that the defendant possessed an interstate firearm after having been previously convicted of a felony. The certified booking record was apparently also a court record of the defendant's predicate felony conviction.

> Defendant claims that the photocopy of the original booking slip which was substituted for the original at the trial was not satisfactorily identified and should not have been admitted. Defendant made no timely objection to the substitution, and the photocopy was certified by the custodian who was available at trial for cross-examination. Defendant's belated claim is without merit.

## CONCLUSION

For the reasons set forth above, defendant's motion should be granted.

Dated this 25th day of May, 2007 at Boston, Massachusetts.

> Respectfully submitted,
> DARRYL DOWDELL,
> By his Attorney,
>
> /s./  Kevin L. Barron
> KEVIN L BARRON 550712
> 25 CHANNEL CNTR ST 408
> BOSTON MA 02210-3416
> Tel. No. 617.737.1555
> Fax No. 617.517.7711
> Cellular 617.407.6837
> kevin.barron@mac.com

6