UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| v.            ) | CRIM. NO. 05-10078-NMG |
| ) | |
| **DARRYL DOWDELL**        ) | |

**GOVERNMENT'S SUPPLEMENTAL AUTHORITY FOR VOIR DIRE REQUEST 5
REGARDING FORENSIC TELEVISION SHOWS**

In its original voir dire submission the government sought the following question 5 regarding juror familiarity with "forensic" detective shows such as "CSI:"

**5. If you are a regular viewer of forensic detective television shows such as CSI, will this affect the burden that you impose on the government in its proof?**

Since the filing of that voir dire, the government has further examined the basis for this request and searched for precedent involving its application. The government therefore offers the following authorities in support of the request that jurors be asked regarding the familiarity of such shows and whether the shows will affect the burden of proof they impose on the government or create an expectation that the government must introduce scientific evidence in this and other cases. See United States v. Harrington, 2006 WL 3024706 (11th Cir. 2006) (district court did not err by questioning jurors about whether they would be able to separate television shows from the facts of

the case and stating that there may not be "CSI" evidence presented to them); United States v. Morrow, 2006 WL 1147615, *17 (D.D.C. 2006) (court permitted discussion of CSI and potential impact on jurors during voir dire).  See generally Shelton, et al. "A Study and Juror Expectations and Demands concerning Scientific Evidence: Does the CSI Effect Exist?" http://law.vanderbilt.edu/journals/jetl/articles/vol9no2/Shelton.pdf ) (authors concluded that, although heightened juror expectation for scientific evidence could not be tied to any particular television show, "the law must become better at explaining why such evidence is not forthcoming"); Thomas, "CSI Effect: Fact or Fiction," 115 Yale L.J. Pocket Part 70 (2006) (discussion of case in Arizona in which foreperson convinced entire jury that police had done poor investigation based on what foreperson had seen on TV).

                                        _____
                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

                           By:   /s/ John A. Wortmann, Jr.
                                        JOHN A. WORTMANN, JR.
                                        Assistant U.S. Attorney
                                        One Courthouse Way
                                        Boston, MA
                                        (617) 748-3207