```
                    United States District Court
                      District of Massachusetts
_____
                              )
UNITED STATES OF AMERICA      )
                              )
          v.                  )    Criminal Action No.
                              )    05-10078
DARRYL DOWDELL                )
                              )
          Defendant.          )
_____)
```

**CHARGE TO THE JURY**

May 31, 2007

**MEMBERS OF THE JURY:**

You have heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. In any jury trial there are, in effect, two judges. I am one of the judges and you, collectively, are the other. It is my duty to preside over the trial and to determine what testimony and evidence are relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case. You, as jurors, are judges of the facts. But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you. When I have finished, you will begin your discussion with each other, what we call jury deliberations.

To help you understand and remember these instructions on the law, I will divide them into three parts: <u>First</u>, opening general

instructions intended to guide you throughout your deliberations; second, instructions about the Indictment and about the law that determines what the government has to prove in this case; and third, some additional general instructions about procedures during your deliberations.

These instructions are somewhat cumbersome, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction. So I ask you to do your best to stay with me.

## PART I

### GENERAL INSTRUCTIONS

All of my instructions are about the law you must apply. I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case.

The defendant is presumed to be innocent by law, and this presumption stays with him throughout the trial and your deliberations. The government has the burden of proving beyond a reasonable doubt that the defendant is guilty as charged. It is for you to decide whether, based upon the evidence before you, the

government has met its burden with respect to the charge against the defendant. You are the judges of the facts. Although the law allows a trial judge in this Court to comment on evidence, I deliberately do not do so and instead leave the fact-finding entirely in your hands. You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence. In order to know which fact disputes are important, you need to know what rules of law to apply. I have explained some of the rules to you during the course of the trial, and I will explain others to you now. The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you. A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them. This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who have the responsibility for deciding a case. If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because

any mistake I make on the law can be corrected on appeal. In contrast, your decision on disputed facts is final. That is, your findings on material disputed facts are not subject to appeal. You are the final and exclusive judges of the facts.

Under your oath as jurors, you cannot allow consideration of the punishment which may be imposed upon the defendant, if convicted, to influence your verdict or enter into your deliberations in any way. In addition, you cannot allow considerations of sympathy for the defendant or for the government to influence your verdict or enter into your deliberations in any way. It would be improper for you to allow any feelings you might have about the nature of the alleged crime to interfere with your decision-making process.

You are not to be swayed by bias, prejudice, sympathy or antagonism. Rather, your function is to find the facts fairly and impartially, on the basis of the evidence. The evidence in the case consists of all exhibits received into evidence, all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. Statements and arguments of counsel are not evidence in the case. Any evidence ordered stricken by the Court must also be disregarded. Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely. Your verdict must be based

solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts. An inference is a deduction or conclusion. An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence".

Testimony of a witness showing first-hand observation of a fact by that witness is direct evidence. For example, the testimony of an eyewitness just about what he or she saw is direct evidence. If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence. Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside. A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella. You may draw the inference from those circumstances that it is raining outside. That is what we call circumstantial evidence as opposed to direct evidence which

-5-

would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.  You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

Any inference that you draw from the facts proved must be a reasonable one and not merely conjecture or guesswork.  You might decide that you do not have a sufficient basis to decide what inference to draw.  It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference.  Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

At times during the trial you heard lawyers object to questions asked by another lawyer, and to answers by witnesses.  It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law.  Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine.  They should not

influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. And, if you heard an answer to the question before my ruling, you are to disregard it. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments to the lawyers, or spoken to a witness concerning the manner of his or her testifying. Do not assume from anything that I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### Note Taking

At the beginning of the trial, I instructed you about taking notes. I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent recollection of the evidence received in the case. Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

### Defendant's Constitutional Right Not to Testify

A defendant has a constitutional right not to testify and a right not to produce any evidence at all. No inference of guilt,

or of anything else, may be drawn from the fact that a defendant did not testify. In this case, the defendant has chosen to exercise his right not to testify. It would be improper and unfair for you to speculate as to the reason or reasons why he may have so chosen. You must not infer anything whatsoever from the defendant's decision not to testify and I specifically instruct you that during your deliberations you may not discuss this fact in any manner whatsoever.

