UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

*UNITED STATES OF AMERICA*

    *v.*　　　　　　　　　　　　　　　　Case No. 1:05-cr-10078 NMG

*Darryl DOWDELL,*
    *Defendant.*

RENEWED MOTION FOR JUDGMENT OF
ACQUITTAL AT THE CONCLUSION
OF ALL THE EVIDENCE

NOW COMES, Darryl Dowdell, the defendant, and moves, respectfully, pursuant to F.R.Crim.P. Rule 29 for a judgment of acquittal on the grounds that the evidence presented is insufficient as a matter of law to support the indictments at the conclusion of all the evidence.

More specifically, the defendant submits as to each count of the indictment:

1.　　The evidence taken in the light most favorable to the government is insufficient for a reasonable juror to conclude that the government has identified Darryl Dowdell as the person who distributed cocaine base (also know as crack cocaine) on July 16, 2001 in violation of 21 USC §841(a)(1).

2.   The admission of hearsay statements by Robert White was unfairly prejudicial within the meaning of FRE Rule 403 and denied the defendant a fair trial. The video tape of Exhibits 3 & 4 showed Mr. White selling drugs to under cover Agent Monteiro and calling the suspect "Smoke" a cousin. The government made repeated use of the term cousin - even though the Court noted on the record of the motions in limine that there would be a limiting instruction concerning this term.

3.   The admission of the Robert White statements under FRE Rule 801(d)(1)(E) was not harmless error and denied Mr. Dowdell a fair trial. The evidence of the alleged conspiracy is based on the statement itself and hearsay statements of co-conspirators are not self authenticating. See, *United States v. Petrozziello*, 548 F.2d at 23 (1 Cir. 1987) and *United States v. Sepulveda*, 15 F.3d 1161, 1181-82 (1 Cir. 1993); see also Fed. R. Evid. 801(d)(2)(E).

4.   The admission of testimony by Jailer Moorecroft of the Essex County Sheriff's Department over defendant's objections was not harmless error and denied defendant a fair trial. The limited testimony offered by the government that the witness knew

defendant from his work at Essex County Administration was not a sufficient limitation on the testimony of the witness.  Observing said limitation prevented confrontation of the witness.  Defendant was forced to choose between confronting the witness and allowing prejudicial information in the record about defendant's continuing incarceration.  Had confrontation been unlimited, the defense would have developed questioning to show that defendant's nickname "Smoke" was as likely as not a product of the discussion of the case among inmates.  The Court's order simply allowed the government to determine the scope of confrontation - i.e., that the witness did not know the defendant at the time alleged in the indictment.  And even here the government anticipated the cross it had suggested to the defense by asking the same questions on direct.  The corroboration of the nickname was an essential corroboration of the government's case.

    5.    The Court erroneously limited the defendant's cross examination of Agent Monteiro in violation of the Sixth Amendment to the US Const.  Counsel had previously requested the Task Force Memorandum of Understanding from the government which the

3

government refused. Counsel questioned the Agent about various police manuals in order to show the jury that the agent had not followed procedure for establishing identity and the chain of custody of drug evidence. When counsel attempted to question on other manuals, like Boston Police Department, questioning was foreclosed. This agent was subject to Boston Police Department and Boston Housing Authority procedure. The Agent violated Boston rules for the chain of custody and the use of an evidence officer. The officer also violated the procedure for a Field Interrogation and Observation. The defendant's inability to develop this information cannot be found beyond a reasonable doubt to be harmless error.

6.   The Court's decision to deny defendant's motion in limine to exclude prior convictions for CSA and narcotics offenses was error and denied defendant a fair trial. The defendant's prior convictions carried a risk of prejudicing the jury such that defendant's could not reasonable decide whether to testify.

WHEREFORE, defendant prays for an order in form of the relief requested.

Dated this 6th day of June, 2007 at Boston, Massachusetts.

4

Respectfully submitted,
Darryl Dowdell, by his Attorney,

/s./ *Kevin L. Barron*

KEVIN L BARRON 550712
25 CHANNEL CNTR ST 408
BOSTON MA 02210-3416
Tel. No.     617.737.1555
Facsimile   617.517.7711
Mobile       617.407.6837
kevin.barron@mac.com

CERTIFICATE OF SERVICE

Counsel certifies that he has caused AUSA Wortmann to be served with a true copy of this motion today, June 6, 2007 by the CM/ECF of this District and that no party requires service by other means.

/s./ *Kevin L. Barron*

KEVIN L BARRON 550712

5