UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA** )
)
)
v. ) CRIM. NO. 05-10078-NMG
)
**DARRYL DOWDELL** )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR JUDGEMENT OF ACQUITTAL AT THE CONCLUSION OF THE EVIDENCE**

The government is in receipt of the defendant's Renewed Motion for Judgement of Acquittal at the Conclusion of the Evidence. For the most part, it is a rehash of arguments made during the course of the trial, which have been fully briefed and which have already been rejected by the court.

To the extent that these issues arise in the post-verdict context, the basis for denying the motion is even stronger given the rigorous standards that govern such motions. E.g., United States v. Hernandez, 218 F.3d 58, 64 (1st Cir. 2000)(defendant who challenges sufficiency of the evidence has a "high burden" and such motions must be denied "unless the evidence, viewed in the light most favorable to the government, could not have persuaded any trier of fact of the defendant's guilt beyond a reasonable doubt."); United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995)(in ruling on Rule 29 motion, trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor and must choose all plausible inferences

that "best fit the prosecution's theory"); <u>United States v. Mena-Robles</u>, 4 F.3d 1026, 1031 (1st Cir. 1993) ("We are mindful that the jury's duty is to assess credibility, and it may accept or reject, in whole or in part, any testimony.") <u>United States v. Valerio</u>, 48 F.3d 58, 63 (1st Cir. 1995) (to prevail on a claim of insufficient evidence a defendant must make a "formidable showing").  <u>See generally</u> <u>United States v. Connolly</u>, 341 F.3d 16, 22 (1st Cir. 2003) and cases cited therein (recognizing that a reviewing court must play "a very circumscribed role" in gauging sufficiency of the evidence and that a jury verdict can be disturbed only if it is based interpretations of the evidence that are unreasonable, insupportable, or overly speculative: "That is to say, we will reverse only if the verdict is irrational.") In seeking that the present motion be denied, The government relies on these principles in addition to all of the motions previously on file with respect to the arguments raised. <u>See also</u> Opposition to Motion in Limine Regarding Alleged Statements by Robert  White as to Darryl Dowdell (Docket 30); Opposition to  Motion in Limine Regarding Preclude the Government  Introduction of Defendant Un-alleged Bad Acts as to Darryl Dowdell (Docket 31); Opposition to Motion in Limine Regarding Preclude the Governments Introduction of Defendant's Prior Convictions as to Darryl Dowdell(Docket 33).

There is one aspect of the defendant's motion, however, that deserves additional comment. It is the subject matter of Deputy Morecroft's testimony. The defendant argues that he was denied a fair trial because of limitations that Morecroft's testimony placed on him and that "the defendant would have developed questioning to show that the defendant's nickname "Smoke" was as likely as not a product of the discussion of the case among inmates." See Rule 29 motion at 3.

Whatever the basis for the defendant's motion may be, the fact is that there was documentary support for Morecroft's testimony that was produced to the defendant and fully corroborated his testimony. Attached as Exhibit 1 is a report from Essex County identified Dowdell as "Smokey."[1] Had the defendant pursued the line of examination suggested, he would have been confronted with the report which fully corroborated Morecroft's testimony.

At one point during the trial, the defendant also indicated his intent to call Douglas Anderson as a witness on this issue. The defendant chose not to call Mr. Anderson after the government advised that Mr. Anderson had serious credibility issues. Those included a criminal record including convictions for social

---

[1] The report has been redacted by removing the name of the complaining inmate. In discovery, the defendant was provided with an unredacted copy.

security fraud and other crimes of dishonesty in this court, and that, by order dated 4/23/07, Chief Judge Wolf had ordered that Anderson "shall be evaluated immediately to determine whether he is a risk to himself and shall also be evaluated for such risk when he enters Bureau of Prisons custody." See April 23, 2007 Order in United States v. Anderson, Criminal No. 02-10099-MLW.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Renewed Motion for Judgement of Acquittal at the Conclusion of the Evidence be denied.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>UNITED STATES ATTORNEY
>
>By: /s/ John A. Wortmann, Jr.
>JOHN A. WORTMANN, JR.
>Assistant U.S. Attorney
>One Courthouse Way
>Boston, MA
>(617) 748-3207

10/24/05

To:    Deputy Jenkins
From:  Jonathan Campbell
Re:    ████████, Darryl Dowdell

    On 10/21/05 at approximately 4:00 p.m. I heard a radio transmission stating that there was a fight in the 240 D unit. Approximately five minutes later I was called on the radio and requested to report to the infirmary. When I arrived in the infirmary I was directed to a room where medical staff were treating Inmate ████████████). I asked ████ what happened and he stated that he was sitting at a table playing chess, when he felt hot liquid on his back and shoulder. He then stated that he turned and saw "Smokey" throwing the liquid at him. He then stated that he began to fight with "Smokey". I asked him who "Smokey" was and he stated it was Darryl Dowdell (p152856). I asked him what the fight was about and he stated that he had no idea. I then went to the 240 D unit and took pictures of the area where the fight occurred. In this are there was a small trash barrel that appeared to be dented and had blood on the bottom. Also there was a plastic cup, a shirt and a towel. There was also liquid on the floor as well as what appeared to be blood. On 10/24/05 I went to the infirmary and spoke with ████ and he stated that he wanted charges brought against Dowdell. I took pictures of ████'s injuries, he has burns on his neck, ear and back. End of statement.

*[signature]*

Jonathan Campbell