## Credibility

An important part of your job as jurors will be deciding whether or to what extent you believe what each witness had to say, and how important that testimony was. You are the sole judges of the credibility of each witness. In deciding whether to believe a witness or how much weight to give a witness's testimony, you may consider anything that reasonably helps you to assess that testimony. The following are the kinds of questions you may want to consider in evaluating a witness's credibility. Did the person seem honest? Did he have some reason not to tell the truth? Did the witness have an interest in the outcome of the case? Did he gain any personal advantage by testifying in this case? Did the witness seem to have a good memory? Did the witness's testimony differ from his earlier testimony or from the testimony of other witnesses? Was the witness's testimony on cross-examination different than his testimony on direct examination? What was the witness's manner while testifying? These are some, but, of course, not all, of the kinds of things that will help you decide how much

weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

You have heard the testimony of law enforcement officials in this case.  The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  An officer who takes the witness stand subjects his testimony to the same examinations and the same tests that any other witness does.  In the case of law enforcement officers, you should not believe or disbelieve them merely because they are law enforcement officers.  You should recall their demeanor on the stand, their manner of testifying, and the substance of their testimony, and you should weigh and balance it just as carefully as you would of any other witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met.  Weight does not mean the amount of the evidence.  Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists.  Two or more witnesses may see or hear things differently.  Innocent misrecollection, like failure of recollection, is a common experience.  In weighing the

effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony merely because it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for whatever reason, that a witness's testimony is not worthy of belief. You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

### **Tapes and Transcripts**

During the course of the trial you heard several conversations that were recorded. This is proper evidence for you to consider. While the transcripts in the binder were marked as exhibits, remember that they were prepared from the audio and video tapes themselves to help you understand what is said on the tape. Based on the evidence before you, if you believe, at any point, that the transcript reports something different from what you hear on the tape, you should be guided by what you hear on the tape and not by what you see in the transcript.

### **Expert Testimony**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

The mere fact that a witness is allowed to testify as one having specialized knowledge or experience does not indicate that

-10-

you must believe that testimony. Nor should you substitute the expert's testimony for your own reasonable judgment and common sense. You may accept or reject such testimony. The credibility of each witness is for you to determine.

The law allows a person having specialized knowledge or experience to state an opinion in court about matters in that person's particular field. The fact that such a witness expressed an opinion does not mean, however, that you must accept that opinion. It is for you to decide whether the opinions expressed were mere speculation or guesses, which you should disregard, or were instead based on sound reasons, judgment and facts.

If you find that part or all of the opinion testimony was based on stated or unstated assumptions, and you further find that those assumptions are contrary to what you find on the evidence before you, then you will disregard any part of the opinion testimony that was based on assumptions contrary to your factual findings.

Your decision whether or not to rely upon opinion testimony by an expert witness will depend on your judgment about whether the witness's training and experience is sufficient for him to give the opinion that you heard. Additionally, in weighing the testimony, you should consider factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe and how much weight it should be given. You may accept all of it, part of it, or none of it, as you find appropriate.

### Witness Identification

Identification testimony is an expression of an opinion or belief by the witness. The value of the identification depends upon the opportunity that the witness had to observe the person who committed the crime at the time of the offense and the opportunity to make a reliable identification at a later time.

In judging the identification testimony of any witness you should consider at least the following questions:

1. Are you convinced that the witness had the ability and an adequate opportunity to observe the person who committed the crime charged? Whether the witness had an adequate opportunity to observe the person committing the offense at the time of the offense will be affected by many things, including the duration of the observation, the distance between the witness and the person observed, the lighting conditions and whether the witness knew the person from some prior experience.

2. Are you convinced that the identification by the witness after the offense was committed was the product of his own recollection? In making this determination you may take into account both the strength of the later identification and the circumstances under which the later identification was made. If

the identification by the witness was influenced by the circumstances under which the defendant was presented to him for identification, you should examine that identification with great care. You may wish to consider the amount of time that elapsed between the occurrence of the alleged crime and the later opportunity of the witness to observe the defendant.

    3.  Has the witness failed to identify the defendant on a prior opportunity or has the witness identified someone else as the person who committed the offense charged?  You should examine and consider the credibility of each witness making an identification in the same way as any other witness.  Again, the government carries the burden of proving the identity of Mr. Dowdell as the person who committed the crime charged in the indictment.  The government must prove the identity of the defendant as the person who committed the crimes charged beyond a reasonable doubt.  If after examining the testimony, you have a reasonable doubt as to the accuracy of the identification, you must find Mr. Dowdell not guilty.

## **Burden of Proof**

    The defendant in a criminal case is presumed to be innocent. This presumption is a fundamental part of our legal system and remains with the defendant throughout all stages of the trial and during your deliberations.  It is not overcome unless, from all of the evidence in the case, you are unanimously convinced, beyond a reasonable doubt, that the defendant is guilty of the charge.

The fact that the defendant has been charged with a crime is not in any sense evidence against him. An indictment is merely a formal way to bring a defendant before the court and to inform him of the charges. It is not evidence.

There is never any burden on a defendant in a criminal case. The law does not require the defendant to prove his innocence or to produce any evidence at all. The burden of proof is on the government throughout the case. It never shifts to the defendant. If the United States fails to meet its burden of proof beyond a reasonable doubt, then you must acquit the defendant. However, if the United States meets its burden of proof beyond a reasonable doubt, then you have a similar responsibility to find the defendant guilty.

As I have said, the burden is upon the government to prove, beyond a reasonable doubt, that the defendant is guilty of the charge against him. This is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

It is not sufficient for the government to establish a probability, even if a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases, the law does not require proof that overcomes every conceivable doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to the charge against the defendant, you will return a verdict of guilty. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of the offense, you must give the defendant the benefit of the doubt and find the defendant not guilty. A defendant, of course, may never be convicted on suspicion or conjecture.

### **Consider Only the Crime Charged**

You are here to decide whether the government has proven beyond a reasonable doubt that the defendant is guilty of the crime charged in the indictment. Although evidence of other acts allegedly committed by the defendant may be considered by you in determining whether the government has met its burden of proof, the defendant is not on trial for any act, conduct or offense not

alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## PART II

Now I turn to the Indictment and the statutes on which it is based. The Indictment charges the defendant, Darryl Dowdell, with violating federal criminal law. Specifically, Count One charges Mr. Dowdell with knowingly and intentionally possessing with the intent to distribute and distributing cocaine base, a/k/a "crack cocaine" on July 16, 2001.

Mr. Dowdell has pled not guilty to that charge, and the government, therefore, must prove, beyond a reasonable doubt, all of the elements that are a part of the offense charged against him in the Indictment.

I remind you that an indictment is not evidence of any kind against the defendant. It is simply the formal method that our Constitution provides for charging someone with the commission of a crime. I will send a copy of the Indictment to the jury room with you to aid you in your deliberations.

You will note that the Indictment charges that the offense was committed "on or about" a certain date rather than "on" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly" (or any derivative thereof) means that the act was done voluntarily and intentionally and not because of mistake or accident. If the defendant acted in good faith, for example, that is a defense to the charge that he acted in a knowingly criminal manner. Direct proof of knowledge is almost never available. The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward conduct, his words, acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I will now explain the specific charge against the defendant. In this case, I will submit a specific question to you in a Verdict Form. First, I will summarize the claim and explain how to apply the law to that claim. At this time, my deputy clerk will distribute copies of the Verdict Form that you will have in the jury room and that I will refer to during the remainder of my instructions.

**[Distribute Verdict Forms and Read the Question]**

### Distribution of Cocaine Base
### [21 U.S.C. § 841(a)(1)]

Count One of the Indictment charges Darryl Dowdell with distributing cocaine base, a/k/a "crack cocaine", on or about July 16, 2001. It is against federal law to distribute, that is to transfer, controlled substances like cocaine base to another person.

For you to find the defendant, Mr. Dowdell, guilty of distributing cocaine base, you must be convinced that the government has proven the following three things, beyond a reasonable doubt:

<u>First</u>, that on or about July 16, 2001, Mr. Dowdell distributed cocaine base a/k/a "crack cocaine" to another person; and

<u>Second</u>, that on that date, he knew that the substance was an illegal controlled substance, such as cocaine base a/k/a "crack cocaine"; and

<u>Third</u>, that he acted intentionally, that is, that it was his conscious object to transfer the cocaine base to another person. It is not necessary that Mr. Dowdell benefited in any way from the transfer or made any money from the alleged transaction.

## PART III

### Procedures During Deliberations

When you go to the jury room to begin considering the evidence in this case, the foreman, Mr. Danahy, will assure that every juror is present during all of your deliberations and that all jurors, the foreman included, will have equal and full opportunity to participate in the deliberations. Once you are in the jury room, if you need to communicate with me, the foreman will send a written message to me. If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations to the extent you are able during the time it takes for me to respond to your question.

Do not stop your deliberations while you wait for a response. And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing. You are not to communicate with anyone other than me about the case, however, and then only in writing.

I have read to you what is called a verdict form. A verdict form is simply the written notice of the decision that you reach. You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your foreman fill in, date, and sign the original to state the verdict upon which you agree. You will then report, in writing to the marshal, that you have reached a verdict after which you will be invited to return with your verdict to the courtroom. Your verdict of not guilty or guilty must represent the individual verdict of each juror as to whether or not each element of the charge against the defendant is proved beyond a reasonable doubt. Your verdict must be unanimous.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberation again in the morning of the next regular court day.

It is not yet time for you to start deliberating. I will have a sidebar conference with counsel and you can be at ease for a few

minutes.  I will then have some brief final instructions to give you before you retire to deliberate.

**[SIDEBAR]**

**[Separate Alternate Jurors: Seats #13 (Ms. McCarthy) and 14 (Mr. Calvano)]**

Members of the jury, it is now time for the case to be submitted to you.  You may commence your deliberations.  All of you who are the jury must be together at all times when you are deliberating.  Whenever you need a recess for any purpose, your foreman, Mr. Danahy, may declare a recess.  Do not discuss the case during a recess in your deliberations.  All your discussion of the case should occur only when you are all together and your foreman has indicated that deliberations may proceed.  This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all of what other members of the jury have to say.

You may go to the jury room and may commence your deliberations.